IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| In re ) | CIVIL ACTION NO. |
| COLONIAL BANCGROUP, INC. ) | 2:09cv104-MHT |
| SECURITIES LITIGATION ) | (WO) |

OPINION AND ORDER

The Underwriter defendants, joined by defendant PricewaterhouseCoopers, move to suspend all proceedings pending the court's ruling on the effect of Colonial BancGroup, Inc.'s bankruptcy on this lawsuit. The motion will be granted.

In considering whether to grant a stay, the moving party bears the burden of establishing its necessity. See Clinton v. Jones, 520 U.S. 681, 708 (1997). Where a proposed order for a stay is at issue, a court must take into account "the competing interests which will be affected by the granting or refusal to grant a stay ... [including] the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the

orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis v. North American Co., 299 U.S. 248, 254-255 (1936)).  See also Pl.'s Resp. at 3.  The plaintiffs in this case claim a delay would "disrupt the orderly course of justice and serve to complicate issues, proof, and questions of law."  Pl.'s Resp. at 4 (citations omitted).  Furthermore, the plaintiffs argue that an indefinite suspension places the plaintiffs in a state of "suspended animation."  Id.  In contrast, the movants assert that a suspension is necessary so as not to "thwart" the rationale behind a discretionary stay, which is at issue in this case, and insist that the plaintiffs "cannot possibly claim" to be prejudiced by such a "limited suspension."  Def.'s Mot. at 1.

    This court declines to engage in an extended analysis of the dangers of "justice delayed" in light of the

brevity of this contemplated suspension. Instead, recognizing that the court has the "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants[,]" the court determines that a limited suspension is warranted while it makes its decision as to the effect of Colonial BancGroup's bankruptcy. See CMAX, 300 F.2d at 268. However, this suspension applies only to the deadlines set forth in this litigation's overall scheduling order, as amended. As this suspension will hardly be "indefinite" and indeed of a very "limited" nature, the court finds that neither party will be harmed by this brief stay, while the court will be greatly aided by placing substantive decision-making in abeyance while it determines the bankruptcy matter.

It is therefore ORDERED that the Underwriter defendants' motion to suspend the proceedings pending the court's ruling on the effect of Colonial BancGroup's

bankruptcy (doc. no. 238) is granted as to the scheduling order (doc. no. 215), as amended.

DONE, this the 25th day of September, 2009.

                     /s/ Myron H. Thompson
                     UNITED STATES DISTRICT JUDGE