IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
In re                       )       CIVIL ACTION NO.
COLONIAL BANCGROUP, INC.    )         2:09cv104-MHT
SECURITIES LITIGATION       )              (WO)
```

OPINION AND ORDER

This case is before the court on the lead plaintiff's motion to lift the stay of discovery as to defendants Colonial BancGroup, Robert E. Lowder, Sarah H. Moore, and Brent T. Hicks, as well as non-parties BB&T Corporation and Taylor, Bean & Whitaker Mortgage Corporation (TBW), pursuant to the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-4(b)(3)(B). For the reasons that follow, the motion will be denied.

1. The motion is unnecessary as to Colonial BancGroup, as all actions, proceedings, and claims against it were automatically stayed pursuant to 11 U.S.C. § 362(a) of the Bankruptcy Reform Act of 1978, following the company's voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. As to Lowder, Moore, and Hicks, the lead plaintiff has not met its evidentiary burden under the PSLRA, which grants the court the discretion to lift the stay of discovery if it "finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. § 78u-4(b)(3)(B).  Based on the plaintiff's representations in its brief and on the record in court on November 18, 2009, the court finds that maintaining the stay will result in neither undue prejudice nor lost evidence.

First, the plaintiff argues that "the litigation landscape is shifting almost daily, and Lead Plaintiff[] will be severely prejudiced if they are unable to access the same information that the Company has and will produce to the government and other private litigants." Pls.' Br. at 3 (Doc. No. 201).  Courts have found undue prejudice where an automatic stay would prevent a plaintiff from making "informed decisions about their

litigation strategy in a rapidly shifting landscape," see In re LaBranche Securities Litigation, 333 F.Supp.2d 178, 183 (S.D.N.Y. 2004) (Sweet, J.), or when the plaintiff is "the only major interested party in the criminal and civil proceedings ... without access to documents that currently form the core of those proceedings." Id. (quoting In re Worldcom Inc., Securities Litigation, 234 F.Supp.2d 301, 305 (S.D.N.Y. 2002) (Cote, J)).  As to the latter circumstance, a plaintiff is more likely to incur prejudice when settlement negotiations are already underway.  See LaBranche, 333 F.Supp.2d at 182-83.  See also In re Odyssey Healthcare, Inc., 2005 WL 1539229 at *1 (N.D. Tex. 2005) (Godbey, J.) (rejecting the plaintiffs' request to lift the stay and noting that the movants "do not allege that any settlement negotiations are taking place and do not specify any claim that could be threatened in this case by a statute of limitations.").

Here, there are no on-going or impending settlement negotiations, and the mere imposition of a delay in the discovery process is not sufficient to establish undue prejudice.  See <u>In re Smith Barney Transfer Agent Litigation</u>, 2006 WL 1738078 at *2 (S.D.N.Y. 2006) (Pauley, J.) ("Undue prejudice does not arise from a delay in the gathering of evidence or the development of settlement or litigation postures.  This is because delay is an inherent part of every stay of discovery required by the PSLRA.") (internal citations and quotations omitted).  As the plaintiff has failed to show prejudice, the stay should "remain in place pending a decision on any motion to dismiss unless appropriate relief is sought and granted."  Order entered May 8, 2009 (doc. no. 123), at 4.

Second, the plaintiff asserts that because Colonial has been taken over by BB&T Corporation, "there is a distinct and real likelihood that evidence relating to the Complaint's allegations against Colonial will be

4

misplaced and/or inadvertently destroyed in the merger." Pls' Br. at 3.  However, a party alleging that discovery is necessary to preserve evidence must "make a specific showing that the loss of evidence is imminent as opposed to merely speculative." Sarantakis v. Gruttaduaria, 2002 WL 1803750 at *2 (N.D. Ill. 2002) (Nolan, M.J.) (internal citations omitted) (quoting In re CFS-Related Sec. Fraud Litig., 179 F.Supp.2d 1260, 1265 (N.D. Okla. 2001) (Joyner, M.J.)).  That the debtor corporation faces possible liquidation or reorganization does not, by itself, justify lifting the stay. See In re Vivendi, 381 F.Supp.2d 129, 130 (S.D.N.Y. 2003) (Berman, J.) (denying a motion to lift a stay when the subsidiaries of the defendant corporation were undergoing liquidation, without a more specialized showing that documents may be lost).

   The lead plaintiff has failed to show that there is a real and imminent risk of lost evidence, especially as the parties have acknowledged that many of the discovery

materials are currently in the possession of the government. Additionally, BB&T Corporation, Colonial Bank's successor, has promised to maintain the documents that the plaintiff seeks until the stay is lifted.

\*\*\*

Accordingly, it is ORDERED that the lead plaintiff's motion to lift the stay of discovery (doc. no. 200) is denied.

DONE, this the 2nd day of December, 2009.

                                            /s/ Myron H. Thompson
                                     UNITED STATES DISTRICT JUDGE