IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| In re | ) | Civil Action No. |
| COLONIAL BANCGROUP, INC. | ) | 2:09cv104-MHT |
| SECURITIES LITIGATION | ) | |
| | ) | |

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
TO STRIKE EXTRANEOUS DOCUMENTS SUBMITTED WITH
DEFENDANTS ROBERT E. LOWDER, SARAH H. MOORE,
<u>T. BRENT HICKS AND SHEILA MOODY'S MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT .............................................................................. 1

ARGUMENT ........................................................................................................... 3

I.    The Applicable Standards ............................................................................. 3

II.   Any Documents Judicially Noticed By The Court Cannot  Be Considered For The
      Truth Of The Matters Asserted Therein ....................................................... 5

      A.    SEC And Bankruptcy Filings ................................................................5

      B.    Colonial's Press Releases And Earnings Conference Transcripts ..................8

III.  Extraneous Documents Should Be Stricken In Their Entirety .................... 9

      A.    Extraneous Press Releases, Earnings Conference Calls And Financial Charts ............10

      B.    Analyst Reports ....................................................................................11

      C.    Newspaper And Magazine Articles .......................................................13

IV.   CONCLUSION............................................................................................. 15

# TABLE OF AUTHORITIES

## CASES

*Atlas v. Accredited Home Lenders Holding Co.*,
  556 F. Supp. 2d 1142 (S.D. Cal. 2008) ...............................................................9, 13

*Brooks v. Blue Cross & Blue Shield of Fla.*,
  116 F.3d 1364 (11th Cir. 1997)..........................................................................3, 6

*Bryant v. Avado Brands, Inc.*,
  187 F.3d 1271 (11th Cir. 1999).................................................................... *passim*

*City of St. Petersburg, Fla. v. Bright House Networks, LLC*,
  No. 07-2105, 2008 WL 1897619 (M.D. Fla. Apr. 28, 2008)....................................12

*Cotrich v. Nicholson*,
  No. 06-1772, 2006 WL 3842112 (M.D. Fla. Dec. 19, 2006)....................................12

*Delta Health Group, Inc. v. United States Dep't of Health and Human Servs.*,
  459 F. Supp. 2d 1207 (N.D. Fla. 2006)....................................................................3

*Florida State Bd. of Admin. v. Green Tree Fin. Corp.*,
  270 F.3d 645 (8th Cir. 2001).................................................................................7

*Harris v. Ivax Corp.*,
  182 F.3d 799 (11th Cir. 1999)..............................................................................4, 8

*In re Healthsouth Corp. Sec. Litig.*,
  No. 98-J4-2634, 2000 WL 34211319 (N.D. Ala. Dec. 13, 2000)....................7, 9, 12

*In re Ins. Mgmt. Solutions Group, Inc.*,
  No. 00-2013, 2001 WL 34106903 (M.D. Fla. July 11, 2001) ....................4, 8, 9, 13

*In re IPO Sec. Litig.*,
  241 F. Supp. 2d 281 (S.D.N.Y. 2003)....................................................................8

*Lee v. City of Los Angeles*,
   250 F.3d 668, 689-90 (9th Cir. 2001) ..................................................................10

*In re 2007 Novastar Fin., Inc., Sec. Litig.*,
  No. 07-0139, 2008 WL 2354367 (W.D. Mo. June 4, 2008) ....................................14

*Patel v. Parnes*,
  253 F.R.D. 531 (C.D. Cal. 2008) .....................................................................11, 14

*In re Republic Servs., Inc.*,
   134 F. Supp. 2d 1355 (S.D. Fla. 2001) ......................................................................4

*In re Towne Servs., Inc.  Sec. Litig.*,
   184 F. Supp. 2d 1308 (N.D. Ga. 2001) ............................................................ *passim*

*In re Wash. Mut., Inc. Sec. Litig.*,
   259 F.R.D. 490 (W.D. Wash. 2009) ...........................................................11, 13, 14

Court-appointed Lead Plaintiffs, the Arkansas Teacher Retirement System, State-Boston Retirement System, Norfolk County Retirement System and City of Brockton Retirement System (collectively, "Lead Plaintiffs"), respectfully submit this memorandum in support of their motion to strike certain exhibits submitted by Defendants Robert E. Lowder, Sarah H. Moore, T. Brent Hicks and Sheila Moody (collectively, the "Individual Defendants")[1] in support of their motion to dismiss (the "Individual Defendants' Motion to Dismiss").

## PRELIMINARY STATEMENT

In support of their motion to dismiss, the Individual Defendants submitted an "Evidentiary Submission," comprising fifty-nine exhibits which together total an overwhelming 2,025 pages (the "Individual Defendants' Evidentiary Submission"). Many of these documents were never referred to in the Complaint and do not even mention Colonial BancGroup, Inc. ("Colonial" or the "Company"), the now-bankrupt entity that is at the heart of this litigation. These extraneous documents are used by the Individual Defendants in an attempt to deflect attention from Lead Plaintiffs' substantive allegations of securities fraud. Indeed, the Individual Defendants begin their motion to dismiss argument not with a denial of the Complaint's specific allegations of securities fraud, but rather with citations to newspaper articles describing non-parties' reactions to the general economic downturn in the United States. *See* Individual Defendants' Motion to Dismiss at 49.

This motion is limited in scope. Lead Plaintiffs do not object to the Court considering documents that are referenced in or "central to the [C]omplaint." *See In re Towne Servs., Inc.*

---

[1] Robert E. Lowder, Sarah H. Moore, T. Brent Hicks are former officers of Colonial BancGroup, Inc.; Sheila Moody is a former director of the Company. Lead Plaintiffs have, concurrently with the instant motion, submitted an Opposition to the Individual Defendants' Motion to Dismiss.

*Sec. Litig.*, 184 F. Supp. 2d 1308, 1313 (N.D. Ga. 2001). Additionally, Lead Plaintiffs do not object to the Court taking judicial notice of the existence of statements in certain documents, such as documents legally required by, and publicly filed with the Securities Exchange Commission ("SEC"). *Id*. at 1312-13. However, Lead Plaintiffs do object to the Individual Defendants' submission of evidentiary materials to the extent that those materials fall into either or both of two categories.

*First*, Lead Plaintiffs object to the Individual Defendants' attempt to have the Court determine the truth of the matters asserted in any of the documents submitted. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277-78 (11th Cir. 1999) (permitting documents actually filed with the SEC to be judicially-noticed on a motion to dismiss but emphasizing that the documents are relevant only to show what they contain, not to determine the truth of the matters asserted); *Towne Servs.*, 184 F. Supp. 2d at 1313 ("The same limitation applies with equal (if not greater) force to judicially-noticed materials *not* filed with the SEC.") (emphasis added). Accordingly, Lead Plaintiffs respectfully request that the Court not consider any document in the Individual Defendants' Evidentiary Submission for the truth of the matters asserted in it.

*Second*, Lead Plaintiffs object to the consideration or introduction of any documents that are not referenced in the Complaint and do not address matters necessary to determine the sufficiency of Lead Plaintiffs' allegations of securities fraud.[2] The Individual Defendants have

---

[2] As detailed below, the Individual Defendants submitted documents that addressed numerous topics not relevant to their Motion to Dismiss, including: the overall financial market and mortgage meltdown; other company's financial conditions, statements and actions; the purpose and efficacy of the TARP; and third parties' views on the economy, government actions, and the housing industry. These documents consist of, but are not limited to: newspaper and magazine articles; press releases issued by sources other than Colonial; analyst reports; and a transcript of another company's earnings call. Each of these documents should be stricken from the record entirely. *Infra* at pp. 9-15.

submitted to the Court a number of documents that are not permitted to be introduced at the

motion to dismiss stage, constituting a blatant attempt to circumvent the Federal Rules of Civil

Procedure and transform a conventional motion to dismiss into an untimely, fact-driven motion

for summary judgment.[3]

In sum, Lead Plaintiffs respectfully request that the Court strike these inappropriate

documents, as well as all arguments in the Individual Defendants' Motion to Dismiss that they

are intended to support, from the record.  If the Individual Defendants are permitted to rely upon

the extraneous documents submitted with their motion to dismiss, Lead Plaintiffs respectfully

request that the Court lift the discovery stay required by Section 78u-4(b)(3)(B) of the Public

Securities Litigation Reform Act (the "PSLRA") and permit Lead Plaintiffs to conduct discovery

in order to fully respond to the Individual Plaintiffs' Motion to Dismiss.

**ARGUMENT**

I.    **The Applicable Standards**

In deciding a motion to dismiss, courts in the Eleventh Circuit are "limited to a review of

the allegations as set forth in the complaint, as well as to any attached or incorporated documents

that are central to the plaintiff's claim" and are undisputed.  *Delta Health Group, Inc. v. United

States Dep't of Health and Human Servs.*, 459 F. Supp. 2d 1207, 1208 (N.D. Fla. 2006) (citing

---

[3] Rule 12(d) of the Federal Rules of Civil Procedure provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  *See Bryant v. Avado Brands, Inc.*, 187 F. 3d 1271, 1276 n.8 (11th Cir. 1999) ("presenting matters outside the pleadings converts the Rule 12(b)(6) motion into a motion for summary judgment"); *In re Towne Servs., Inc. Sec. Litig.*, 184 F. Supp. 2d at 1312 ("If matters outside the pleadings are presented, Rule 12[d] ordinarily requires that the motion be treated as one for summary judgment, which, in turn, will usually require that the plaintiff be permitted to conduct discovery before responding to the motion").

*Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (stating that even if documents are considered on a motion to dismiss, "the complaint must be construed in a light most favorable to the plaintiff and the factual allegations taken as true.")). There are only extremely limited exceptions to this general rule.

First, the Court may take judicial notice of matters of public record, such as documents required to be filed with the SEC; however, such documents are considered strictly "for the purpose of determining what statements the documents contain" and not for the truth of their contents. *In re Ins. Mgmt. Solutions Group, Inc.*, No. 00-2013, 2001 WL 34106903, at *9 (M.D. Fla. July 11, 2001) (citing *Bryant v. Avado Brands, Inc.*, 187 F. 3d 1271, 1280 (11th Cir. 1999)). Second, the Court may take judicial notice of documents pertaining to cautionary language accompanying forward-looking statements "provided that the contents are not in dispute." *Towne Servs.*, 184 F. Supp. 2d at 1313 (citing *Harris v. Ivax Corp.*, 182 F. 3d 802 n.2 (11th Cir. 1999)). Such documents are nevertheless only considered "to the extent they establish the *content* of statements attributed to the defendants, but *not for any other purpose*." *Towne Servs.*, 184 F. Supp. 2d at 1313 (emphasis added).

Excepting documents offered for those two purposes, courts in the Eleventh Circuit generally deem defendants' evidentiary submissions inappropriate on a motion to dismiss. *See, e.g., In re Republic Servs., Inc.*, 134 F. Supp. 2d 1355, 1361 (S.D. Fla. 2001) (statement allegedly made by defendant in newspaper article should not be considered on motion to dismiss because the article was written by someone other than defendant and required the court to evaluate evidence and make merits-related determinations); *In re Ins. Mgmt. Solutions Group, Inc.*, 2001 WL 34106903, at *9 ("Newspaper articles or quotes from newspapers, on the other

hand, are generally not considered the type of public document to be considered in the context of a motion to dismiss.").

Here, the Individual Defendants submitted extraneous exhibits not merely to show that they exist, or to demonstrate that certain statements were made at a particular time, but rather in an attempt to prove the truth of the statements they contain and, further, to have the Court construe those "facts" in their favor. That is wholly inappropriate at this phase of the litigation. *Bryant v. Avado Brand Inc.*, 187 F.3d 1271, 1277-78 (11th Cir. 1999).

## II.    Any Documents Judicially Noticed By The Court Cannot Be Considered For The Truth Of The Matters Asserted Therein

### A.    SEC And Bankruptcy Filings

The Individual Defendants improperly submitted numerous public filings for the purpose of arguing that the Court should adopt the statements therein for the truth of the matter asserted in order to negate Lead Plaintiffs' allegations of fraud. *See, e.g.*, Individual Defendants' Motion to Dismiss at 9 ("In 2007, the entire financial services industry began a 'roller coaster ride[.]'" (Ex. 8) and "Colonial's public filings were filled with signs noting the downturn in the financial services industry and in the Company's business prospects."). In submitting and quoting extensively from these documents, the Individual Defendants ask the Court to weigh Lead Plaintiffs' factual allegations against the Individual Defendants' improper factual submissions and make merits-related determinations that are inappropriate on a motion to dismiss.

The fact that the Individual Defendants are asking the Court to evaluate conflicting facts is clear from their Motion to Dismiss, as they repeatedly cite to SEC filings and other documents, only to then cite as a "but cf." the portions of the Complaint that reference the exact same documents. The Court may take judicial notice that the documents cited in the Complaint or publicly-filed by Colonial *contain* the statements cited by the Individual Defendants, but it is

- 5 -

both improper and premature for the Court to weigh the import and veracity of the specific

statements cited by the Individual Defendants and then make merits-based determinations based

on the Individual Defendants' factual citations.  *Brooks,* 116 F.3d at 1369 (requiring that the

complaint "be construed in a light most favorable to the plaintiff and the factual allegations taken

as true" even when a court considers documents as part of the pleadings); *Bryant*, 187 F. 3d at

1280 n. 15 (11th Cir. 1999) (stating that judicially noticed documents should not be proffered in

order to prove the truth of the documents' contents).

Specifically, the Individual Defendants reference and attach the following publicly-filed

exhibits:

- Exhibit 3: Voluntary Chapter 11 Bankruptcy Petition (filed August 26, 2009)
- Exhibit 4: Form 10-Q (signed May 9, 2007).
- Exhibit 7: Form 8-K, Exh. 99.2 (signed April 18, 2007).
- Exhibit 8: Form 8-K, Exh. 99.1 (signed April 18, 2007).
- Exhibit 9: Form 8-K (signed May 10, 2007).
- Exhibit 10: Form 8-K (signed December 2, 2008).
- Exhibit 11: Form 8-K, Exh. 99.1 (signed July 18, 2007).
- Exhibit 12: Form 8-K, Exh. 99.1; Exh. 99.2 (signed July 18, 2007).
- Exhibit 13: Form 10-Q (signed August 7, 2007).
- Exhibit 14: Form 8-K, Exh. 99.1 (signed October 17, 2007).
- Exhibit 15: Form 10-Q (signed November 8, 2007).
- Exhibit 16: Form 8-K, Exh. 99.1 (signed January 23, 2008).
- Exhibit 17: Form 10-K (signed February 25, 2008).
- Exhibit 18: Form 8-K, Exh. 99.1 (signed April 21, 2008).
- Exhibit 19: Prospectus Supplement (signed April 23, 2008).
- Exhibit 20: Form 10-Q (signed May 5, 2008).
- Exhibit 21: Form 8-K, Exh. 99.1 (signed July 16, 2008).
- Exhibit 22: Form 10-Q (signed August 5, 2008).
- Exhibit 23: Form 8-K, Exh. 99.1 (signed October 22, 2008).
- Exhibit 28: Form 10-Q (signed November 6, 2008).
- Exhibit 36: Form 8-K, Exh. 99.1 (signed December 2, 2008).
- Exhibit 40: Form 8-K, Exh. 99.1 (signed January 27, 2009).
- Exhibit 42: Form 8-K, Exh. 99.1 (signed May 1, 2007).
- Exhibit 43: Form 10-K (signed February 26, 2007).
- Exhibit 46: Form 8-K (signed November 26, 2007).
- Exhibit 47: Prospectus Supplement (signed March 3, 2008).
- Exhibit 49: Form 8-K (signed June 2, 2008).

- Exhibit 51: Collection of Forms 4 and Forms 5.
- Exhibit 52: Collection of Forms 4 and Forms 5.

Each of these exhibits (with the exception of Exhibits 9, 51 and 52) have been incorporated by reference in the Complaint as support for Lead Plaintiffs' allegations of Defendants' material misrepresentations and omissions. Nonetheless, courts within the Eleventh Circuit have firmly limited judicial notice of such documents "to establish that particular statements were or were not made, *not for the truth of any such statements*." *In re Towne Servs., Inc. Sec. Litig.*, 184 F. Supp. 2d at 1313 (emphasis added); *see also In re Healthsouth Corp. Sec. Litig.*, No. 98-J-2634, 2000 WL 34211319, at *7 (N.D. Ala. Dec. 13, 2000) (taking limited judicial notice of Healthsouth's SEC filings "to the extent they are offered to show what disclosure statements are contained in the pertinent documents and not to otherwise prove the truth of the contents"). Accordingly, Lead Plaintiffs respectfully request that the Court limit its judicial notice of all of the above-listed exhibits to establish solely that particular statements were or were not made, and thereby reject the Individual Defendants' attempt to use these documents for the truth of the matters asserted therein.

With respect to Exhibits 51 and 52, which are collections of Forms 4 and 5 showing the Individual Defendants' stock holdings, Lead Plaintiffs additionally request that the Court strike these exhibits in their entirety and not consider them when deciding the Individual Defendants' Motion to Dismiss. This request is supported by the fact that Exhibits 51 and 52: (a) were not referenced in the Complaint; (b) are not central to the allegations in the Complaint[4]; and (c) are

---

[4] Lead Plaintiffs did not bring insider trading claims or attempt to demonstrate the Individual Defendants' scienter by means of suspiciously timed stock sales. Accordingly, the Individual Defendants' trading histories are irrelevant to the scienter analysis. *Florida State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645, 663 (8th Cir. 2001) (finding that defendants' abstention from trading did "not neutralize the motive allegations because they do not directly contradict

(*continued...*)

not necessary or relevant to the matters at issue in the Individual Defendants' Motion to Dismiss, as Lead Plaintiffs have not alleged any insider trading. *In re IPO Sec. Litig.*, 241 F. Supp. 2d 281, 332 (S.D.N.Y. 2003) (finding that neither the court nor the defendant has the right to redraft the complaint to include new claims; defendants must take the complaint as written); *see* Lead Plaintiffs' Memorandum of Law In Opposition to the Individual Defendants' Motion to Dismiss, Section IV.B.

## B.    Colonial's Press Releases And Earnings Conference Transcripts

In limited circumstances, certain press releases and other statements made by defendants may be considered in the context of a motion to dismiss. *See In re Ins. Mgmt. Solutions Group, Inc.*, 2001 WL 34106903, at *9 ("a press release may be properly considered in the context of a motion to dismiss…pertaining to cautionary language accompanying forward-looking statements 'provided that the contents are not in dispute'") (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999); *Towne Servs.,* 184 F. Supp. 2d at 1313 (taking judicial notice of corporate press releases concerning earnings "to the extent they establish the content of statements attributed to the defendants, but not for any other purpose"). As with Colonial's SEC filings, the Court may take judicial notice of the existence of the following exhibits offered by the Individual Defendants, but the Court should not consider the statements contained therein for the truth of the matters asserted.

- Exhibit 29: Press Release (issued November 13, 2008).
- Exhibit 41: Final Transcript, (CNB – Q1 2007 Colonial Bank Earnings Conference Call) (April 18, 2007).

---

(*… continued*)
them...the investors do not rely on allegations of inside transactions"). *See* Lead Plaintiffs' Memorandum of Law In Opposition to the Individual Defendants' Motion to Dismiss, Section IV.B.

- Exhibit 44: Final Transcript, (CNB – Q2 2007 Colonial Bank Earnings Conference Call) (July 18, 2007).
- Exhibit 45: Final Transcript, (CNB – Q3 2007 Colonial Bank Earnings Conference Call) (October 17, 2007).
- Exhibit 48: Final Transcript, (CNB – Q1 2008 Colonial Bank Earnings Conference Call) (April 21, 2008).
- Exhibit 50: Final Transcript, (CNB – Q3 2008 Colonial Bank Earnings Conference Call) (October 22, 2008).

In addition, Exhibit 29 (press release announcing Colonial's application for participation in the Troubled Asset Recovery Program) is not referenced in the Complaint. When a press release or earnings calls is not referenced in the complaint, the Court should give even less consideration to it. *See Healthsouth*, 2000 WL 34211319, at *8 ("Because there are disputes as to whether these [press releases and news articles] are the items referenced in the complaint, they will be excluded from consideration on the motion to dismiss at this juncture"). Accordingly, Lead Plaintiffs respectfully request that the Court limit its judicial notice of the above-listed exhibits to establish solely that particular statements were or were not made.

## III.    Extraneous Documents Should Be Stricken In Their Entirety

The Individual Defendants also submitted numerous documents that (1) were not referenced in the Complaint *and* (2) do not mention or directly relate to Colonial, much less the specific allegations of securities fraud in the Complaint. This Court should strike these documents (listed below) from the record and disregard any arguments based upon those documents in the Individual Defendants' Motion to Dismiss. *In re Ins. Mgmt. Solutions Group, Inc.*, 2001 WL 34106903, at *9 (finding that newspaper articles or quotes from newspapers do not constitute the type of public document to be considered in the context of a motion to dismiss); *Atlas v. Accredited Home Lenders Holding Co.*, 556 F. Supp. 2d 1142, 1161 n.7 (S.D. Cal. 2008) (in action centered on a real estate lending company, defendants submitted numerous documents in support of an argument that the company's collapse resulted from a general

- 9 -

downturn in the real estate industry; in denying defendants' motion to dismiss, the court noted that the documents, which included newspaper articles, statements by government officials, and press releases and filings by non-defendant companies, which were neither referenced in plaintiffs' complaint nor the subject of a proper request for judicial notice, could not be considered, because such "extraneous documents are neither necessary nor appropriate on a motion to dismiss.") (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001)).

### A.    Extraneous Press Releases, Earnings Conference Calls And Financial Charts

Unlike the above-listed press releases and earnings conference call transcripts, none of the exhibits listed below were referenced in the Complaint or contain statements by Colonial or any of the Individual Defendants.  Rather, these exhibits consist entirely of statements made by *third parties* or financial announcements made by companies *other than* Colonial.  Accordingly, the following documents should not be considered by the Court and should be stricken from the record.  *In re Towne Servs., Inc. Sec. Litig.*, 184 F. Supp. 2d at 1313 (taking judicial notice of corporate press releases concerning earnings only "to the extent they establish the content of statements *attributed to the defendants*, but not for any other purpose") (emphasis added).

- Exhibit 2: Press Release (dated August 14, 2009) (Press Release by BB&T Corporation).
- Exhibit 24: Press Release HP-1175 (October 3, 2008) (Statement by the U.S. Department of Treasury).
- Exhibit 25: Press Release HP-1207 (October 14, 2008) (Statement by the U.S. Department of Treasury).
- Exhibit 27: American West Bancorp Earnings Conference Call (October 31, 2008).
- Exhibit 31: Press Release HP-1265 (issued November 12, 2008) (Statement by the U.S. Department of Treasury).
- Exhibit 32: Press Release HP-1279 (signed November 18, 2008) (Statement by the U.S. Department of Treasury).
- Exhibit 34: Press Release (signed November 25, 2008) (Press Release by Bridge Capital Holdings).
- Exhibit 35: Press Release (dated December 4, 2008) (Press Release by Bridge Bank).
- Exhibit 56: CBOE Volatility Index.

- Exhibit 57: Summary of Financial Announcements of First Citizens Bancshares, Inc., The South Financial Group, Inc. and Whitney Holding Company.

The Individual Defendants improperly submitted these documents in an attempt to divert the Court's attention from the specific fraudulent actions described in the Complaint to general statements regarding the economic downturn in the United States. *See, e.g.*, Individual Defendants' Motion to Dismiss at 15 (stating that the downturn resulted "in a dramatic increase in the expected volatility of the S&P 500 index" (Ex. 56) and "made it nearly impossible for companies like Colonial to accurately predict its financial losses…." (Ex. 57)); at 99 (arguing that the "unprecedented turmoil and volatility in the markets" made it impossible for the Individual Defendants to accurately predict losses (Ex. 56) and "several other banks…also were unable to accurately predict their losses…." (Ex. 57)). The Individual Defendants' inclusion of these documents is improper at the motion to dismiss stage (and may be improper on summary judgment absent a showing that the documents are relevant and admissible), and, accordingly, this Court should strike them. *In re Wash. Mut., Inc. Sec. Litig.*, 259 F.R.D. 490, 495 (W.D. Wash. 2009) (refusing to take judicial notice of reports and articles regarding the economic downturn because such matters are "not necessary to decide the issues presented in these motions."); *Patel v. Parnes*, 253 F.R.D. 531, 550 (C.D. Cal. 2008) (same).

**B.     Analyst Reports**

The Individual Defendants additionally submitted a number of analyst reports – which Lead Plaintiffs did not reference in the Complaint – purportedly for the truth of the matters asserted therein that the "uncertainty about the magnitude of charge-offs and low earnings power" and "other market and industry events" caused Colonial's stock price to drop on the corrective disclosure days. Individual Defendants' Motion to Dismiss at 99 (Ex. 59); ("Banks with exposure in risky geographies include…[Colonial]…It appears that losses in these

portfolios will continue to increase for the next quarter or two as home price declines and foreclosures increase." (Ex. 55)). The Individual Defendants cited Exhibits 55 and 59 several times in their Motion to Dismiss as part of an attempt to cause the Court to draw inappropriate factual inferences in their favor. Individual Defendants' Motion to Dismiss at 14, 19, 99.

Because the individual Defendants have submitted analyst reports which are not referenced in or central to the Complaint and are not necessary to decide the issues presented in their Motion to Dismiss, each of the following documents should be stricken from the record.

- Exhibit 55: Bank of America – Kenneth M. Usdin Analyst Report (dated July 10, 2008).
- Exhibit 58: SunTrust – Robinson Humphrey Analyst Report (dated December 3, 2008).
- Exhibit 59: Bank of America – Kenneth M. Usdin Analyst Report (dated January 5, 2009).

It is inappropriate for a court to consider documents outside the Complaint, particularly analyst reports, when deciding a motion to dismiss. *See Healthsouth*, 2000 WL 34211319, at *10 ("To allow consideration of [analyst reports not cited in the complaint] would improperly expand the scope of this court's review beyond that intended by *Bryant* or the Reform Act"); *see also City of St. Petersburg, Fla. v. Bright House Networks, LLC*, No. 07-2105, 2008 WL 1897619, at *2 (M.D. Fla. Apr. 28, 2008) ("Consideration of such [FCC] findings, which are not referenced or filed with the complaints, is more appropriate at the summary judgment stage"); *Cotrich v. Nicholson*, No. 06-1772, 2006 WL 3842112, at *3 (M.D. Fla. Dec. 19, 2006) ("While the Court may take notice of another court's order only for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation, the Court may not take judicial notice of the documents to establish the truth of the matters asserted therein"). The Individual Defendants' submission of extraneous analyst reports is entirely inappropriate at this phase of the litigation, and this Court should not hesitate to fully strike them from the record.

- 12 -

C.    <u>**Newspaper And Magazine Articles**</u>

Finally, the Individual Defendants submitted the following newspaper and magazine articles in an attempt to cause the Court to draw inappropriate factual inferences regarding, *inter alia*, the purported effect the recent financial and mortgage market downturn had on Colonial's business and the decline in its stock price:

- Exhibit 1: FINANCIAL WEEK, Lawsuits Related to Mortgage Meltdown Could Spread Beyond Financial Sector (dated July 1, 2008).
- Exhibit 5: Colonial Bank, Colonial Bank History.
- Exhibit 6: FORBES MAGAZINE, Vol. 179 (January 8, 2007).
- Exhibit 26: WALL STREET JOURNAL, U.S. to Buy Stake in Nation's Largest Banks (October 14, 2008).
- Exhibit 30: THE WALL STREET JOURNAL, Treasury Considers Private Role in TARP (November 12, 2008).
- Exhibit 33: FINANCIAL TIMES, TARP Won't Cover the Cracks (November 20, 2008).
- Exhibit 37: THE AMERICAN BANKER, TARP Funds Aside, Capital Remains Issue at Colonial (December 5, 2008).
- Exhibit 38: WALL STREET JOURNAL, Private Equity Firms Creep Back to Banks (December 19, 2008).
- Exhibit 39: THE AMERICAN BANKER, Waiting on TARP? You May Need Some Help: Some Applications Might Require Banks to Raise Capital First (December 23, 2008).
- Exhibit 53: NEW YORK TIMES, Vast Bailout by U.S. Proposed in Bid to Stem Financial Crisis (September 18, 2008).
- Exhibit 54: LOS ANGELES TIMES, Former Fed Chief "Shocked" by Crisis (October 24, 2008).

Courts regard newspaper and magazine articles as unfit for consideration in the context of a motion to dismiss because "these documents are not necessary to decide the issues presented in these motions."  *In re Ins. Mgmt. Solutions Group, Inc.*, 2001 WL 34106903, at *9 ("Newspaper articles or quotes from newspapers, on the other hand, are generally not considered the type of public document to be considered in the context of a motion to dismiss"); *see In re Wash. Mut., Inc. Sec, Derivative & Erisa Litig.*, 259 F.R.D. at 495 (declining to accord judicial notice to "a collection of administrative reports and newspaper articles pertaining to the recent economic

downturn and deterioration of the housing market"); *see also Atlas*, 556 F. Supp. 2d at 1161 n.7 (finding newspaper articles and remarks by the Chairman of the Federal Reserve Bank regarding Accredited and the subprime mortgage market "neither necessary nor appropriate on a motion to dismiss"). Other courts agree that documents concerning the overall downturn in the economy are not appropriate for consideration on a motion to dismiss. *In re 2007 Novastar Fin., Inc., Sec. Litig.*, No. 07-0139, 2008 WL 2354367, at *1 (W.D. Mo. June 4, 2008) (taking judicial notice of the fact that the country recently suffered a mortgage crisis, but stating "the Court cannot use that fact to infer anything in particular about a business operating at the time.").

The Individual Defendants attempt to improperly introduce documents discussing topics that are completely unnecessary for resolving their Motion to Dismiss, and are offering these documents for the truth of the matters asserted therein. While the Court may consider documents that are referenced in or "central to the complaint," *Towne Servs.,* 184 F. Supp. 2d at 1313, and documents that are routinely judicially noticed, such as corporate filings with the SEC, *id.* at 1312-13, the Individual Defendants *cannot* rely upon, in the context of a Rule 12(b)(6) motion to dismiss, "evidentiary submissions" concerning a "subprime crisis," financial "meltdown," or other market deterioration.[5] *In re Wash. Mut., Inc. Sec. Litig.*, 259 F.R.D. at 495 (refusing to take judicial notice of "reports and newspaper articles pertaining to the recent economic downturn and deterioration of the housing market," because such matters are "not necessary to

---

[5] In a case involving similar tactics by defendants on a motion to dismiss, the court *explicitly rejected* the argument that an "unprecedented economic downturn" caused plaintiffs' losses, rather than defendants' fraud. *In re Wash. Mut., Inc. Sec. Litig.*, 259 F.R.D. at 508 (rejecting the argument that loss causation cannot exist because a general downturn in the housing market, not any disclosure regarding defendant's financial health, caused defendant's stock price to plummet).

decide the issues presented in these motions."); *Patel*, 253 F.R.D. at 550 (refusing to take judicial notice of "articles that concern the general housing market.").

Lead Plaintiffs respectfully request that the Court strike the aforementioned extraneous press releases, earnings conference calls, analyst reports, and newspaper and magazine articles, and not consider the corresponding arguments in the Individual Defendants' Motion to Dismiss. Alternatively, if the Court elects to consider these documents for matters outside the Complaint or inappropriate at the motion to dismiss stage, Lead Plaintiffs respectfully request that the Court convert the Individual Defendants' Motion to Dismiss into a motion for summary judgment, and lift the PSLRA discovery stay, affording Lead Plaintiffs the opportunity to fully develop the record through discovery.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court grant their motion to strike in its entirety.

Dated: January 29, 2010                                    Respectfully submitted,

                                              By:    *s/Tyrone C. Means*
                                              Tyrone C. Means (MEA003)
                                              H. Lewis Gillis (GIL011)
                                              Gerald C. Brooks (BRO212)
                                              **THOMAS, MEANS, GILLIS & SEAY, P.C.**
                                              3121 Zelda Court
                                              Montgomery, Alabama 36106
                                              Telephone: (334) 270-1033
                                              Facsimile: (334) 260-9396

                                              *Liaison Counsel*

Thomas A. Dubbs (NY 2318863)
James W. Johnson (NY 2108686)
Angelina Nguyen (NY 4233581)
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Attorneys for Lead Plaintiffs Arkansas Teacher
Retirement System, State-Boston Retirement
System, Norfolk County Retirement System
and City of Brockton Retirement System*

**COUGHLIN STOIA GELLER RUDMAN
& ROBBINS LLP**
Paul J. Geller
Jack Reise
Douglas S. Wilens
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
(561) 750-3000
(561) 750-3364

**CHIMICLES & TIKELLIS LLP**
Steven A. Schwartz
Kimberly A. Sanders
Timothy N. Mathews
One Haverford Centre
361 W. Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633

*Additional Counsel for Lead Plaintiffs and the
Class*

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Enrique Jose Gimenez** Lightfoot Franklin & White LLC
  hgimenez@lightfootlaw.com

- **James Fletcher Hughey, III** Lightfoot Franklin & White LLC
  jhughey@lightfootlaw.com

- **Samuel Holley Franklin** Lightfoot Franklin & White LLC
  sfranklin@lightfootlaw.com

- **Robert David Segall** Copeland Franco Screws & Gill
  segall@copelandfranco.com

- **Edward Hamilton Wilson, Jr.** Ball Ball Matthews & Novak PA
  hwilson@Ball-Ball.com

- **Tabor Robert Novak, Jr.** Ball Ball Matthews & Novak PA
  tnovak@ball-ball.com

- **Alan Frederick Enslen** Maynard, Cooper & Gale, P.C
  aenslen@maynardcooper.com

- **Armistead Inge Selden, III** Maynard, Cooper & Gale, P.C
  iselden@maynardcooper.com

- **Carl Stanley Burkhalter** Maynard, Cooper & Gale, P.C.
  cburkhalter@maynardcooper.com

- **Steven L. McPheeters** Maynard, Cooper & Gale, P.C.
  smcpheeters@maynardcooper.com

- **Larry Brittain Childs** Waller Lansden Dortch & Davis LLP
  larry.childs@wallerlaw.com

- **Elizabeth V. Tanis** King & Spalding LLP
  etanis@kslaw.com

- **Dan S. McDevitt** King & Spalding LLP
  dmcdevitt@kslaw.com

- **George Patrick Montgomery**  King & Spalding LLP
  pmontgomery@kslaw.com

- **Shelby S. Guilbert**  King & Spalding LLP
  sguilbert@kslaw.com

- **Walter Edgar McGowan** Gray Langford Sapp McGowan Gray, Gray & Nathanson PC
  wem@glsmgn.com

- **Gerald Clark Brooks , Jr.**  Thomas, Means, Gillis & Seay, P.C.
  gcbrooks@tmgslaw.com

- **Henry Lewis Gillis**  Thomas Means Gillis & Seay PC
  hlgillis@tmgslaw.com

- **Ira M Levee**  Lowenstein Sandler PC
  ilevee@lowenstein.com

- **Kimberly A. Sanders**  Chimicles & Tikellis LLP
  kas@chimicles.com

- **Michael Stephen Dampier**  Vickers, Riis, Murray and Curran, LLC
  stevedampier@bellsouth.net

- **Michael S Etkin**  Lowenstein Sandler PC
  metkin@lowenstein.com

- **Steven A. Schwartz**  Chimicles & Tikellis LLP
  sas@chimicles.com

- **Timothy N Mathews**  Chimicles & Tikellis LLP
  TNM@chimicles.com

- **Geoffrey Michael Ezgar**  King & Spalding, LLP
  gezgar@kslaw.com


 s/Tyrone C. Means