**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **In re** | ) | **CIVIL ACTION NO.** |
| **COLONIAL BANCGROUP, INC.** | ) | **2:09-CV-104-MHT** |
| **SECURITIES LITIGATION** | ) | |

**DEFENDANT PRICEWATERHOUSECOOPERS LLP'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
<u>PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT</u>**

Tabor R. Novak, Jr. (NOV001)
tnovak@ball-ball.com
E. Ham Wilson, Jr. (WIL707)
hwilson@ball-ball.com
BALL, BALL, MATTHEWS &
NOVAK, P.A.
200 Interstate Park Drive
Suite 204
Montgomery, Alabama  36109
Telephone:  (334) 387-7680
Facsimile:  (334) 387-3222

*Co-Counsel for Defendant
PricewaterhouseCoopers LLP*

Elizabeth V. Tanis (Georgia Bar No. 697415)
etanis@kslaw.com;  admitted *pro hac vice*
Shelby S. Guilbert, Jr. (Georgia Bar No. 315101)
sguilbert@kslaw.com;  admitted *pro hac vice*
G. Patrick Montgomery (Georgia Bar No. 595906)
pmontgomery@kslaw.com;  admitted *pro hac vice*
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia  30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5140

Geoffrey M. Ezgar (California Bar No. 184243)
gezgar@kslaw.com; admitted *pro hac vice*
KING & SPALDING LLP
101 Second Street
Suite 2300
San Francisco, CA 94105
Telephone:  (415) 318-1200
Facsimile:  (415) 318-1300
*Counsel for PricewaterhouseCoopers LLP*

## TABLE OF CONTENTS

ARGUMENT ................................................................................................................. 4

I.    PLAINTIFFS' SECTION 11 CLAIMS AGAINST PwC SHOULD BE
      DISMISSED BECAUSE PLAINTIFFS HAVE NOT SUFFICIENTLY ALLEGED
      THAT PwC MADE ANY ACTIONABLE MATERIAL MISSTATEMENTS OR
      OMISSIONS. ........................................................................................................ 4

      A.   Plaintiffs Misstate the Applicable Rule 8(a) Pleading Standard. ..................... 4

      B.   Plaintiffs Do Not Challenge the Assertion That PwC Cannot Be Held Liable for
           Statements That PwC Did Not Prepare or Certify. ......................................... 5

      C.   Plaintiffs Do Not Dispute That the Alleged Misrepresentations Set Forth In
           Paragraphs 393, 395, and 407 of the Complaint Appear in the MD&A Section of
           Colonial's 2007 10-K, Which Was Not "Prepared or Certified" by PwC. .......... 6

      D.   Plaintiffs Cannot Reconfigure Their Complaint by Introducing New Allegations
           in Their Response to PwC's Motion to Dismiss. ........................................... 8

II.   PLAINTIFFS' SECTION 11 CLAIMS SOUND IN FRAUD AND THEREFORE
      ARE SUBJECT TO RULE 9(b)'S HEIGHTENED PLEADING STANDARDS. ........... 10

III.  PLAINTIFFS LACK STANDING TO BRING THEIR SECTION 11 CLAIM
      REGARDING THE APRIL 2008 SECONDARY OFFERING. .................................. 13

CONCLUSION ............................................................................................................ 14

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| In re | ) | CIVIL ACTION NO. |
| COLONIAL BANCGROUP, INC. | ) | 2:09-CV-104-MHT |
| SECURITIES LITIGATION | ) | |

**DEFENDANT PRICEWATERHOUSECOOPERS LLP'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
<u>PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT</u>**

"It is axiomatic that a plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss." *Kuhn v. Thompson*, 304 F. Supp. 2d 1313, 1321 (M.D. Ala. 2004) (Fuller, J.).[1] That is precisely what Plaintiffs have attempted to do here.

Plaintiffs' Complaint expressly identifies three, and only three, excerpts from Colonial's 2007 Form 10-K upon which Plaintiffs' Section 11 claims are based. These three excerpts— which are identified and quoted verbatim in paragraphs 393, 395, and 407 of the Complaint— relate to goodwill impairment, underwriting standards, and collateral guidelines, respectively.

---

[1] This principle has been applied routinely by district courts within this Circuit. *See, e.g.*, *De Leon v. Bank of Am., N.A. (USA)*, No. 6:09-CV-1251, 2009 WL 3822392, at *3 n.5 (M.D. Fla. Nov. 16, 2009) ("A plaintiff may not amend a complaint through briefs in opposition to a motion to dismiss."); *Lyon v. Ashurst*, No. 2:08-CV-394, 2008 WL 3821832, at *7-*8 (M.D. Ala. Aug. 13, 2008) (Albritton, J.) ("In reply, the Defendants argue that [Plaintiff] may not reconfigure her complaint by 'amend[ing] her pleading through argument in an opposition brief to Defendants' Motion to Dismiss.' This court agrees.") (second alteration in original; internal citation omitted) (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)); *Grant v. Hartery*, No. 2:06-CV-429, 2008 WL 786328, at *3 (M.D. Fla. Mar. 20, 2008) ("Plaintiff may not amend the Second Amended Complaint merely by asserting new claims in her Response to Defendants' Motion to Dismiss."); *SecurityPoint Media, LLC v. Adason Group, LLC*, No. 8:07-CV-444, 2007 WL 2298024, at *3 (M.D. Fla. Aug. 7, 2007) (citing *Kuhn* and rejecting plaintiff's attempt to revise the allegations of its complaint in a memorandum in opposition to a motion to dismiss); *Fleming v. Dowdell*, 434 F. Supp. 2d 1138, 1148 n.9 (M.D. Ala. 2005) (DeMent, J.) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss[.]"), *aff'd*, 182 F. App'x 946 (11th Cir. 2006) (alteration in original) (quoting *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989)).

All three of these excerpts, as PwC pointed out in its opening brief, are found in the "Management Discussion and Analysis of Financial Condition and Results of Operations" section of the Form 10-K, a section that was neither "prepared" nor "certified" by PwC within the meaning of those terms in Section 11.  *See* 15 U.S.C. § 77k(a)(4).  Accordingly, PwC cannot be held liable for these statements under Section 11.

In their response to PwC's motion, Plaintiffs do not confront this point head-on.  They do not challenge the argument that PwC can be held liable only for statements that are "prepared" or "certified" by PwC (and they could not credibly do so).  Nor do Plaintiffs contend that the statements contained in the MD&A portion of the Form 10-K were, in fact, prepared or certified by PwC.  Therefore, the authorities cited on page 9 of PwC's opening brief—*Marsh & McLennan*, *Endo*, and *Lattanzio*—stand wholly unrebutted, and, consequently, Plaintiffs' claims against PwC should be dismissed in their entirety because, ***as a matter of law***, the alleged misstatements identified in Plaintiffs' Section 11 allegations cannot be attributed to PwC**.**

Rather than concede that the alleged misstatements cannot be attributed to PwC and acquiesce to the dismissal of their unfounded claims against a "deep pocket" defendant added to this action at the eleventh hour,[2] Plaintiffs try to salvage those claims by articulating a theory of liability against PwC that does not appear anywhere in their Section 11 allegations.  Focusing exclusively on goodwill, Plaintiffs now suggest—for the ***very first time***—that Colonial management's narrative statements about goodwill impairment found in the MD&A portion of

---

[2] Underscoring Plaintiffs' reason for adding PwC as a defendant, Plaintiffs inappropriately ask this Court to take judicial notice of PwC's size and 2008 net revenue.  Not only are these allegations completely irrelevant to the sufficiency of Plaintiffs' Section 11 allegations against PwC, but they also inaccurately ignore the distinction between the United States firm of PricewaterhouseCoopers LLP, the defendant in this action, and the other firms around the world that, together with PricewaterhouseCoopers LLP, constitute the global network of PricewaterhouseCoopers member firms that *collectively* had worldwide revenue of $28 billion in 2008.

Colonial's 2007 Form 10-K somehow translated into still-unidentified misstatements in the audited consolidated financial statements in Colonial's Form 10-K.[3]  Plaintiffs concoct this argument in their response brief even though:

- Plaintiffs' Complaint does not point to a single page, line item, or number in Colonial's audited consolidated financial statements that contains an alleged misstatement;

- Plaintiffs' Complaint does not allege, in the Section 11 allegations, that Colonial's treatment of goodwill violated GAAP, nor does it allege that PwC's audit opinion was false; and

- **Plaintiffs never mentioned the phrase "net income"** *anywhere* **in their Section 11 allegations**, despite its newfound prominence in Plaintiffs' response brief.

As explained below and in PwC's opening brief, these shortcomings in Plaintiffs' Complaint—as well as Plaintiffs' failure to adequately plead their standing to assert Section 11 claims based on the April 2008 Colonial stock offering—require dismissal with prejudice of Plaintiffs' Section 11 claims against PwC and entry of judgment in PwC's favor.[4]

---

[3] Plaintiffs' response brief makes no attempt whatsoever to tie any alleged misstatements regarding Colonial's underwriting standards or collateral guidelines to any portion of the 10-K that was "prepared" or "certified" by PwC.  Accordingly, to the extent that Plaintiffs' Section 11 claims are based on allegations regarding Colonial's underwriting standards or collateral guidelines, those claims against PwC must be dismissed with prejudice.

[4] Notably, Plaintiffs have not asked for leave to amend their Consolidated Class Action Complaint, have not filed a motion for leave to amend their Complaint, and have not provided the Court with a proposed Amended Complaint that would rectify the deficiencies in their Section 11 claims against PwC.  Given Plaintiffs' election to have their Section 11 claims against PwC rise or fall on the sufficiency of the allegations contained in this version of the Complaint, the Court need not give Plaintiffs leave to file yet another version of their Complaint.  *See, e.g.*, *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009); *Ferrell v. Durbin*, 311 F. App'x 253, 259 (11th Cir. 2009); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (explaining the general rule and its rationale).

3

## ARGUMENT

I. **PLAINTIFFS' SECTION 11 CLAIMS AGAINST PWC SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE NOT SUFFICIENTLY ALLEGED THAT PWC MADE ANY ACTIONABLE MATERIAL MISSTATEMENTS OR OMISSIONS.**

Although Plaintiffs' Section 11 claims against PwC sound in fraud and therefore are subject to the more stringent pleading standards of Rule 9(b) (*see infra* Section II), Plaintiffs' allegations against PwC fail to satisfy even the baseline pleading requirements of Rule 8(a), as shown below.

### A.  Plaintiffs Misstate the Applicable Rule 8(a) Pleading Standard.

As this Court is aware, and as PwC observed in its opening brief, the United States Supreme Court retired *Conley v. Gibson*'s "unless it appears beyond doubt that the plaintiff can prove no set of facts" pleading standard in 2007. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007). In its place, the Supreme Court established a more robust two-step "plausibility" analysis for evaluating a complaint's sufficiency under Rule 8(a): the district court first must identify and disregard any conclusory allegations and then must determine whether the remaining factual allegations state a plausible claim for relief. *See id.* at 555-58; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

Despite the dramatic change to Rule 8(a)'s pleading standard ushered in by *Twombly* in 2007, Plaintiffs cite ***pre-2007*** cases that applied the no longer applicable "no set of facts" standard to argue to this Court that the threshold for surviving a motion to dismiss in the Eleventh Circuit is "exceedingly low." (*See* Pls.' Resp. at 6, citing *Belfast v. Upsilon Chapter of Pi Kappa Alpha Fraternity*, 267 F. Supp. 2d 1139 (M.D. Ala. 2003), and *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700 (11th Cir. 1985).) This argument is flawed and misleading.

4

When it suggested that the threshold for sufficiency under Rule 8(a) is "exceedingly low," the *Belfast* Court was applying *Conley*'s now retired "no set of facts" standard. *See Belfast*, 267 F. Supp. 2d at 1141-42. So was the Eleventh Circuit in *Ancata*. *See Ancata*, 769 F.2d at 702. Neither case remains good law on this point now that the Supreme Court has abandoned the "no set of facts" standard. *See, e.g.*, *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) ("no set of facts" standard no longer applies); *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (same).

By seeking refuge in an "exceedingly low" pleading standard that no longer governs this Court's analysis, Plaintiffs try to elude the more stringent Rule 8(a) pleading standard—and its accompanying two-prong analysis—that requires the dismissal of their Complaint against PwC.[5]

### B. Plaintiffs Do Not Challenge the Assertion That PwC Cannot Be Held Liable for Statements That PwC Did Not Prepare or Certify.

At the heart of PwC's motion to dismiss is a simple, unassailable principle of law: Under Section 11, PwC can be held liable only for material misstatements contained in a part of the registration statement that "purports to have been prepared or certified" by PwC. 15 U.S.C. § 77k(a)(4). Plaintiffs do not challenge this proposition. Nor could they, as the language of Section 11 is plain on its face and the Supreme Court has expressly endorsed this principle. *See Herman & MacLean v. Huddleston*, 459 U.S. 375, 381 n.11 (1983). As a consequence, statements found in portions of the registration statement that were neither prepared nor certified by PwC—like those found in the "Management Discussion and Analysis of Financial Condition

---

[5] Although Plaintiffs cite *Twombly* and *Iqbal* in their response, their treatment of these cases is woefully incomplete. Plaintiffs do not mention the two-prong analysis prescribed by these cases. They ignore that all conclusory allegations (including blanket assertions, legal conclusions marauding as factual allegations, and threadbare recitals of the elements) must be disregarded. And they fail to note that the Complaint must plead factual content that permits the Court to infer more than the mere *possibility* of misconduct.

5

and Results of Operations" section—cannot provide the basis for Section 11 liability against PwC. *See In re Marsh & McLennan Cos. Sec. Litig.*, 501 F. Supp. 2d 452, 478, 492 n.18 (S.D.N.Y. 2006); *Endo v. Albertine*, 863 F. Supp. 708, 732 n.52 (N.D. Ill. 1994); *Lattanzio v. Deloitte & Touche LLP*, 476 F.3d 147, 154-56 (2d Cir. 2007). Plaintiffs never challenge this.

        **C.**    **Plaintiffs Do Not Dispute That the Alleged Misrepresentations Set Forth In Paragraphs 393, 395, and 407 of the Complaint Appear in the MD&A Section of Colonial's 2007 10-K, Which Was Not "Prepared or Certified" by PwC.**

The Complaint identifies only three alleged misstatements that form the basis for Plaintiffs' Section 11 claims against PwC and the other Defendants:

- Under the title "False and Misleading Statement Regarding Goodwill," paragraph 393 of the Complaint quotes a narrative from the MD&A section of Colonial's 2007 10-K.

- Under the title "False and Misleading Statements Regarding Conservative Underwriting Standards," paragraph 395 also quotes a narrative from the MD&A section of the 10-K.

- Under the title "False and Misleading Statements Regarding Conservative Underwriting Standards," paragraph 407 likewise quotes a narrative from the MD&A section of Colonial's 10-K.

Under *Marsh & McLennan*, *Endo*, and *Lattanzio*, these statements in the MD&A section cannot be attributed to PwC as a matter of law. Viewed through the lens of *Iqbal*, Plaintiffs' Complaint fails to state a "plausible" claim for relief against PwC because the Court cannot "draw the reasonable inference that [PwC] is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Rather than concede (as they should) that the three alleged misstatements in their Section 11 claim were neither prepared nor certified by PwC, Plaintiffs mischaracterize the Complaint's allegations by suggesting that the Complaint actually identified alleged misrepresentations *in the audited consolidated financial statements*. For example:

6

- On page 5 of their response, Plaintiffs state that the lack of a goodwill impairment charge in 2007 "was reflected in the Company's consolidated financial statements," citing paragraph 391 of the Complaint as support. Paragraph 391 does not include any such allegation, but rather merely quotes PwC's one-sentence opinion in its audit report, a sentence that makes no reference to a goodwill impairment charge or the lack thereof. (*See* Compl. ¶ 391.)

- On page 12 of their response, Plaintiffs assert that they have alleged "that PwC issued misleading statements in Colonial's consolidated financial statements" and cite to paragraphs 391, 414, 446, and 453 of their Complaint. Those paragraphs merely quote PwC's one-sentence audit opinion or state, in conclusory fashion, that the Offering Materials as a whole—rather than the consolidated financial statements contained therein—were inaccurate. (*See id.* ¶¶ 391, 414, 446, 453.)

- Again on page 12 of their response, Plaintiffs state that "Colonial's consolidated financial statements for 2007 . . . were inaccurate and misleading," but they cite to the very same paragraphs of the Complaint cited in the preceding bullet point, which include no such allegation. (*See id.* ¶¶ 391, 414, 446, 453.)

- At the top of page 13, Plaintiffs proclaim that Colonial's "failure to take any write-off rendered its consolidated financial statements misleading," citing paragraph 394 of the Complaint. Paragraph 394, however, refers only to the alleged "false assertion" contained in the MD&A section of the 10-K and never mentions Colonial's consolidated financial statements. (*See id.* ¶ 394.)

Thus, although Plaintiffs repeatedly and baldly represent in their response that the Complaint actually alleges misstatements in the consolidated financial statements that were audited by PwC,

Plaintiffs' representations do not withstand scrutiny. Even a cursory review of the paragraphs cited by Plaintiffs reveals that the Complaint does not allege a single misstatement in the consolidated financial statements.[6]

### D. Plaintiffs Cannot Reconfigure Their Complaint by Introducing New Allegations in Their Response to PwC's Motion to Dismiss.

In addition to arguing that their Complaint allegations say things that they do not say, Plaintiffs' response brief introduces two brand new sets of alleged misstatements that Plaintiffs argue as a basis of liability. These arguments must be disregarded, however, because the alleged misstatements upon which Plaintiffs' arguments are based are not contained in the Complaint. As noted above (*see* footnote 1), it is "axiomatic" that Plaintiffs cannot change the allegations of their Complaint in their response to PwC's motion to dismiss.

In their brief, Plaintiffs argue, for the very first time, that the net income figure in Colonial's consolidated financial statements was misstated. ***The Complaint's Section 11 allegations never mention net income***. In fact, the phrase "net income" appears only once in the entire 151-page, 471-paragraph Complaint: in paragraph 143, a paragraph that Plaintiffs did not

---

[6] Plaintiffs' failure to allege a misstatement attributable to PwC is dispositive of PwC's motion to dismiss, but the Complaint's allegations regarding goodwill impairment also are flawed in several other respects. The Complaint fails to plausibly suggest that any statements regarding goodwill were either false or material. Plaintiffs repeatedly argue that their Complaint explains how goodwill was impaired, but the Complaint paragraphs they cite are simply conclusory allegations that goodwill was "severely impaired" (*see* Pls.' Resp. at 13, 14, citing Compl. ¶ 394), allegations that paraphrase GAAP but do not identify how GAAP was violated (*see* Pls.' Resp. at 14, citing Compl. ¶¶ 129, 130), and conclusory allegations that state that goodwill impairment testing was not performed when it should have been but that do not state that the testing, had it been conducted, would have shown that goodwill was impaired at that time (*see* Pls.' Resp. at 14, citing Compl. ¶¶ 129, 136). Additionally, Plaintiffs have not only failed to allege any misstatement allegedly attributable to PwC, but they also have failed, with respect to the misstatements allegedly made by the other Defendants regarding goodwill, to specify the amount of any goodwill impairment that allegedly should have been taken earlier, thereby failing to satisfy their obligation to plausibly suggest that any misstatement regarding goodwill was material. With respect to the deficiencies in the Complaint's allegations regarding goodwill impairment, PwC incorporates by reference the arguments contained in the other Defendants' reply briefs regarding the insufficiency of Plaintiffs' allegations.

incorporate into their Section 11 allegations. (*See* Compl. ¶ 143; *see also id.* ¶ 363.) Like paragraph 143, the other paragraphs of the Complaint that generally refer to "income" were not incorporated into Plaintiffs' Section 11 allegations either. (*See id.* ¶¶ 141, 143, 144, 149.)[7]

Plaintiffs also argue, for the first time, that PwC's audit opinion (which they refer to as PwC's "certification") was false. ***The Complaint never alleges that PwC's audit opinion was false.*** In paragraph 391, Plaintiffs quote PwC's one-sentence audit opinion, which essentially stated that, in PwC's opinion, Colonial's consolidated financial statements were presented fairly, in all material respects, in accordance with generally accepted accounting principles. (*See* Compl. ¶ 391.) In the *next* paragraph of their Complaint, Plaintiffs state that "The 2007 10-K that was incorporated by reference in the Prospectus Supplement contained *the following* materially false and misleading statements," and the Complaint goes on, in sections bearing the title "False and Misleading Statement," to quote exclusively from the MD&A section of the 10-K. (Compl. ¶ 392 (emphasis added); *see also id.* ¶¶ 393, 395, 407.) Plaintiffs simply have not alleged in their Complaint that PwC's audit opinion was false or misleading.[8]

---

[7] Additionally, all of these references to "income" appear in the context of the Complaint's discussion of Colonial's allowance for loan losses ("ALL") (*see generally* Compl. ¶¶ 141-155), not goodwill impairment (*see id.* ¶¶ 128-140).

[8] Plaintiffs' failure to allege that PwC's audit opinion was false is hardly surprising. In the audit opinion, PwC opined that the consolidated financial statements were presented fairly, in all material respects, in accordance with GAAP. (*See* Compl. ¶ 391.) Although Plaintiffs alleged elsewhere in the Complaint that Colonial's treatment of goodwill violated GAAP (*see id.* ¶¶ 138, 140), Plaintiffs consciously and deliberately decided *not* to incorporate those allegations into their Section 11 claims. (*See id.* ¶ 394 (incorporating paragraphs 129 through 132 and 134 through 137 into the Section 11 claims, but omitting paragraphs 138 and 140).) Without any allegation in their Section 11 claims that Colonial's treatment of goodwill violated GAAP, much less factual allegations to support such a conclusion, even a conclusory allegation that PwC's audit opinion was false would not cross the threshold from mere possibility to plausibility under *Twombly* and *Iqbal*.

Because the Complaint's Section 11 allegations fail to identify any material misstatement or omission attributable to PwC, Plaintiffs' Section 11 claims against PwC must be dismissed.

## II. PLAINTIFFS' SECTION 11 CLAIMS SOUND IN FRAUD AND THEREFORE ARE SUBJECT TO RULE 9(B)'S HEIGHTENED PLEADING STANDARDS.

Even if Rule 8(a)'s plausibility standard did not mandate dismissal of Plaintiffs' Section 11 claims against PwC, Rule 9(b)'s heightened pleading standards would.

Under Rule 9(b), Plaintiffs must allege precisely what alleged misstatements were made and to whom those statements can be attributed. *See Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). The Complaint does not contain such allegations and, as noted above, Plaintiffs respond to this argument by mischaracterizing the allegations of their Complaint. (*See* Pls.' Resp. at 12.)

Additionally, Plaintiffs must specify what PwC obtained as a consequence of its alleged misconduct. *See Ziemba*, 256 F.3d at 1202. The scant five paragraphs of the Complaint mentioning PwC never identify what benefit PwC allegedly received. (*See* Compl. ¶¶ 364, 384, 391, 436, 446.) In fact, in their response brief, Plaintiffs acknowledge the first three Rule 9(b) requirements recognized in *Ziemba*, but they completely fail to mention this fourth requirement. (*See* Pls.' Resp. at 11-12.)

Having failed to satisfy Rule 9(b)'s heightened pleading requirements, Plaintiffs contend that Rule 9(b) does not apply to its Section 11 claims against PwC. Plaintiffs' argument misses the mark, however, for two reasons.

*First*, the Eleventh Circuit's decision in *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273 (11th Cir. 2006), squarely controls this issue. The *Wagner* Court wrote: "In line with the majority of circuits to address the matter, we hold that Rule 9(b) applies when the misrepresentation justifying relief under the Securities Act is also alleged to support a claim for

10

fraud under the Exchange Act and Rule 10b-5." *Id.* at 1277. In other words, if the same misrepresentation provides the basis for both a fraud (*e.g.*, Section 10(b)/Rule 10b-5) claim and a nonfraud (*e.g.*, Section 11) claim, Rule 9(b) applies to both claims. As a corollary, if a plaintiff asserts a nonfraud claim "without alleging the misrepresentation at issue in the claim was fraudulent," the plaintiff would avoid Rule 9(b)'s heightened pleading standards. *Wagner*, 464 F.3d at 1278. The question is simply whether the same misrepresentation is alleged in the fraud claim and the nonfraud claim, regardless of whether the claims have been "meticulously separate[d]" or "independently organized." (Pls.' Resp. at 8.)

The answer to that question is readily apparent: the alleged misrepresentations in Plaintiffs' Section 11 claims are a subset of the misrepresentations alleged to be fraudulent. In their Section 11 claim, Plaintiffs assert that an excerpt regarding goodwill impairment from the 2007 10-K's MD&A section was false (*see* Compl. ¶ 393), and the same statement is alleged to be fraudulent in Plaintiffs' Section 10(b) claim (*see* Compl. ¶ 245). The same can be said for the alleged misstatements regarding underwriting standards. In their Section 11 claim, Plaintiffs assert that two excerpts regarding underwriting were false (*see* Compl. ¶¶ 395, 407), and the same statements are alleged to be fraudulent in their Section 10(b) claim (*see* Compl. ¶¶ 249, 253). Accordingly, *Wagner* requires the application of Rule 9(b)'s heightened pleading requirements.

In an effort to avoid these requirements, Plaintiffs employ a familiar approach: they urge this Court to apply the wrong pleading standard by citing opinions that are no longer good law. Just as Plaintiffs cite pre-*Twombly* cases to argue that Rule 8(a)'s pleading standard is "exceedingly low" (*see supra*), Plaintiffs cite a quartet of pre-*Wagner* cases for the proposition that Rule 9(b)'s heightened pleading requirements do not apply to a Section 11 claim even if the

11

Section 11 claim relies on "similar if not identical facts" as an accompanying Section 10(b) claim. (*See* Pls.' Resp. at 9, quoting *Holmes v. Baker*, 166 F. Supp. 2d 1362, 1372 (S.D. Fla. 2001).) The four cases cited by Plaintiffs—*Holmes*, *Marrari*, *Hamilton Bancorp*, and *Sherleigh Associates*—are all district court opinions from the Southern District of Florida that were issued **before** the Eleventh Circuit's 2006 decision in *Wagner*. *Wagner* is the controlling authority here, and Plaintiffs should not be asking this Court to adopt an approach that the Eleventh Circuit repudiated four years ago.

*Second*, despite Plaintiffs' protestations to the contrary, Plaintiffs' claims against PwC are not exclusively rooted in theories of innocent or negligent conduct. (*See* Pls.' Resp. at 11.) Plaintiffs have alleged that PwC **concealed** material facts. Specifically, in Count III, Plaintiffs allege that "[t]he Note Offering Materials . . . concealed . . . material facts" (Compl. ¶ 414) and then, in the very next paragraph, they allege that PwC, like the other Defendants, was "responsible for the contents and dissemination of the Note Offering Materials" (*id.* ¶ 415). The same allegations are contained in Count VI, which relates to the stock offering. (*See id.* ¶¶ 453, 454.) These allegations of concealment implicate PwC's reputation, thereby justifying the application of Rule 9(b)'s heightened pleading standards. *See Wagner*, 464 F.3d at 1278. For this very reason, Rule 9(b)'s requirements have been applied to Section 11 claims that allege concealment. *See, e.g.*, *Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 161 (3d Cir. 2004); *Klein v. Gen. Nutrition Cos.*, 186 F.3d 338, 343 n.4 (3d Cir. 1999).

Because the same alleged misstatements form the basis of Plaintiffs' Section 11 claims and their fraud-based Section 10(b) claims, and because Plaintiffs affirmatively allege in their Section 11 claims that PwC "concealed" material facts, Rule 9(b)'s heightened pleading standards apply to the Section 11 claims. Plaintiffs have not satisfied those standards because

the Complaint does not differentiate between PwC and the other sixty-two Defendants with regard to their liability for the alleged misstatements in the MD&A section of the 10-K, and because the Complaint does not specify the benefit that PwC received as a result of its alleged misconduct. Thus, Plaintiffs' claims against PwC must be dismissed pursuant to Rule 9(b).

### III. PLAINTIFFS LACK STANDING TO BRING THEIR SECTION 11 CLAIM REGARDING THE APRIL 2008 SECONDARY OFFERING.

Plaintiffs have ***not*** alleged in the Complaint that they themselves purchased Colonial stock pursuant or traceable to the April 2008 secondary stock offering. In fact, as PwC observed in its opening brief, the Amended Certifications filed by each named Plaintiff show that Plaintiffs did not purchase their shares on April 23, 2008 (the day of the offering) and that Plaintiffs' purchases were made at various times ranging from one week to eight months after the offering.[9] Therefore, Plaintiffs' Colonial stock was purchased in the aftermarket, where stock issued in the April 2008 secondary offering had been commingled with, and was indistinguishable from, Colonial shares that were issued in the earlier offering(s).[10]

Confronted with this serious tracing obstacle, Plaintiffs merely allege that they seek to represent a class of unnamed and unidentified persons and entities who purchased or acquired

---

[9] While Plaintiffs suggest that PwC did not offer "any unique argument" with respect to the standing issue (Pls.' Resp. at 7 n.7), PwC analyzed each named Plaintiff's Amended Certification and pointed out that none of the Plaintiffs purchased Colonial stock on the day of the offering. (*See* PwC's Br. at 14-15.) Plaintiffs offer no response to these observations.

[10] Of course, Plaintiffs could not overcome this standing hurdle simply by including in their Complaint a conclusory allegation that they purchased stock traceable to the April 2008 offering. Even if the Complaint had included such an allegation (which it does not), such a blanket assertion would not suffice after the Supreme Court's admonition in *Twombly* that conclusory statements, blanket assertions, bare averments, and threadbare recitals of the elements of a cause of action are not entitled to a presumption of truth, and must be disregarded. *Twombly*, 550 U.S. at 555 n.3. Thus, to the extent that Plaintiffs suggest that a conclusory allegation would suffice, their argument is misguided because the cases that Plaintiffs cite for support—*Global Crossing*, *Suprema Specialties*, *Seebeyond Technologies* and *Sterling Foster*—were decided prior to 2007, when the Supreme Court issued its decision in *Twombly* and clarified the proper treatment of such conclusory factual allegations.

Colonial stock traceable to the April 2008 offering. (Compl. ¶ 436.) Such an allegation is insufficient, as a matter of law, to plead standing in this Circuit: Under clearly established Eleventh Circuit precedent, Plaintiffs, as named plaintiffs and putative class representatives, must have standing on their own accord; they cannot piggyback on a conclusory allegation that unspecified putative class members have standing. *See, e.g.*, *Griffin v. Dugger*, 823 F.2d 1478, 1482 (11th Cir. 1987). This Court has faithfully applied this settled principle of Eleventh Circuit law. *See, e.g.*, *Twarog v. Allen*, No. 2:05-CV-811, 2007 WL 2228635, at *4 (M.D. Ala. July 31, 2007) (Thompson, J.) (named plaintiffs in a class action must have standing); *Sims v. Montgomery County Comm'n*, Nos. 3708-N, 82-717-N, 1992 WL 714818, at *3 (M.D. Ala. May 18, 1992) (Thompson, J.) (quoting *Griffin* at length).

Therefore, to the extent that Plaintiffs cite Section 11 cases from other jurisdictions (such as *Immune Response* and *Seebeyond Technologies*) to suggest that they can piggyback on conclusory allegations that unidentified putative class members have standing, those cases are trumped by long-standing Eleventh Circuit precedent. Here, the named Plaintiffs must plausibly allege that they themselves have standing before their Complaint can survive PwC's motion to dismiss. Because the Complaint contains no such allegation, Plaintiffs' Section 11 claim against PwC based on the April 2008 secondary stock offering must be dismissed.

## **CONCLUSION**

For all these reasons, the Court should grant PwC's Motion to Dismiss in its entirety and dismiss Plaintiffs' Section 11 claims (Counts III and VI) against PwC.

Respectfully submitted this 16th day of February, 2010.

                                                KING & SPALDING LLP
                                                */s/ Elizabeth V. Tanis*
                                                Elizabeth V. Tanis  (Georgia Bar No. 697415)
                                                etanis@kslaw.com;  admitted *pro hac vice*

| | |
|---|---|
| Tabor R. Novak, Jr. (NOV001) | Elizabeth V. Tanis (Georgia Bar No. 697415) |
| tnovak@ball-ball.com | etanis@kslaw.com;  admitted *pro hac vice* |
| E. Ham Wilson, Jr. (WIL707) | Shelby S. Guilbert, Jr. (Georgia Bar No. 315101) |
| hwilson@ball-ball.com | sguilbert@kslaw.com;  admitted *pro hac vice* |
| BALL, BALL, MATTHEWS & | G. Patrick Montgomery (Georgia Bar No. 595906) |
| NOVAK, P.A. | pmontgomery@kslaw.com;  admitted *pro hac vice* |
| 200 Interstate Park Drive | KING & SPALDING LLP |
| Suite 204 | 1180 Peachtree Street, NE |
| Montgomery, Alabama  36109 | Atlanta, Georgia  30309-3521 |
| Telephone:  (334) 387-7680 | Telephone: (404) 572-4600 |
| Facsimile:  (334) 387-3222 | Facsimile: (404) 572-5140 |
| | |
| *Co-Counsel for Defendant* | Geoffrey M. Ezgar (California Bar No. 184243) |
| *PricewaterhouseCoopers LLP* | gezgar@kslaw.com; admitted *pro hac vice* |
| | KING & SPALDING LLP |
| | 101 Second Street |
| | Suite 2300 |
| | San Francisco, CA 94105 |
| | Telephone:  (415) 318-1200 |
| | Facsimile: (415) 318-1300 |
| | *Counsel for PricewaterhouseCoopers LLP* |

.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of February, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic filing system which will send notification of such filing to the following:

Thomas A. Dubbs (NY TD 9868), tdubbs@labaton.com
James W. Johnson (NY JJ 0123), jjohnson@labaton.com
Angelina Nguyen (NY AN 8929), anguyen@labaton.com
Alan I. Ellman, aellman@labaton.com
Christopher J. Keller, ckeller@labaton.com
Stefanie J. Sundel, ssundel@labaton.com
Thomas G. Hoffman, Jr., thoffman@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005

Ira M. Levee, ilevee@lowenstein.com
Michael S. Etkin, metkin@lowenstein.com
Lowenstein Sandler PC
65 Livingston Ave.
Roseland, NJ 70680

*Attorneys for Arkansas Teacher Retirement System, The State-Boston Retirement System, The Norfolk County Retirement System and City of Brockton Retirement System and Proposed Lead Counsel for the Class*

Tyrone C. Means (MEA003), tcmeans@tmgslaw.com
H. Lewis Gillis (GIL011), hlgillis@tmgslaw.com
Gerald C. Brooks (BRO212), gcbrooks@tmgslaw.com
THOMAS, MEANS, GILLIS & SEAY, PC
3121 Zelda Court
Montgomery, Alabama  36106

*Liaison Counsel to the Class*

Kimberly A. Sanders, kas@chimicles.com
Steven A. Schwart, sas@chimicles.com
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 W. Lancaster Avenue
Haverford, PA  19041

*Counsel for the Class*

ATL_IMANAGE-6756653.5

Michael S. Dampier, stevedampier@bellsouth.net
VICKERS, RIIS, MURRAY AND CURRAN, LLC
P.O. Box 2568
Mobile, AL  36652-2568

*Counsel for the Class*


Samuel H. Franklin (FRA006), sfranklin@lightfootlaw.com
James F. Hughey III (HUG044), jhughey@lightfootlaw.com
Enrique "Henry" J. Gimenez (GIM001), hgimenez@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200

Robert David Segall, segall@copelandfranco.com
COPELAND FRANCO SCREWS & GILL
P.O. Box 347
Montgomery, AL  36101-0347

*Attorneys for the Colonial BancGroup Defendants and Sheila P. Moody*


Carl S. Burkhalter, cburkhalter@maynardcooper.com
Alan F. Enslen, aenslen@maynardcooper.com
Steven L. McPheeters, smcpheeters@maynardcooper.com
Armstead Inge Selden, III, iselden@maynardcooper.com
MAYNARD COOPER & GALE PC
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, Alabama  35203

*Attorneys for the Note Underwriter Defendants and the Stock Underwriter Defendants*


Larry B. Childs, larry.childs@wallerlaw.com
WALLER LANSDEN DORTCH & DAVIS LLP
1901 Sixth Avenue North, Suite 1400
Birmingham, Alabama  35203

Walter Edgar McGowan, wem@glsmgn.com
GRAY LANGFORD SAPP McGOWAN GRAY, GRAY & NATHANSON, P.C.
P.O. Box 830239
Tuskegee, AL  36083-0239

*Attorneys for Lewis E. Beville, William Britton, Jerry J. Chesser, Augustus K. Clements, III, Robert S. Craft, Patrick F. Dye, Hubert L. Harris, Jr., Clinton O. Holdbrooks, Deborah L. Linden, John Ed Mathison, Milton E. McGregor, Joseph D. Mussafer, William E. Powell, III, James W. Rane, Simuel Sippial, Jr., and Edward V. Welch*


**SERVICE BY MAIL:**

Sheila Watters Sawyer
WALLER LANSDEN DORTCH & DAVIS LLP
511 Union Street
Suite 2700
Nashville, TN  37219

*Attorney for Director Defendants Beville, et al.*


                      KING & SPALDING LLP

                      */s/ Elizabeth V. Tanis*
                      Elizabeth V. Tanis  (Georgia Bar No. 697415)
                      etanis@kslaw.com; admitted *pro hac vice*

                      1180 Peachtree Street, NE
                      Atlanta, Georgia  30309-3521
                      Telephone: (404) 572-4600
                      Facsimile: (404) 572-5140

                      *Counsel for PricewaterhouseCoopers LLP*