# EXHIBIT A

**TOLLING AGREEMENT**

THIS TOLLING AGREEMENT (the "Agreement") is made as of November 10TH, 2009 (the "Effective Date") between the Arkansas Teacher Retirement System, State-Boston Retirement System, Norfolk County Retirement System, City of Brockton Retirement System, and The Horace F. Moyer and Joan M. Moyer Living Trust (the "Plaintiffs") and Bear Stearns Companies; Charles Schwab & Co., Inc; Fidelity Capital Markets; H&R Block Financial Advisors, Inc. (n/k/a Ameriprise Advisor Services, Inc.); J.J.B. Hilliard, W.L. Lyons, Inc.; Janney Montgomery Scott LLC; Keefe, Bruyette & Woods, Inc.; Oppenheimer & Co., Inc.; Raymond James & Associates; Robert W. Baird & Co. Incorporated; Sterne, Agee & Leach, Inc.; Wells Fargo Securities, LLC; B.C. Ziegler and Company; City Securities Corporation; Crowell, Weedon & Co.; D.A. Davidson & Co.; Davenport & Company, LLC; Doley Securities, LLC; Ferris, Baker Watts, Inc. (n/k/a RBC Wealth Management); Fixed Income Securities, LP (n/k/a Advisors Asset Management); Jefferies & Company, Inc.; Mesirow Financial, Inc.; Pershing LLC; Piper Jaffray & Co.; Samuel A. Ramirez & Co., Inc; Stone & Youngberg LLC; Wedbush Morgan Securities; and William Blair & Company, LLC (collectively and individually, the "Tolled Underwriters").

WHEREAS, on June 22, 2009, the Plaintiffs filed a Consolidated Complaint against Colonial BancGroup, Inc. ("Colonial"), the Tolled Underwriters, and other defendants (collectively, "the Defendants") in the United States District Court for the Middle District of Alabama, CV No. 2:09-CV-104-MHT, on behalf of investors in certain securities issued by Colonial or its affiliates, alleging claims, *inter alia*, pursuant to Sections 11 and 12(a)(2) of the Securities Act of 1933 (the "Securities Action");

WHEREAS, discussions occurred between Plaintiffs' counsel and counsel for the Tolled Underwriters regarding the terms of a tolling agreement;

WHEREAS, the parties determined that entering into this Agreement will promote judicial efficiency and further the effective administration of this Action;

WHEREAS, the Plaintiffs determined that entering into this Agreement will benefit the Class;

WHEREAS, the Tolled Underwriters allegedly participated in and/or provided services in connection with certain offerings of securities by Colonial or its affiliates (all such services provided by the Tolled Underwriters are referred to as the "Underwriter Engagement");

WHEREAS, the Tolled Underwriters deny any wrongdoing in connection with the Underwriter Engagement;

WHEREAS, Plaintiffs wish to preserve their rights and the rights of absentee class members to assert the same or similar claims against the Tolled Underwriters as those that could be asserted against them in the Consolidated Complaint filed on June 22, 2009, and as amended (if such complaint is subsequently amended to assert additional claims) (the "Tolled Securities Claims");

WHEREAS, the Tolled Underwriters and Plaintiffs wish to avoid the cost, expense, and disruption of potentially unnecessary litigation and to toll the statutes of limitation and repose with respect to the Tolled Underwriters; and

WHEREAS, the Tolled Underwriters and Plaintiffs, on behalf of themselves and absentee members of the Class, will submit to the Court a Joint Stipulation and Order providing for dismissal without prejudice of the Tolled Underwriters from the Consolidated Complaint, pursuant to FED. R. CIV. P. 41(a)(2).

NOW, for the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs and the Tolled Underwriters agree as follows:

1. Any statute of limitations, statute of repose, or other time-related defense or claim, whether statutory, contractual or otherwise, with respect to any Tolled Securities Claims, including without limitation any claim or cause of action that was asserted in the Securities Action or could be asserted in the Consolidated Complaint, is tolled during the Tolling Period, as defined herein; provided, however, that nothing in this Tolling Agreement shall operate to revive or extend the time for filing any Securities Claim that was already time-barred or barred by any applicable statute of limitations as of the Effective Date, and nothing in this Tolling Agreement shall limit or affect any tolling or extension of applicable statutes of limitations that exist or existed independent of this Agreement, including tolling pursuant to common law or otherwise. The "Tolling Period" shall be the time from the date of this Agreement through the later of: (a) the Termination Date (as defined in Paragraph 5, below); or (b) the end of the Additional Period (as defined in Paragraph 6, below):

2. The Tolling Period shall not be included in determining the applicability of any statute of limitations or repose, laches, or any other defense based on the passage of time in any suit brought by Plaintiffs or any other absentee member of the class with respect to any Tolled Securities Claims.

3. No claim, cause of action, or assertion of rights that would otherwise constitute a Tolled Securities Claim shall be included in the Consolidated Complaint as to the Tolled Underwriters or filed against the Tolled Underwriters by Plaintiffs in any other civil action in any state or federal court prior to the Termination Date, except as set forth in paragraph 6, below.

4.       The standard applicable to the Tolled Underwriters' responses to discovery requests served by Plaintiffs in the Securities Action shall be the standard applicable as if the Tolled Underwriters were named parties in the Consolidated Complaint. Any discovery requests directed to any of the Tolled Underwriters shall be served upon counsel for the Tolled Underwriters. In the event of any dispute regarding discovery, the Tolled Underwriters shall not assert that the scope of discovery to be provided in response to Plaintiffs' requests should be limited in any fashion on account of the Tolled Underwriters not being named defendants in the Securities Action. Notwithstanding the foregoing, the Tolled Underwriters do not waive, and expressly preserve, any and all objections (including, for example, objections as to relevance, privilege, overbreadth, and burden) that they could otherwise assert as named defendants in the Securities Action.

5.       This agreement shall terminate (the "Termination Date") on the earlier of: (a) the settlement or final conclusion of the Securities Action; (b) forty-five days after receipt by counsel for the Plaintiffs of written notice from the Tolled Underwriters of their intent to terminate this agreement; or (c) forty-five days following the receipt by counsel for the Tolled Underwriters of written notice from Plaintiffs of their intent to terminate this agreement. Notwithstanding the foregoing, the Termination Date shall be extended to the end of any Additional Period described in paragraph 6, below. For the avoidance of doubt, both Plaintiffs and the Tolled Underwriters have the absolute right to deliver a notice to terminate this agreement at any time and for any reason, provided the terminating party complies with the notice provisions set forth herein.

6.       Following the provision of a notice pursuant to Paragraph 5(b) or 5(c) above, the Tolling Period shall continue for Plaintiffs to file an amended complaint naming the Tolled Underwriters (or to file a motion seeking leave to amend the operative complaint to add the

Tolled Underwriters as defendants) until the later of: (i) thirty days following the Termination Date; or (ii) such date as is established by the Court in connection with any request or motion to file such amended pleading (the "Additional Period").

7. Should the Plaintiffs deliver a notice of termination of this Agreement, the Tolled Underwriters as to which such notice applies shall be entitled to seek any and all appropriate relief from the Court, including but not limited to dismissal of the claims asserted against them or an opportunity to conduct discovery and Plaintiffs preserve their right to oppose such relief, as appropriate.

8. This Agreement shall not prejudice any defenses, including but not limited to jurisdiction, which may be asserted other than as set forth in Paragraph 1 herein.

9. The execution of this Agreement is not, and shall not operate as, an admission of liability, wrongdoing, or responsibility by the Tolled Underwriters to any person or entity, and nothing herein shall prejudice or affect any other rights or liabilities of Plaintiffs or the Tolled Underwriters.

10. The execution of this Agreement shall not preclude or prevent the Tolled Underwriters from participating in any mediation or alternative dispute resolution at the invitation of the Plaintiffs with respect to any potential claims against the Tolled Underwriters.

11. This Agreement shall be binding on the successors and assigns of each party.

12. This Agreement constitutes the entire agreement and understanding between Plaintiffs and the Tolled Underwriters respecting the subject matter herein and shall not be modified except in a writing signed by counsel for Plaintiffs and the Tolled Underwriters.

13. Counsel for the Plaintiffs and counsel for the Tolled Underwriters, respectively, represent and warrant that they are authorized to execute this Agreement on behalf of their

respective clients, and intend this Agreement to be a valid and binding obligation, enforceable in accordance with its terms.

14. Any notices relating to or arising out of this Agreement (including any notice of termination) shall be delivered by hand and shall be addressed as follows:

**To Counsel for Plaintiffs:**

Thomas A. Dubbs
James W. Johnson
Labaton Sucharow LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

**To Counsel for the Tolled Underwriters:**

A. Inge Selden
Carl S. Burkhalter
Alan F. Enslen
Steven L. McPheeters
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, Alabama 35203-2618
(205) 254-1000

15. This Agreement shall be deemed to have been entered into and shall be construed and enforced in accordance with the laws of the State of New York without regard to the conflicts of law provisions thereof.

16. This Agreement may be executed in counterparts, each of which counterpart shall be original, but together shall constitute one and the same instrument

IN WITNESS WHEREOF, the parties hereto have executed this Agreement.

FOR PLAINTIFFS:

By: _____
LABATON SUCHAROW LLP
Thomas A. Dubbs
James W. Johnson
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700

FOR THE TOLLED UNDERWRITERS:

By: _____
MAYNARD, COOPER & GALE, P.C.
A. Inge Selden
Carl S. Burkhalter
Alan F. Enslen
Steven L. McPheeters
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, Alabama 35203-2618
(205) 254-1000