IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In re ) | |
| COLONIAL BANCGROUP, INC. ) | CIVIL ACTION NO. |
| SECUIRITES LITIGATION ) | 2:09cv104 - MHT |

## SECOND OPPOSITION TO MOTION TO STRIKE

COME NOW Defendants Robert E. Lowder, Sarah H. Moore, T. Brent Hicks and Sheila Moody (collectively "Defendants") in further opposition to Lead Plaintiffs' Motion to Strike Extraneous Documents Submitted with Defendants Robert E. Lowder, Sarah H. Moore, T. Brent Hicks and Sheila Moody's Response in Support of Their Motion to Dismiss (D.E. 300) ("Plaintiffs' Motion") and state as follows:

### INTRODUCTION

As the Supreme Court recently reiterated, "[d]etermining whether a complaint states a plausible claim for relief will [] be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009). Plaintiff's Motion seeks to have this Court abandon this mandate by pretending that the economic context in which Plaintiffs' claims allegedly arise should not be considered in evaluating their securities fraud claim. As case law clearly allows the Court's consideration of the entirety of Defendants' submission, Plaintiffs' Motion is due to be denied.

1

I.   **DEFENDANTS' SUPPLEMENTAL SUBMISSION IS IN SUPPORT OR REBUTTAL OF EXISTING ARGUMENTS.**

Notably, Plaintiffs do not allege that Defendants' evidentiary submission seeks to raise new arguments. *See generally*, Plaintiffs' Motion. Rather, Plaintiffs' Motion suggests only that "the Exhibits constitute and contain '<u>facts</u> . . . that are entirely new.'"[1] Plaintiffs' Motion, p. 3 (internal citation omitted) (emphasis added). When examined under the appropriate judicial lens, it is clear that federal courts do not reject reply briefs' citations to additional authority in support or rebuttal of existing arguments. *See, e.g., Murray v. TXU Corp., et al.*, 2005 WL 1313412 (N.D. Tex. 2005). In *Murray*, the district court denied the plaintiff's motion to strike new authority offered by the defendants' in their reply brief:

> The purpose for having a motion, response, and reply is to give the movant the final opportunity to be heard, and 'to *rebut* the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion.' . . . All of Defendants' arguments either rebut Plaintiff's Response, or bolster the arguments made in Defendants' initial Motion. Yet, Plaintiff contends that Defendants have misstated many of Plaintiff's arguments,' and that this tactic could 'trick' and 'distract' the court. . . . Again, such contentions lack substance. The Court is well aware that a party will buttress its own arguments while trying to undermine those from opposing parties. Such tactics are neither novel, nor surprising. Indeed, they are expected to a certain extent. In short, the Court need not be coddled in its

---

[1] This is in complete contrast to the cases cited in purported support by Plaintiffs, all of which deal with defendants' attempts to raise new legal <u>arguments</u> for the first time in their reply brief. *See*, Plaintiffs' Motion, p. 2 (citing *Powell v. Carey Intern., Inc.*, 490 F.Supp. 2d 1202, 1206, n. 4 (S.D. Fla. 2006) (denying plaintiffs' motions to strike reply brief in recognizing that courts' prohibition is on considering new arguments raised for the first time in reply brief); *Gutierrez v. 78th Judicial District Court*, 2009 WL 1507415 (W.D. Mich. 2009) (rejecting defendant's attempt to raise immunity defense for first time in reply brief); *In re Terry Manuf. Co.*, 2007 WL 4287366 (M.D. Ala. 2007) (rejecting defendant's attempt to raise lack of notice as defense for first time in reply brief); *Barnette v. City of Phenix City, at al.*, 2007 WL 3307213 (M.D. Ala. 2007) (rejecting defendants' attempt to include new argument for summary judgment in reply brief).

> reading of motions and briefs. . . . Assuming no new arguments are raised, the Court finds it nonsensical to believe a party must limit its research to previous briefings.

*Murray*, 2005 WL 1313412 at *4 (internal citations omitted); *see also*, *Ilozor v. Hampton University*, 2007 WL 1310179 (E.D. Va. 2007) (denying motion to strike affidavits submitted as part of defendant's reply brief where materials simply served to support defendant's original arguments and rebut contention contained in plaintiff's responsive brief); *Jackson v. Worldwide Flight Services, Inc.*, 2004 WL 2203430, *1, n. 2 (N.D. Ill. 2004) (denying plaintiff's motion for leave to file a surreply where court found that defendant's reply brief merely contained reasonable responses to arguments raised in plaintiff's opposition brief); *Siegemund v. Shapland*, 2002 WL 31123861, *5-*6 (D. Me. 2002) (denying motion to strike reply brief citing new authority where its arguments addressed new matter raised in plaintiff's opposition), *overruled on other grounds*, 247 F.Supp.2d 1 (D. Me. 2003); *Doebele v. Sprint Corp.*, 168 F.Supp.2d 1247, 1253-55 (D. Kan. 2001) (denying motion to reconsider grant of summary judgment because "new" material considered by court was largely additional factual support for legal argument set forth in defendants' initial brief) (citing *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1134 (7th Cir. 1996) (holding that "[w]here the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers – both briefs and affidavits – may properly address those issues."); *Glickman v. Home Ins. Co.*, 1994 WL 324554 (D. Kan. 1994) (noting that court should consider new evidence in reply which is directly responsive to evidence in opposition brief)).

Just as in *Murray*, Defendants' supplemental evidentiary submission does nothing more than offer material in support of their original arguments or in rebuttal to opposition from Plaintiffs:

- <u>Exhibit A, FDIC Failed Bank List</u> – This information was actually included as part of Defendants' original Motion to Dismiss and was merely supplemented in their reply brief. Plaintiffs can offer no support to suggest that additional, post-original-brief authority is inappropriate for submission, particularly where it is in response to arguments made by Plaintiffs in their opposition. *See*, Plaintiffs' Opposition to Motion to Dismiss, pp. 32-34 (attacking ability to argue that economic downturn contributed to economic losses) (D.E. 284). In fact, *Murray* makes clear that "it [is] nonsensical to believe a party must limit its research to previous briefings" where no new arguments are raised. 2005 WL 1313412, *4.

- <u>Exhibits B and C, Consolidated Class Action Complaints</u> – As Plaintiffs concede, both *Patel* and *Novastar* were cited in Defendants' Motion to Dismiss. *See*, Plaintiffs' Motion, p. 3, n. 4. They were not only cited, however, they were expressly discussed and quoted at length in support of Defendants' contention that Plaintiffs' Complaint constituted inappropriate puzzle pleading. *See*, Defendants' Motion, pp. 2-3, 57-60. In their Opposition, Plaintiffs expressly sought to rebut this argument, going so far as to expressly compare their Complaint to that in *Novastar*. *See*, Plaintiffs' Motion, pp. 51-52. To rebut this contention – and in further support of their original puzzle pleading argument – Defendants appropriately attached the original Complaints from each of those actions. As *Murray* explains, "a party will buttress its own arguments while trying to undermine those from opposing parties. Such tactics are neither novel, nor surprising. Indeed, they are

4

expected to a certain extent. In short, the Court need not be coddled in its reading of motions and briefs. . . ." 2005 WL 1313412, *4. No facts exist to change that analysis here.

- Exhibits D and E, Form 10-K and Form 8-K – In their Motion to Dismiss, Defendants argue that each of the alleged misstatements are protected by the "safe harbor" doctrine. *See*, Motion to Dismiss, pp. 80-85 (D.E. 236). In opposition, Plaintiffs attacked this proposition by suggesting that no level of cautionary language can provide protection for a current risk. *See*, Plaintiffs' Opposition, p. 41 (D.E. 284). Such an argument ignores, however, the significant and substantive cautionary language preceding any "current" risk. *See*, Defendants' Response in Support of Motion to Dismiss, p. 41 (D.E. 295). Accordingly, to rebut this contention – and in further support of their original "safe harbor" argument – Defendants appropriately attached a Form 10-K and Form 8-K that preceded the first alleged misstatement to establish that Colonial consistently identified **Risk Factors** associated with investment in the Company and routinely instructed potential investors that its financial representations necessarily included "'forward-looking statements' within the meaning of the federal securities laws." *Id*. As these reply materials merely respond to matters placed at issue by Plaintiffs' Opposition, Defendants may properly address them.

II. **EACH OF THE CHALLENGED EXHIBITS MAY BE JUDICIALLY NOTICED.**

As outlined in Defendants' Opposition to Motion to Strike (D.E. 286), the Eleventh Circuit has adopted the "incorporation by reference" doctrine, *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002), and unequivocally allows a court to "take judicial notice . . . of relevant public documents required to be filed with the SEC, and actually filed." *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1275-81 (11th Cir. 1999). Mirroring these judicially-created concepts, the Federal Rules of Evidence allow a court to take judicial notice of <u>any</u>

5

fact that is not "subject to reasonable dispute in that it is either (1) generally known within the jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

Plaintiffs do not challenge the public availability, authenticity or accuracy of any exhibit. Rule 201 requires little more:

- Exhibit A, FDIC Failed Bank List – Materials that are records or reports of governmental agencies satisfy Rule 201(b)(2). *See, e.g., Capece v. The Depository Trust and Clearing Corp.*, 2005 WL 4050118, *4-*5 (S.D. Fla. 2005) (allowing SEC release and website information to be judicially noticed) (citing *Terrebonne v. Blackburn,* 646 F.2d 997, 1000, n. 4 (5th Cir. 1981) (recognizing that "courts have not hesitated to take judicial notice of agency records and reports.")).

Further, while Plaintiffs may attempt to dispute that recent and unprecedented economic events affected Colonial and the markets, courts routinely take judicial notice of well-publicized economic phenomena and their impact, including the current market crisis. *See, e.g., First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 770 (2d Cir. 1994) (taking judicial notice of complexity of New York's real estate market and its downturn); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) (taking judicial notice of widely publicized junk bond market collapse); *Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Commerce*, 2010 WL 961596, *7, n. 2, *11 (S.D. N.Y. March 17, 2010) (considering internet sources and news articles to extent they inform *Tellabs*' competing inference analysis in dismissing complaint alleging that senior corporate managers misled investors about company's exposure to mortgage industry because company, "like so many other institutions, could not have been expected to anticipate the [credit market and global recession] crisis with the accuracy Plaintiff enjoys

6

in hindsight[.]") (internal citations omitted); *Pittleman v. Impac Mortg. Holdings, Inc.*, 2009 WL 648983, *4 (C.D. Cal. 2009) (rejecting plaintiff's argument that case was about "a staggering race-to-the-bottom of loan quality and underwriting standards" rather than one about "a company involved in a volatile industry at the onset of a long, destructive economic downturn"); *Miles-Hickman v. David Powers Homes, Inc.*, 613 F. Supp. 2d 872, 889 (S.D. Tex. 2009) (holding that "the Court cannot ignore the financial realities of mid-2008 and thereafter . . . [in taking] judicial notice of the global, national, and local financial and credit crises . . . which clearly severely exacerbated the decline in home sales[.]); *In re 2007 Novastar Financial, Inc. Sec. Litig.*, 2008 WL 2354367, *1 (W.D. Mo. 2008) (holding that "the reversals in [the subprime mortgage] industry are amenable to judicial notice"); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 289 F.Supp.2d 416, 421, n.6 (S.D. N.Y. 2003) (taking judicial notice of "internet bubble and its subsequent crash"); *Virtual Countries, Inc. v. Republic of South Africa*, 148 F. Supp. 2d 256, 267 (S.D. N.Y. 2001) (taking judicial notice of the internet market decline in 2000); *Procacci v. Drexel Burnham Lambert, Inc.*, 1989 WL 121984, *2, n. 3 (E.D. Pa. 1989) (taking judicial notice of the stock market crash of October 1987 on motion to dismiss); *Sherwin v. Oil City Nat'l Bank*, 18 F.R.D. 188, 194 (W.D. Pa. 1955) (taking judicial notice of stock market crash of October 1929 "and of the effect of the crash and of the economic conditions generally upon the value of common stocks for the subsequent three years"); *but see*, Plaintiffs' Motion, pp. 5-6. (cherry-picking language from *In re Ambac Financial Group, Inc. Sec. Litig.* in purported support of excluding evidence relating to the global economic collapse but failing to mention court's express recognition that the defendants' assertion that the corporate officers "could not predict the economic collapse and consequently the

company's modeling tools failed to value accurately the risk of loss underlying its []
portfolio" was "certainly one inference that c[ould] be drawn from the alleged facts.").

Similarly, it is entirely proper on a motion to dismiss for a court to look to readily available materials to educate itself about complex financial matters that are integral to the complaint. *See, e.g., Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 281 (3d. Cir. 1992) (surveying banking and accounting literature to educate itself about loan loss reserves in considering motion to dismiss); *In re Scottish Re Group Sec. Litig.*, 524 F.Supp.2d 370, 376, n. 22 (S.D.N.Y. 2007) (looking to "Coordinated Portfolio Investment Survey Guide" for information about income-related effects of securitization of assets at motion to dismiss stage).

- <u>Exhibits B and C, Consolidated Class Action Complaints</u> – Consistent with Rule 201(b)(1), courts routinely take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court. *See*, *e.g.*, *Capece*, 2005 WL 4050118, *4-*5 (taking judicial notice of various court pleadings); *see also*, *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir.1994) (allowing judicial notice of another court's order to establish fact that proceedings occurred and to note the subject matter thereof); *United States v. Garland*, 991 F.2d 328, 332 (6th Cir.1993) (judicially noticing criminal judgment and its existence as an official statement usable in evidence of the facts stated); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388-89 (2d Cir. 1992) (recognizing that court may take judicial notice of document filed in another court to establish fact of such litigation and related filings); *Ubuy Holdings, Inc. v. Gladstone,* 340 F.Supp.2d 1343, 1346 (S.D. Fla. 2004) (holding that "[a] district court may . . . take judicial notice of public records").

- <u>Exhibits D and E, Form 10-K and Form 8-K</u> – Any document filed with the SEC may be judicially noticed. *See*, *e.g.*, *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1276 (11th Cir.1999) (upholding district court's taking judicial notice of public documents filed with the SEC to determine content of the documents); *see also*, Defendants' Opposition to Motion to Strike, Part I (D.E. 286).

In addition to these specific avenues supporting consideration, each offered exhibit is equally central to disputing Plaintiffs' general claim that Defendants "repeatedly misled investors about the most fundamental aspects of [Colonial's] business and operations," Consolidated Compl., ¶ 1, and provide an essential mechanism through which the "total mix" of information available to investors can be evaluated. *See generally*, Defendants' Opposition to Motion to Strike (detailing basis for judicial notice) (D.E. 286). That centrality further warrants consideration.[2] *Id*.

## CONCLUSION

*Iqbal* makes clear that Plaintiffs do not have license to strike factual references to the unprecedented economic context that is important to understanding and evaluating the claims at issue. While Plaintiffs' Motion does not dispute the substance of any of the materials attached to Defendants' Motion to Dismiss, it effectively asks the Court to pretend that the undisputed and relevant facts they relay simply do not exist. The Court should not do so. Plaintiff's Motion should be denied in its entirety.

WHEREFORE, Defendants Robert E. Lowder, Sarah H. Moore, T. Brent Hicks and Sheila Moody respectfully request that the Court deny Lead Plaintiffs' Motion to Strike Extraneous Documents Submitted with Defendants Robert E. Lowder, Sarah H. Moore, T.

---

[2] The judicial authority and rationale establishing this single "centrality" requirement are set out in further detail in Defendants' Opposition to Motion to Strike, pp. 4-11 (D.E. 286).

9

Brent Hicks and Sheila Moody's Response in Support of Their Motion to Dismiss.

                                        */s/Enrique J. Gimenez*
One of the Attorneys for Defendants Robert E. Lowder, Sarah H. Moore, T. Brent Hicks and Sheila Moody

**OF COUNSEL:**
Samuel H. Franklin
sfranklin@lightfootlaw.com
James F. Hughey III
jhughey@lightfootlaw.com
Enrique "Henry" J. Gimenez
hgimenez@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

Robert David Segall
segall@copelandfranco.com
COPELAND FRANCO SCREWS & GILL
PO Box 347
Montgomery, AL 36101-0347
334-834-1180
834-3172 (fax)

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following counsel of record via U.S. Mail postage prepaid and addressed as below, on this, the 2nd day of April, 2010:

| | |
|---|---|
| Thomas A. Dubbs, Esq.<br>James W. Johnson, Esq.<br>Angelina Nguyen, Esq.<br>LABATON SUCHAROW LLP<br>140 Broadway<br>New York, New York 10005<br><br>Michael Stephen Dampier<br>*stevedampier@bellsouth.net*<br>Vickers, Riis, Murray and Curran, LLC<br>PO Box 2568<br>Mobile, AL 36652-2568<br>251-928-9160<br>251-928-2834 (fax)<br><br>Tyrone C. Means, Esq.<br>H. Lewis Gillis, Esq.<br>Gerald C. Brooks, Esq.<br>THOMAS, MEANS, GILLIS & SEAY, PC<br>3121 Zelda Court<br>Montgomery, Alabama  36106<br><br>Pro Hac<br>Ira M. Levee<br>*ilevee@lowenstein.com*<br>Michael S. Etkin<br>*metkin@lowenstein.com*<br>Lowenstein Sandler PC<br>65 Livingston Ave<br>Roseland, NJ 70680<br>973-597-2500<br><br>Geoffrey M. Ezgar<br>*gezgar@kslaw.com*<br>King & Spalding, LLP<br>333 Twin Dolphin Dr., Suite 400<br>Redwood Shores, CA 94065<br>650-590-0700/0740<br>650-590-1900 (fax) | Carl S. Burkhalter<br>*cburkhalter@maynardcooper.com*<br>Steven L. McPheeters<br>*smcpheeters@maynardcooper.com*<br>Inge Selden, III<br>*iselden@maynardcooper.com*<br>Alan F. Enslen<br>*aenslen@maynardcooper.com*<br>Maynard Cooper & Gale PC<br>1901 Sixth Avenue North<br>2400 Regions Harbert Plaza<br>Birmingham, AL 35203<br>254.1000<br>254.1999 – fax<br><br>***Attorneys for B.C. Ziegle and Co., Banc of America Securities, Bear Stearns Companies, Charles Schwab & Co., Inc. Citigroup Global Markets, Inc., City Securities Corporation Credit Suisse Securities (USA) LLC, Crowell, Weedon & Co. D.A. Davidson & Co., Davenport & Company, LLC Deutsche Bank Securities, Inc., Doley Securities, LLC Ferris Baker, Watts, Inc., Fidelity Capital Markets Fixed Income Securities, LP, H&R Block Financial Advisors, Inc. J.J.B. Hilliard, W.L. Lyons, Inc., Janney Montgomery Scott, LLC Jefferies & Company, Inc., Keefe, Bruyette & Woods, Inc. Mesirow Financial, Inc., Morgan Keegan & Company, Inc. Morgan Stanley & Co., Inc., Oppenheimer & Co., Inc. Pershing LLC, Piper Jaffray & Co., Raymond James & Associates RBC Dain Rauscher Inc., Robert W. Baird & Co., Inc. Samuel A. Ramirez & Co., Inc., Sterne, Agee & Leach, Inc. Stifel, Nicolaus & Company, Inc., Stone & Youngberg, LLC SunTrust*** |

| | |
|---|---|
| Kimberly A. Sanders<br>*kas@chimicles.com*<br>Steven A. Schwart<br>*sas@chimicles.com*<br>Timothy N. Mathews<br>*TNM@chimicles.com*<br>Chimicles & Tikellis LLP<br>361 West Lancaster Avenue<br>Haverford, PA 19041<br>610-642-8500<br>610-649-3633 (fax)<br><br>***Attorneys for Lead Plaintiff***<br><br>Tabor R. Novak, Jr.<br>*tnovak@ball-ball.com*<br>E. Ham Wilson, Jr.<br>*hwilson@ball-ball.com*<br>Ball, Ball, Matthews & Novak, P.A.<br>200 Interstate Park Drive, Suite 204<br>Montgomery, AL 36109<br>334.387.7680<br>334.387.3222 – fax<br><br>*Pro Hac Vice*<br>Elizabeth V. Tanis<br>*etanis@kslaw.com*<br>Shelby S. Guilbert, Jr.<br>*sguilbert@kslaw.com*<br>G. Patrick Montgomery<br>*pmontgomery@kslaw.com*<br>King & Spalding, LLP<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309-3521<br>404.572.4600<br>404.572.5139 – fax<br><br>***Attorneys for Defendant Pricewaterhouse Coopers, LLP*** | ***Robinson Humphrey, Inc., UBS Securities, LLC Wachovia Capital Markets, LLC, Wedbush Morgan Securities Wells Fargo Securities, William Blair & Company, LLC***<br><br>Larry Brittain Childs<br>*larry.childs@wallerlaw.com*<br>Waller Lansden Dortch & Davis LLP<br>1901 6th Ave. No., Ste. 1400<br>Birmingham, AL 35203<br>214.6380<br>214.8787 – fax<br><br>***Attorney for Defendants Lewis E. Beville William Britton, Jerry J. Chesser, Augustus K. Clements, III Robert S. Craft, Patrick F. Dye, Hubert L. Harris, Jr. Clinton O. Holdbrooks, Harold D. King, Deborah L. Linden John Ed Mathison, Milton E. McGregor, Joseph D. Mussafer William E. Powell, III, James W. Rane, Simuel Sippial, Jr. Edward V.Welch***<br><br>Walter Edgar McGowan, Esq.<br>*wem@glsmgn.com*<br>Gray Langford Sapp McGowan Gray, Gray & Nathanson PC<br>PO Box 830239<br>Tuskegee, AL 36083-0239<br>334-727-4830<br>334-727-5877 (fax)<br><br>Sheila Watters Sawyer<br>*Sheila.sawyer@wallerlaw.com*<br>Waller Lansden Dortch & Davis, LLP<br>511 Union Street<br>Nashville, TN 37219<br>615-850-8949<br><br>***Attorneys for Augustus K. Clements, III; Clinton O. Holdbrooks; Deborah L. Linden; Edward V. Welch; Hubert L. Harris, Jr.; Jerry J. Chesser; John Ed Mathison; Joseph D. Mussafer; Lewis E. Beville; Milton E. McGregor; Patrick F. Dye; Robert S. Craft; Simuel Sippial, Jr.; William Britton; William E. Powell, III;*** |

|  | ***James W. Rane; Harold D. King*** |
|---|---|

*/s/Enrique J. Gimenez*_____
OF COUNSEL
