IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| In re | ) | Civil Action No. |
| COLONIAL BANCGROUP, INC. | ) | 2:09-CV-104-MHT |
| SECURITIES LITIGATION | ) | |

## MOTION OF DEFENDANTS WILLIAM BRITTON AND JERRY CHESSER FOR RECONSIDERATION OF THE DENIAL OF THEIR MOTION TO DISMISS

Defendants William Britton and Jerry Chesser respectively move the Court to reconsider the Court's May 14, 2010, Order (D.E. 314) summarily denying their Motion to Dismiss. In support of their Motion for Reconsideration, defendants Britton and Chesser state as follows:

Neither the Complaint nor the Plantiffs' previous filings suggest that defendants Britton and Chesser made any false statement in connection with the securities offerings that form the basis of this controversy. In fact, the Plaintiffs admit that both Britton and Chesser retired from the Colonial BancGroup Board years before any of the allegedly false statements were made or disseminated. Yet the plaintiffs recklessly charge on against these two defendants, launching their suit from a hopelessly flawed premise and fueling it with fundamental misunderstandings of applicable law.

Plaintiffs theorize that Britton and Chesser are liable under § 11 of the Securities Act because they signed an SEC Form S-3 Registration Statement that contained nothing but unquestionably accurate boilerplate information about Colonial and that was **filed more than 3 years before the alleged false statements were made**. They seek to hold the two men strictly liable for

statements contained in filings disseminated years after that Form S-3 was filed, struggling to pound their square peg theory into the round hole that is the plain language of the relevant statute and regulations, the legislative intent underlying §11, and common sense.

As detailed in the Reply Memorandum in Support of Motion to Dismiss of William Britton and Jerry Chesser (D.E. 293), the applicable statutory provisions and regulations allow for "shelf registration" of securities as a means of striking a balance between an issuer's need to offer securities on an expedited basis and potential investors' rights to receive complete and accurate information. After pre-registering securities through a Form S-3 filing, an issuer may later offer those securities to the public through a "shelf takedown." Occasionally, as here, several years may elapse between a Form S-3 filing and a takedown. Recognizing that the issuer's financial condition may change dramatically during that period, the regulations require it to file a prospectus which reflects "any fundamental change in the information set forth in the registration statement," 17 C.F.R. § 229.512(a), and which, once filed, becomes part of the registration statement for the purposes of applying § 11. 17 C.F.R. § 230.430B(a).

Plaintiffs apparently conclude that the filing of a prospectus in a shelf takedown automatically triggers the application of § 11 to those directors who signed the original registration statement. In other words, the Plaintiffs rest their theory of liability against Britton and Chesser on a belief that signing the Form S-3

renders directors liable in perpetuity, regardless of law or logic. But the SEC has made clear that this approach is absolutely wrong, stating:

> we believe that for other persons, including directors, signing officers, and experts, the filing of a form of prospectus should not result in a later Section 11 liability date than that which applied prior to our new rules. Therefore, under Rule 430B, except for an effective date resulting from the filing of a form of prospectus for purposes of updating the registration statement pursuant to Section 10(a)(3) or reflecting fundamental changes in the information in the registration statement pursuant to the issuer's undertakings, the prospectus filing will not create a new effective date for directors or signing officers of the issuer. <u>Any person signing any report or document incorporated by reference in the prospectus that is part of the registration statement or the registration statement</u>, other than a document filed for the purposes of updating the prospectus pursuant to Section 10(a)(3) or reflecting a fundamental change, <u>is deemed not to be a person who signed the registration statement as a result</u>.

Securities Offering Reform, Securities Act Release No. 33-8591 (70 Fed. Reg. 44,722) at 207 (Aug. 3, 2005) (emphasis added, footnote omitted).

Plaintiffs have never acknowledged this authority, much less attempted to explain why it does not compel the dismissal of Britton and Chesser in this case. Instead, they purport to validate their theory with plainly inapplicable language contained in *In re UniCapital Sec. Litig.*, 149 F.Supp.2d 1353 (S.D. Fla. 2001) providing that "claims under §§ 11 and 12(a)(2) of the Securities Act do not require any intent to defraud on the part of the defendant, or *even knowledge of the misrepresentation or omission.*" Plaintiff Opp. at 12 n.9. *UniCapital* fails to support Plaintiffs' continued assault on Britton and Chesser for any number of reasons, but none is more readily apparent and compelling than the fact that **that case arose out of the filing of a registration statement and prospectus for an initial**

3

**public offering, not a shelf registration.** *UniCapital*, 149 F.Supp.2d at 1358-59. In other words, Plaintiffs are unable to muster anything other than a plainly inapposite precedent in the face of the SEC's clear and unambiguous directive mandating dismissal under the present circumstances. That this is the best they can do to justify the expenditure of time, money and effort that will result from keeping Britton and Chesser mired in a controversy to which they have no plausible connection speaks volumes.

In light of the admitted facts that neither Britton nor Chesser made any misleading statement, nor had any involvement in the securities offerings that are the objects of Plaintiffs' claims, defendants Britton and Chesser respectfully request that the Court reconsider its previous ruling and grant their Motion to Dismiss.

        Respectfully submitted,

        /s/ Larry B. Childs
        Larry B. Childs
        Sheila W. Sawyer
        Attorneys for Defendants William
        Britton and Jerry Chesser

OF COUNSEL:
WALLER LANSDEN DORTCH & DAVIS LLP
1901 Sixth Avenue North, Suite 1400
Birmingham, AL 35203
Telephone: (205) 226-5701
Facsimile:  (205) 214-8787
Email: larry.childs@wallerlaw.com

Walter E. McGowan, Esq.
GRAY, LANGFORD, SAPP, McGOWAN, GRAY,
GRAY & NATHANSON, P.C.
108 Fred Gray Street
P. O. Box 830239
Tuskegee, AL 36083

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 22nd day of June 2010 I electronically filed the foregoing Motion of Defendants William Britton and Jerry Chesser for Reconsideration of the Denial of their Motion to Dimss by filing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record for the plaintiff:

Samuel H. Franklin, Esq.
James F. Hughey, III, Esq.
Enrique J. Gimenez, Esq.
LIGHTFOOT, FRANKLIN & WHITE, L.L.C
The Clark Building
400 20th Street North
Birmingham, AL 35203

Robert D. Segall, Esq.
COPELAND, FRANCO, SCREWS & GILL, P.A.
44 South Perry Street
P. O. Box 437
Montgomery, AL 36102

Tyrone C. Means, Esq.
H. Lewis Gillis, Esq.
Gerald C. Brooks, Esq.
THOMAS, MEANS, GILLIS & SEAY, PC
3121 Zelda Court
Montgomery, AL 36106

A. Inge Selden, III, Esq.
Carl S. Burkhalter, Esq.
Alan F. Enslen, Esq.
Steven L. McPheeters, Esq.
MAYNARD COOPER & GALE PC
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203

Tabor R. Novak, Jr., Esq.
Edward H. Wilson, Jr., Esq.
BALL, BALL, MATTHEWS & NOVAK, P.A.
P. O. Box 2148
Montgomery, AL 36102

Thomas A. Dubbs, Esq.
James W. Johnson, Esq.
Angelina Nguyen, Esq.
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10003

Elizabeth V. Tanis, Esq.
Dan S. McDevitt, Esq.
George P. Montgomery, Esq.
Shelby S. Guilbert, Jr., Esq.
KING & SPALDING, LLP
1180 Peachtree Street, NE
Atlanta, GA 30309

/s/ Larry B. Childs