IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| In re | ) | Civil Action No. |
| COLONIAL BANCGROUP, INC. | ) | 2:09-CV-104-MHT |
| SECURITIES LITIGATION | ) | |

### OUTSIDE DIRECTOR DEFENDANTS' MOTION FOR RECONSIDERATION OF THE DENIAL OF THEIR MOTION TO DISMISS

Defendants Lewis E. Beville, Augustus K. Clements, Robert S. Craft, Patrick F. Dye, Hubert L. Harris, Clinton O. Holdbrooks, Deborah L. Linden, John Ed Mathison, Milton E. McGregor, Joe D. Mussafer, William E. Powell, III, James W. Rane, Simuel Sippial and Edward V. Welch (collectively, the "Outside Directors")[1] respectively move the Court to reconsider this Court's May 14, 2010, Order (D.E. 315) summarily denying the Motion to Dismiss of Outside Director Defendants.

The Outside Directors' Motion to Dismiss was due to be granted for several reasons. First, the Plaintiffs' Complaint lacks the particularity necessary to plead false and misleading statements in the Registration Statements. Even if those heightened pleading requirements did not apply, the Complaint's Section 11 claims would still be subject to dismissal because the Plaintiffs have shirked their obligation to plead the specific factual statements claimed to have been false, as well as the facts showing that those statements were materially false when made.

---

[1] The Plaintiffs also sued William Britton and Jerry Chesser, even though those men retired from the Board of Colonial BancGroup, Inc. by 2006 – well before any of the alleged false statements in this matter. Britton and Chesser filed a separate Motion to Dismiss (D.E. 232), which this Court denied (D.E. 314). Britton and Chesser have today filed a separate motion for reconsideration of the Court's ruling on their Motion. All of the grounds discussed in this filing also apply to Britton and Chesser to the extent the Court declines to grant their separately filed Motion for Reconsideration.

1

A recently issued decision in *Fait v. Regions Financial Corp.*, 2010 WL 1883487 (S.D.N.Y., May 10, 2010), provides compelling authority for this requirement. As discussed herein, the *Fait* court dismissed the plaintiffs' Section 11 claims premised on, *inter alia*, alleged misstatements regarding the value of the defendant's goodwill, and in the process cast significant doubt on the viability of such claims in the circumstances presented here. In addition to these deficiencies, the Complaint is fundamentally flawed because the alleged misstatements were not material when viewed in context of the entirety of the disclosures. In sum, the Plaintiffs have failed sufficiently to plead a plausible claim that the Registration Statements and Prospectuses at issue were either false or misleading, and their Complaint is due to be dismissed. In further support of their Motion for Reconsideration, the Outside Directors state as follows:

## INCORPORATED MEMORANDUM OF LAW

### 1. The Plaintiffs Have Failed to Plead False or Misleading Statements With the Requisite Particularity

Plaintiffs ground their claims on the theory that that the certain of the named defendants schemed intentionally to mislead the investing public. The Complaint alleges a "scheme to deceive the market" (Compl. ¶ 350), achieved through "misrepresentations and fraudulent conduct," (Compl. ¶ 350), and "making numerous false and misleading statements to hide the truth." (Compl. ¶ 351.) Recognizing that such allegations carry a greater obligation in the form of a heightened pleading standard, Plaintiffs expressly deny any intent to allege "fraud" against the Outside Directors (Comp. ¶¶ 364, 436.) through a series of disclaimers.

2

(Compl. ¶¶ 364, 413, 436.)  As noted in the Outside Directors' previous filings, however, courts consistently reject such disclaimers, and thus the Plaintiffs' evasive maneuvers are all for naught.  *See* Memorandum of Law in Support of Motion to Dismiss of Outside Director Defendants (D.E. 235) at 8-9.

Because the gravamen of Plaintiffs' entire Complaint sounds in fraud, including the Section 11 claims, the heightened pleading requirements of Fed. R. Civ. P. 9(b) apply to those claims.  These requirements mandate that Plaintiffs to set forth:  (1) precisely what statements were made in what documents or what omissions were made; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud.  *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (citations omitted).  The Plaintiffs have not met this standard, and their claims are due to be dismissed as a result.

2. **Regardless of Which Pleading Standard is Applied, Plaintiffs Have Failed to Make Plausible Allegations That Any Statement Was Actually False When Made.**

Even if the Plaintiffs were not subject to a heightened pleading standard, they would still be required under Rule 8(a) and *Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009)* to identify each and every statement claimed to have been false, and plead facts showing that the statement was materially false <u>when made</u>.  *See Oxford Asset Mgt., Ltd. v. Jaharis*, 297 F.3d 1182, 1193-94 (11th Cir. 2002) (emphasis added).  Plaintiffs have not met even this minimum standard, for the three allegedly false

statements identified in the 2007 10-K – regarding the Goodwill Impairment Analysis of September 30, 2007 and Colonial's adherence to "Conservative Underwriting Standards" and "Collateral Guidelines" - (which were allegedly incorporated into the Securities Offering Materials) are not "materially false and misleading."

As noted above, recently issued authority demonstrates the unsuitability of claims grounded in goodwill valuation as a basis for relief. In *Fait v. Regions Financial Corp.*, 2010 WL 1883487 (S.D.N.Y., May 10, 2010), plaintiffs filed claims under Sections 11, 12(a)(2) and 15 based on, *inter alia*, the fact that the defendant's "10-K was not prepared in conformity with GAAP because the company's goodwill valuation allegedly was stale and its loan loss reserves were inadequate at the time of the Offering [of the securities in question]." *Id.* at * 3. The *Fait* court unequivocally rejected this theory as a basis for a Section 11 claim, holding:

> the alleged overstatement of goodwill in the 2007 10-K and the incorporation of the figure in the Offering Documents without downward adjustment, even on plaintiff's theory, did not involve misstatements or omissions of material fact. . . . The fair value of [the goodwill] . . . was not a matter of objective fact. Those assets were not traded on the New York Stock Exchange or some other efficient market where the fair market value typically is the price at which a share or other asset is trading at a given moment. Nor has the plaintiff pointed to any other objective standard of value. Rather, <u>the value of such assets is a matter of judgment and opinion.</u>

*Id.* at * 4 (emphasis added). The *Fait* court noted the "lack of any objective or readily determinable value" for the goodwill transformed the question of material

4

falsity into an inquiry of "whether the representation was false – not because the value was wrong in some empirical sense, but because the financial statement in the 10-K did not reflect management's honest opinion." *Id.* (citations and quotations omitted). The court recognized that the complaint not only failed to allege that the defendant knowingly or recklessly misstated goodwill, "it specifically disclaims any such allegation. . . . " *Id.* Because "the amount of goodwill stated on the balance sheet reflected judgments as to values that were not objectively determinable," "in the absence of particularized allegations that [the defendants] believed the goodwill figure was materially overstated, the amended complaint is insufficient in this respect as a matter of law." *Id.*

*Fait* is instructive here. The Plaintiffs have premised their Complaint, at least in part, on the theory that language in the 2007 10-K regarding goodwill supports a Section 11 claim. (Compl. ¶¶ 393, 394). While the Outside Directors' original Motion to Dismiss sought dismissal because the Plaintiffs' false statement allegation was premised upon a statement in the 2007 10-K - that "the goodwill impairment analysis for 2007 indicated that no impairment write-offs were required" - whose truth was readily and objectively determinable. *Fait* provides a separate and even more compelling basis for dismissing the Plaintiffs' claims on this issue. That decision makes clear that where, as here, the Complaint omits or specifically disclaims averments of fraud, allegations premised on the reported value of goodwill are insufficient to support a claim under Section 11. Accordingly, the Court should reconsider its previous ruling on the issue.

5

3. **The Challenged Statements Cannot be Deemed Materially False or Misleading When Read in the Context of the 10-K as a Whole**

The Plaintiffs also fail in their obligation to allege statements which may be deemed materially false and misleading when read in the context of the 2007 10-K as a whole. In fact, that filing clearly and repeatedly informed investors of the risks associated with Colonial's business in the real estate lending industry. The 10-K made it clear that Colonial's loan portfolios, as well as the downturn in the real estate market – nationally and specifically in Florida – posed significant risks to Colonial's business. No reasonable investor could have been lulled into believing that Colonial's operations were not subject to the exact risks that ultimately came to fruition, and no plausible Section 11 claims can survive in the face of such warnings. Those claims should therefore be dismissed for lack of materiality.

4. **Conclusion**

For all of the foregoing reasons, the Outside Director Defendants respectfully request that the Court reconsider its prior Order and grant Outside Director Defendants' Motion to Dismiss.

Respectfully submitted,

/s/ Larry B. Childs
Larry B. Childs
Sheila W. Sawyer


                        Attorneys for Defendants Beville, Clements, Craft, Dye, Harris, Holdbrooks, Linden, Mathison, McGregor, Mussafer, Powell, Rane, Sippial and Welch

OF COUNSEL:

Walter E. McGowan, Esq.
GRAY, LANGFORD, SAPP, McGOWAN, GRAY, GRAY & NATHANSON, P.C.
108 Fred Gray Street
P. O. Box 830239
Tuskegee, AL 36083

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 22nd day of June 2010 I electronically filed the foregoing Outside Director Defendants' Motion for Reconsideration of the Denial of their Motion to Dismiss by filing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record for the plaintiff:

Samuel H. Franklin, Esq.
James F. Hughey, III, Esq.
Enrique J. Gimenez, Esq.
LIGHTFOOT, FRANKLIN & WHITE, L.L.C
The Clark Building
400 20th Street North
Birmingham, AL 35203

Robert D. Segall, Esq.
COPELAND, FRANCO, SCREWS & GILL, P.A.
44 South Perry Street
P. O. Box 437
Montgomery, AL 36102

Tyrone C. Means, Esq.
H. Lewis Gillis, Esq.
Gerald C. Brooks, Esq.
THOMAS, MEANS, GILLIS & SEAY, PC
3121 Zelda Court

Montgomery, AL 36106

A. Inge Selden, III, Esq.
Carl S. Burkhalter, Esq.
Alan F. Enslen, Esq.
Steven L. McPheeters, Esq.
MAYNARD COOPER & GALE PC
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203

Tabor R. Novak, Jr., Esq.
Edward H. Wilson, Jr., Esq.
BALL, BALL, MATTHEWS & NOVAK, P.A.
P. O. Box 2148
Montgomery, AL 36102

Thomas A. Dubbs, Esq.
James W. Johnson, Esq.
Angelina Nguyen, Esq.
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10003

Elizabeth V. Tanis, Esq.
Dan S. McDevitt, Esq.
George P. Montgomery, Esq.
Shelby S. Guilbert, Jr., Esq.
KING & SPALDING, LLP
1180 Peachtree Street, NE
Atlanta, GA 30309


                              /s/ Larry B. Childs