IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| In re | ) |
| COLONIAL BANCGROUP, INC. | )   Civil Action No. |
| SECURITIES LITIGATION | )   2:09cv104-MHT |
| | ) |
| | ) |

**LEAD PLAINTIFFS' OPPOSITION TO THE MOTIONS FOR
RECONSIDERATION OF THE DENIAL OF MOTIONS TO DISMISS OF
PRICEWATERHOUSECOOPERS LLP, THE OFFICER DEFENDANTS,
THE DIRECTOR DEFENDANTS, WILLIAM BRITTON,
<u>JERRY CHESSER AND THE UNDERWRITER DEFENDANTS</u>**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................ ii

I.   INTRODUCTION ........................................................................................ 1

II.  STATEMENT OF RELEVANT FACTS ........................................................ 2

III. ARGUMENT ................................................................................................ 3

    A.   Defendants' Reconsideration Motions Are Subject to the Same Standard
         That Governs Motions to Reconsider Post-Judgment Orders................................ 3

    B.   Defendants Fail to Allege or Establish Any of the Threshold Grounds
         Meriting Reconsideration......................................................................... 6

         1.   There Is No Change in Intervening Controlling Law and Certain
               Defendants Improperly Rely on *Fait v. Regions Fin. Corp.*...................... 6

         2.   Defendants Have Not Alleged or Established Any Newly Discovered
               Evidence................................................................................... 9

         3.   There Is No Clear Error or Manifest Injustice ......................................... 11

IV.  CONCLUSION............................................................................................ 14

## TABLE OF AUTHORITIES

### CASES

*Bankers Life Ins. Co. v. Credit Suisse First Boston Corp.*,
   No. 8:07-cv-00690, 2008 WL 4372847 (M.D. Fla. Sept. 24, 2008)...................................5, 6, 7

*Bryan v. Murphy*,
   246 F. Supp. 2d 1256 (N.D. Ga. 2003) ...............................................................................12

*Burger King Corp. v. Ashland Equities, Inc.*,
   181 F. Supp. 2d 1366 (S.D. Fla. 2002) .............................................................................7, 12

*Busby v. JRHBW Realty, Inc.*,
   642 F. Supp. 2d 1283 (N.D. Ala. 2009) ...........................................................................10, 12

*Colomar v. Mercy Hosp. Inc.*,
   242 F.R.D. 671 (S.D. Fla. 2007) .........................................................................................11

*Dyas v. City of Fairhope*,
   No. 08-0232, 2009 WL 5062367 (S.D. Ala. Dec. 23, 2009) .................................................4, 5

*Eslava v. Gulf Tel. Co., Inc.*,
   No. 04-0297, 2007 WL 1958863 (S.D. Ala. July 2, 2007) ................................................10, 11

*Fait v. Regions Fin. Corp.*,
   No. 09 Civ. 3161, 2010 WL 1883487 (S.D.N.Y. May 10, 2010)..........................................7, 8

*Gipson v. Mattox*,
   511 F. Supp. 2d 1182 (S.D. Ala. 2007) ..............................................................................6, 10

*Groover v. Michelin N. Am., Inc.*,
   90 F. Supp. 2d 1236 (M.D. Ala. 2000) .................................................................................6

*Hardin v. Hayes*,
   52 F.3d 934 (11th Cir. 1995)...............................................................................................4

*Harper v. Lawrence County, Ala.*,
   592 F.3d 1227 (11th Cir. 2010).............................................................................................4

*Hollingshead v. Burford Equip. Co.*,
   809 F. Supp. 906 (M.D. Ala. 1992) .......................................................................................5

*In re HomeBanc Corp. Sec. Litig.*,
   No. 1:08-cv-1461, 2010 WL 1524836 (N.D. Ga. Apr. 13, 2010)..............................................7

*L.M.P. ex rel. E.P. v. Florida Dept. of Educ.*,
No. 06-61897-CIV, 2008 WL 4218120 (S.D. Fla. Sept. 15, 2008) *aff'd by*,
345 Fed. Appx. 428 (11th Cir. 2009) ................................................................9

*McCoy v. Macon Water Auth.*,
966 F. Supp. 1209 (M.D. Ga. 1997) .....................................................5, 8, 11, 12

*Nelson v. Whirlpool Corp.*,
668 F. Supp. 2d 1368 (S.D. Ala. 2009) .............................................................4, 5

*New York State Teachers' Ret. Sys. v. Fremont Gen. Corp.*,
No. 2:07-cv-5756, 2010 WL 1473265 (C.D. Cal. Mar. 29, 2010) ..........................7

*In re Radian Sec. Litig.*,
No. 07-3375, 2010 WL 1767195 (E.D. Pa. May 3, 2010) .......................................7

*Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
440 F. Supp. 2d 1256 (N.D. Ala. 2006) .............................................................8, 9

*In re Sec. Capital Assurance Ltd. Sec. Litig.*,
No. 07 Civ. 11086, 2010 WL 1372688 (S.D.N.Y. Mar. 31, 2010)...........................7

*Spellman v. Haley*,
No. 97-T-640-N, 2004 WL 866837 (M.D. Ala. Feb. 22, 2002) ............................12

*Sussman v. Salem, Saxon & Nielsen, P.A.*,
153 F.R.D. 689 (M.D. Fla. 1994)..........................................................................9

*Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*,
814 F. Supp. 1072 (M.D. Fla. 1993) .....................................................................6

*Tellabs, Inc. v. Makor Issues & Rights Ltd.*,
551 U.S. 308 (2007)............................................................................................13

*Toole v. Baxter Healthcare Corp.*,
235 F.3d 1307 (11th Cir. 2000)............................................................................4

*Trujillo v. Bd. of Educ. of Albuquerque Public Schools*,
212 F. Appx. 760 (10th Cir. 2007)........................................................................4

*Waterford Twp. Gen. Emps. Ret. Sys. v. BankUnited Fin. Corp.*,
No. 08-CIV-22572, 2010 WL 1332574 (S.D. Fla. Mar. 30, 2010) ..........................6

## STATUTES AND RULES

Fed. R. Civ. P. 54(b) ............................................................................................4

Fed. R. Civ. P. 52(a)(3).......................................................................................12

Court-appointed Lead Plaintiffs, the Arkansas Teacher Retirement System, State-Boston Retirement System, Norfolk County Retirement System and City of Brockton Retirement System ("Lead Plaintiffs") respectfully submit this memorandum of law in opposition to the motions for reconsideration of the Court's Orders, entered on May 14, 2010, denying defendants' motions to dismiss (the "Reconsideration Motions").  During the period from May 26 to June 24, 2010, all defendants filed a Reconsideration Motion, as follows: (1) defendant PricewaterhouseCoopers ("PwC") (Dkt. Nos. 360 and 361); (2) defendants Robert E. Lowder, Sarah H. Moore, T. Brent Hicks and Sheila Moody (the "Officer Defendants") (Dkt. No. 365); (3) defendants Clinton O. Holdbrooks, Deborah L. Linden, Edward V. Welch, Hubert L. Harris, James W. Rane, John E. Mathison, Joseph D. Mussafer, Lewis E. Beville, Milton E. McGregor, Patrick F. Dye, Robert S. Craft, Simuel Sippial, Jr. and William E. Powell, III (the "Director Defendants") (Dkt. No. 369); (4) defendants William Britton and Jerry J. Chesser ("Britton and Chesser") (Dkt. No. 368); and (5) defendants Banc of America Securities, LLC; Citigroup Global Markets, Inc.; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; Morgan Keegan & Company, Inc.; Morgan Stanley & Co., Inc.; RBC Dain Rauscher, Inc.; Stifel, Nicolaus & Company, Inc.; SunTrust Robinson Humphrey, Inc.; UBS Securities, LLC; and Wachovia Capital Markets, LLC (the "Underwriter Defendants")[1] (Dkt. No. 373) (and, collectively, "Defendants").[2]

## I.    <u>INTRODUCTION</u>

The Reconsideration Motions are improper and should be denied.  Ignoring well-settled case law stating that reconsideration of prior decisions is an extraordinary remedy to be sparingly granted only upon a strongly convincing showing, Defendants merely repeat the same arguments

---

[1] Pursuant to the Court's March 19, 2010 Order, certain other underwriters originally named as defendants in Lead Plaintiffs' Complaint filed June 22, 2009 (the "Complaint") have been dismissed from the Action without prejudice.  *See* Dkt. No. 305.

[2] Citations to "PwC Br.," "Officers Br.," "Directors Br.," "Britton and Chesser Br." and "Underwriters Br." refer to the briefs filed by Defendants in support of their Reconsideration Motions.

and the same authority set forth in their original motions to dismiss, with the exception of a few new, non-controlling cases that serve as window-dressing. Indeed, the Reconsideration Motions are nothing more than wholesale recapitulations of the very same arguments that the Court rejected in its orders denying Defendants' motions to dismiss, dated May 14, 2010 (collectively, the "Orders," Dkt. Nos. 314-18). Rehashing previously considered and rejected arguments does not meet the threshold standard applicable to motions to reconsider. Accordingly, Lead Plaintiffs respectfully request that the Court deny the Reconsideration Motions.

## II.   STATEMENT OF RELEVANT FACTS

This litigation began on February 9, 2009, when individual plaintiffs filed a complaint against Colonial BancGroup, Inc. ("Colonial" or the "Company") and certain of its former officers. Dkt. No. 1. Subsequently, Lead Plaintiffs moved and were appointed to represent the prospective class of investors in stock and bonds of Colonial by the Court on May 7, 2009. Dkt. No. 121. Lead Plaintiffs filed their Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint") on June 22, 2009. Dkt. No. 134.

Following Colonial's August 2009 declaration of bankruptcy, the Court invited comment regarding the effect of the automatic bankruptcy stay on the securities litigation. Dkt. No. 213. All Defendants except the Underwriter Defendants submitted statements maintaining that the automatic stay should extend to the securities litigation. Dkt. Nos. 227, 229 and 230. The Underwriter Defendants affirmatively moved to stay the litigation due to the Company's bankruptcy (Dkt. No. 228) and, further, sought to suspend the litigation pending the Court's determination of their stay motion (Dkt. No. 238), which latter request the Court granted on September 25, 2009. Dkt. No. 248. On January 7, 2010, the Court issued a considered opinion declining to extend the bankruptcy stay to this Action. Dkt. No. 278.

The parties thereafter resumed briefing motions to dismiss with Lead Plaintiffs' submission of their oppositions to all Defendants' motions on January 29, 2010, (Dkt. Nos. 282-84), and briefing concluded with Defendants' submission of replies on February 16 and 19, 2010.  Dkt. Nos. 291-98.  All told, the parties submitted over two thousand pages of briefs and exhibits.  After considering the motion to dismiss briefing for three months, the Court issued orders denying all Defendants' motions to dismiss on May 14, 2010.  Dkt. Nos. 314-18.

On May 18, 2010, the Court advised the parties that it had discovered a disqualifying conflict.  Upon learning of the Court's possible recusal, Defendants immediately began filing their Reconsideration Motions.  As shown below, Defendants have not alleged or shown any of the three predicate grounds for reconsideration: (1) change in intervening, controlling law; (2) newly discovered evidence; or (3) clear error or manifest injustice.  Indeed, the Reconsideration Motions are nothing more than abbreviated Cliffs Notes of Defendants' original motions to dismiss that have been denied by the Court.

III.   **ARGUMENT**

    A.    **Defendants' Reconsideration Motions Are Subject to the Same Standard That Governs Motions to Reconsider Post-Judgment Orders**

In the Eleventh Circuit, courts apply a rigorous standard of review to motions for reconsideration, ***regardless of whether the underlying order is interlocutory or final***.  Evidently recognizing that they cannot meet this exacting standard, Defendants instead attempt to side-step it, and appeal to the Court's "plenary power" to revise interlocutory orders.  This is misleading.

It is of course within a district court's authority to revise non-final orders pending entry of judgment.  PwC, the Officer Defendants and the Underwriter Defendants cite the same three cases, which stand for that unremarkable proposition, which is also reflected in Federal Rule of Civil Procedure 54(b).  *See* PwC Br. at 1 n.1, Officers Br. at 2 and Underwriters Br. at 3, citing

*Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000), *Hardin v. Hayes*, 52 F.3d 934, 938 (11th Cir. 1995) and *Trujillo v. Bd. of Educ. of Albuquerque Public Schools*, 212 F. Appx. 760, 765-66 (10th Cir. 2007)[3]; Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.")

However, Defendants fail to address or even acknowledge that district courts in the Eleventh Circuit *do* in fact apply a standard of review to motions to reconsider interlocutory orders. Moreover, the standard for reconsideration of interlocutory orders is the same as applies to reconsideration of any order, interlocutory or not. For example, in *Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368 (S.D. Ala. 2009), plaintiffs moved for reconsideration of denial of a motion to remand. The *Whirlpool* Court began its analysis by noting its discretion to decide to grant or deny reconsideration. *Id.* at 1379-80. Nevertheless, the court stressed that it would not exercise its discretion and grant reconsideration unless the movant showed "an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Id.* at 1379 (citation omitted). Moreover, referring to the established principles that a motion to reconsider may not be used to "relitigate old matters," or "submit evidence previously available but not properly presented on the underlying motion," the court observed that "***courts within this Circuit have often applied these principles to pre-judgment motions to reconsider***." *Id.* at 1379 n.3 (collecting cases from the Northern, Middle and Southern Districts of Alabama and Middle District of Florida) (emphasis added); *see also Dyas*

---

[3] The Underwriter Defendants additionally cite *Harper v. Lawrence County, Ala.*, 592 F.3d 1227, 1231 (11th Cir. 2010), for the same proposition. Underwriters Br. at 3.

*v. City of Fairhope*, No. 08-0232, 2009 WL 5062367, at *1 n.1 (S.D. Ala. Dec. 23, 2009) (slip op.) (same); *Bankers Life Ins. Co. v. Credit Suisse First Boston Corp.*, No. 8:07-cv-00690, 2008 WL 4372847, at *1 (M.D. Fla. Sept. 24, 2008) (denying reconsideration of denial of defendants' motions to dismiss).

      *Hollingshead v. Burford Equipment Co.*, 809 F. Supp. 906 (M.D. Ala. 1992) is similarly instructive on the appropriate standard to be applied to motions to reconsider interlocutory orders. There, plaintiffs moved for reconsideration of a grant of partial summary judgment. In denying the motion, the court expressly drew the connection between, on the one hand, its discretionary power to revise interlocutory orders, and, on the other, the limited circumstances under which it would in fact exercise that power and grant reconsideration:

> A court has the discretion to revise its interlocutory orders, such as the [order] at issue here, at any time before the entry of a final judgment… ***[i]n general, a court will do so only when there has been a change of law since the original order was entered, when new evidence has been uncovered since the original order was entered or when the failure to do so would be manifestly unjust***.

809 F. Supp. at 909 (omitting internal citation) (emphasis added).

      In sum, Eleventh Circuit courts routinely find that, "***even pre-judgment***, in the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Nelson*, 668 F. Supp. 2d at 1379 n.3 (emphasis added); *see also McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997) ("***this Court will grant a motion for reconsideration of an interlocutory order only if the movant demonstrates that there has been an intervening change in the law, that new evidence has been discovered… or that the court made a clear error of law***.") (emphasis added).

5

**B.      Defendants Fail to Allege or Establish Any of the
         Threshold Grounds Meriting Reconsideration**

As set forth above, courts in this Circuit have distilled three, narrow grounds that will

justify the "extraordinary" remedy of reconsideration: (1) a change in intervening, controlling

law; (2) newly discovered evidence; or (3) clear error or manifest injustice.  *Bankers Life Ins.

Co.*, 2008 WL 4372847, at *1 (denying reconsideration of denial of motions to dismiss); *Gipson

v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (same; denying reconsideration of denial

of summary judgment); *Groover v. Michelin N.  Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala.

2000) (same; denying reconsideration of denial of summary judgment).  As movants, it is

Defendants' burden to allege the grounds for reconsideration, as well as "set forth facts or law of

a ***strongly convincing nature*** to induce the court to reverse its prior decision."  *Taylor Woodrow

Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)

(denying motion to reconsider denial of motion to strike) (emphasis added).  The

Reconsideration Motions fail at the outset because Defendants do not even allege, let alone

establish, any of the threshold grounds meriting reconsideration.

**1.      There Is No Change in Intervening Controlling Law and
         Certain Defendants Improperly Rely on *Fait v. Regions Fin. Corp.***

<u>First</u>, there is no change in intervening controlling law.  *In the Reconsideration Motions,

none of the Defendants has proffered any new, binding precedent*.  In an apparent attempt to

distract from this deficiency, the Officer and Director Defendants and PwC cite to several district

court rulings in securities cases that post-date the filing of their replies in support of their

motions to dismiss.[4]  *See* Officers Br. at 4-13 (citing *Waterford Twp. Gen. Emps. Ret. Sys. v.

Bankunited Fin. Corp.*, No. 08-CIV-22572, 2010 WL 1332574 (S.D. Fla. Mar. 30, 2010); *In re*

---

[4] PwC and the Director Defendants filed their reply briefs in support of their motions to dismiss on February
16, 2010; the Officer Defendants filed their reply on February 19, 2010.

*HomeBanc Corp. Sec. Litig.*, No. 1:08-cv-1461, 2010 WL 1524836 (N.D. Ga. Apr. 13, 2010);

*New York State Teachers' Ret. Sys. v. Fremont Gen. Corp.*, No. 2:07-cv-5756, 2010 WL

1473265 (C.D. Cal. Mar. 29, 2010); *In re Sec. Capital Assurance Ltd. Sec. Litig.*, No. 07 Civ.

11086, 2010 WL 1372688 (S.D.N.Y. Mar. 31, 2010); and *In re Radian Sec. Litig.*, No. 07-3375,

2010 WL 1767195 (E.D. Pa. May 3, 2010))[5]; PwC Br. at 6 and Directors Br. at 2, 4-5 (both

citing *Fait v. Regions Fin. Corp.*, No. 09 Civ. 3161, 2010 WL 1883487 (S.D.N.Y. May 10,

2010)).  This tactic is unavailing.  To begin, all of these six cases are district court decisions, and

therefore are not intervening controlling authority.  Moreover, four of the six – *Fremont Gen.*

*Corp.*, *Sec. Capital Assurance*, *Radian* and *Regions* – were not even adjudicated in the Eleventh

Circuit.

    Second, with the exception of *Regions*, these "new" cases say nothing new.  The Officer

Defendants concede as much by carefully cross-referencing from each case and the argument it

supports to the corresponding arguments and cases in their initial motion to dismiss and reply

briefs.  *See* Officers Br., *passim*.  Repetition of points, in the guise of presenting new case law,

that failed to convince the court when first advanced is not a proper basis for grant of

reconsideration.  *Bankers Life Ins. Co.,* 2008 WL 4372847, at *1 (denying reconsideration of

denials of motions to dismiss, and stating "[a] motion for reconsideration does not provide an

opportunity to simply reargue – or argue for the first time – an issue the Court has once

determined.")

    Third, these cases were all available for submission as supplemental authority by

Defendants prior to the Court's ruling on the motions to dismiss, had they so chosen.  On this

basis too, they are inappropriate for submission in a motion for reconsideration.  *Burger King*

---

[5] The Officer Defendants' brief cites these opinions by civil action and docket number; the citations are here supplemented with Westlaw citations.

*Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (denying motion for reconsideration of denial of motion to dismiss, and stating that a "***motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision***.") (emphasis added).

      <u>Fourth</u>, PwC and the Director Defendants improperly proffer *Fait v. Regions Fin. Corp.* in support of an argument *they present for the first time* in a motion for reconsideration. PwC and the Director Defendants cite *Regions* for the proposition that plaintiffs must plead "subjective falsity" when alleging the falsity of statements regarding goodwill. PwC Br. at 6; Directors Br. at 4-5. This argument appears nowhere in PwC or the Director Defendants' motion to dismiss papers. *See* Dkt. Nos. 233-35, 273-74. Accordingly, because presentation of arguments seriatim is improper on reconsideration, the argument is waived. *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1268 (N.D. Ala. 2006) ("It is well established in this circuit that '[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration.'") (citation omitted); *McCoy,* 966 F. Supp. at 1223 ("any arguments which the party inadvertently failed to raise earlier are deemed waived."). Notwithstanding this new argument cannot be raised on reconsideration, *Regions* was decided in the Southern District of New York and hence is not binding authority in the Eleventh Circuit.

      Further, while PwC and the Director Defendants appear to contend that they were constrained to submit *Regions* by means of a reconsideration motion, (*see* PwC Mot. at 1; Directors Br. at 4), *Regions* was in fact decided several days prior to the issuance of the Orders, during the pendency of PwC and the Director Defendants' motions to dismiss. In any event, the other cases PwC cites for this "subjective falsity" point were all decided years ago. *See* PwC Br.

8

at 6 (citing cases from 1991, 2003, 2004 and 2006).  It would offend notions of judicial efficiency to allow PwC and the Director Defendants to thus bootstrap a non-controlling out-of-Circuit decision into consideration of older cases and an argument that was undeniably available to Defendants from the outset.  *See Rueter* at 1268 ("[t]he Eleventh Circuit has declared that '***a motion to reconsider should not be used by the parties to set forth new theories of law.***'") (citation omitted; emphasis added); *L.M.P. ex rel. E.P. v. Florida Dept. of Educ.*, No. 06-61897-CIV, 2008 WL 4218120, at *3 (S.D. Fla. Sept. 15, 2008) *aff'd by*, 345 Fed. Appx. 428 (11th Cir. 2009) (denying reconsideration of denial of partial summary judgment motion when plaintiff elected to first present previously available argument and legal authority on reconsideration, on basis that "[a] motion for reconsideration is not a vehicle to argue for the first time authority which was available for the original motion, nor is a motion for reconsideration a vehicle for Plaintiff to retreat from her tactical decisions not to include that authority.").

Accordingly, the Court should reject as improper PwC and the Director Defendants' attempt to inject this new argument upon reconsideration, after the Court was not convinced by their initial arguments.  *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694-95 (M.D. Fla. 1994) (rejecting "wait-and-see" approach of moving for reconsideration based on evidence and theories that were available during pendency of underlying motion).

## 2.   Defendants Have Not Alleged or Established Any Newly Discovered Evidence

Defendants have not alleged or established that there is newly discovered evidence. Indeed, unable to show any intervening change in controlling law or newly discovered evidence, Defendants resort to improperly repeating the very same arguments that they made in support of

their motions to dismiss.[6]  It is well-settled that this tactic – repackaging arguments previously rejected – will not warrant reconsideration.  *See, e.g., Busby v. JRHBW Realty, Inc.* 642 F. Supp. 2d 1283, 1286 n.4 (N.D. Ala. 2009) (denying reconsideration of interlocutory order precluding testifying expert, because "all of  [movant's] arguments were made and were declined by the court during initial briefing on [movant's] Motion to Preclude" and admonishing that "motions to reconsider are not a platform to relitigate arguments previously considered, but unaccepted"); *Gipson*, 511 F. Supp. 2d at 1186-1187 (denying reconsideration of interlocutory order because "[e]very argument [movant] now presents on this point is one that he either made unsuccessfully in his summary judgment filings or could have made (but failed to make) in [] such filings.  This kind of redundant, second-bite-at-the-apple motions practice constitutes an improper use of the vehicle of a motion to reconsider, which should be invoked only in extraordinary circumstances, and impinges on the interests of judicial economy and efficiency."); *Eslava v. Gulf Tel.  Co., Inc.*, No. 04-0297, 2007 WL 1958863, at *3 (S.D. Ala. July 2, 2007) (denying reconsideration of partial grant of summary judgment, because, in part, it presented argument that "was previously raised in [the underlying motion]" and "[a]ccordingly, it is not an appropriate ground for a motion to reconsider"); *Rueter*, 440 F. Supp. 2d at 1268 (denying reconsideration of interlocutory order denying motion to vacate arbitration award because "[t]he repetition of an argument which has been previously raised and found to be baseless does not meet the standard employed on review of a Motion for Reconsideration").

---

[6] Unlike the Officer, Director and Underwriter Defendants, PwC does not go so far as to cross-cite from its Reconsideration Motion brief to its initial motion to dismiss and reply briefs.  However, a comparison shows that, with the exception of the improper *Regions* point discussed *supra*, PwC's Reconsideration Motion brief contains substantially identical arguments as PwC previously made in its motion to dismiss.  *Compare, e.g.*, PwC Reconsideration Br., Dkt. No. 361, at 3-5 *with* PwC Motion to Dismiss Br., Dkt. No. 274, at 6-10 (both arguing that PwC made no actionable misstatements).

Accordingly, because the Reconsideration Motions merely reprise arguments that Defendants already presented at length in their motions to dismiss, and which the Court considered in light of Lead Plaintiffs' briefs in opposition and found to be without merit, the Court should deny reconsideration.[7]

### 3. There Is No Clear Error or Manifest Injustice

In attempting to evade discussion of the reconsideration standard, Defendants have not alleged either clear error or manifest injustice. However, even if they had, it is plain that they cannot establish them, because simply repeating failed arguments – or in the case of PwC and the Director Defendants' employment of *Regions*, raising new ones – does not demonstrate clear error or manifest injustice. *McCoy,* 966 F. Supp. at 1223. ("***In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived.***") (emphasis added); *Eslava,* 2007 WL 1958863, at *3 ("the arguments put forth by defendants are merely an expansion of their previous arguments. Defendants have not shown clear error. . . Thus the motion to reconsider on this basis is denied."); *Colomar v. Mercy Hosp. Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007) ("***However, to the extent Plaintiff merely reargues points previously considered and rejected by the Court, or tries to raise new arguments and point to new evidence that could have been raised earlier, this is insufficient grounds to satisfy the clear error or manifest injustice standard for granting a motion for reconsideration.***") (emphasis added).

Indeed, while it is clear that Defendants disagree with the Court's ruling, disagreement by one side with a holding is to be expected in an adversarial system. Mere disagreement by a party

---

[7] In the interests of judicial economy, Lead Plaintiffs do not repeat all of their arguments in response to Defendants' previously filed and denied motions to dismiss here.

with a court's application of the law to the facts does not amount to the "facts or law of a strongly convincing nature" necessary to induce a court to reverse its prior decision. *Busby*, 642 F. Supp. 2d at 1288. ("[c]ertainly, a party's unhappiness with a court's order – whether it be to the holding of that order or the manner in which the holding was announced – does not meet the standard for reconsideration."); *Spellman v. Haley*, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) (regarding non-final orders, cautioning that "litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."); *Burger King Corp.*, 181 F. Supp. 2d at 1370. ("For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions."); *McCoy*, 966 F. Supp. at 1223 (motion for reconsideration "not a forum for a party to vent his dissatisfaction").[8]

Finally, although they are careful not to couch their dissatisfaction with the Orders in terms of manifest injustice, both PwC and the Officer Defendants evince dismay at the prospect of discovery and its attendant costs. *See* PwC Br. at 2-3; Officers Br. at 14. That cannot be helped. This litigation began seventeen months ago, throughout which Defendants have enjoyed the full protection of the Private Securities Litigation Reform Act (the "PSLRA") discovery stay. Following Colonial's bankruptcy, Defendants additionally obtained a three-and-a-half month

---

[8] The Underwriter Defendants present their Reconsideration Motion as a "request for guidance," because the Court did not issue a written opinion when denying their motion to dismiss. Underwriters Br. at 2-3. The Court is, of course, "not required to state findings or conclusions when ruling on a motion under Rule 12[.]" Fed. R. Civ. P. 52(a)(3). However, it is manifest that the Underwriter Defendants are not interested in "guidance" or "insight" "through the future course of this litigation" so much as its outright dismissal, via the very same arguments they made in their original motion to dismiss. Indeed, the Underwriter Defendants, like the other Defendants, devote the bulk of their Reconsideration Motion brief to reiterating and citing to <u>all</u> of the arguments they previously made in their denied motion to dismiss. Underwriters Br. at 3-14. Again, this is wholly improper, because, "a motion for reconsideration may not be used to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).

suspension of the entire Action by claiming the protection of the automatic bankruptcy stay.[9]

When this attempt at delay was rejected, Defendants collectively filed five motions to dismiss, which, with nearly seventy exhibits, totaled in excess of 2,000 pages of briefing.  Those motions were fully briefed as of mid-February, after which the Court considered them for three months before issuing the Orders.

In short, with the denial of Defendants' motions to dismiss, the policy concerns which animate the PSLRA discovery stay have been well and fully served.  It is now time that these unfounded Reconsideration Motions be denied and this litigation advance, so that Lead Plaintiffs and the prospective Class they represent may obtain discovery and test their allegations, in furtherance of equally important policy considerations.  *See Tellabs, Inc. v. Makor Issues & Rights Ltd.,* 551 U.S. 308, 313 (2007) (recognizing the role of meritorious private actions in enforcing the federal antifraud statutes as an essential supplement to criminal prosecutions brought by the Department of Justice and civil enforcement actions by the Securities and Exchange Commission).

---

[9] *See* Dkt. Nos. 227-30 (Defendants' statements and motion seeking extension of bankruptcy stay to securities litigation); Dkt. Nos. 238, 242 (motion and joinder seeking suspension of proceedings pending decision on extension of bankruptcy stay to securities litigation); Dkt. No. 248 (order suspending all proceedings pending decision on extension of bankruptcy stay); Dkt. No. 278 (order declining to extend bankruptcy stay to securities litigation).

IV.    <u>**CONCLUSION**</u>

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court deny the

Reconsideration Motions in their entirety.

Dated: July 16, 2010

Respectfully submitted,

By: __*s/Tyrone C. Means*_____
Tyrone C. Means (MEA003)
H. Lewis Gillis (GIL011)
Gerald C. Brooks (BRO212)
**THOMAS, MEANS, GILLIS & SEAY, P.C.**
3121 Zelda Court
Montgomery, Alabama 36106
Telephone: (334) 270-1033
Facsimile: (334) 260-9396

*Liaison Counsel*

Thomas A. Dubbs (NY 2318863)
James W. Johnson (NY 2108686)
Matthew C. Moehlman (NY 4357885)
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Attorneys for Lead Plaintiffs Arkansas Teacher
Retirement System, State-Boston Retirement
System, Norfolk County Retirement System
and City of Brockton Retirement System*

**CERTIFICATE OF SERVICE**

I hereby certify that on  July 16, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Enrique Jose Gimenez**  Lightfoot Franklin & White LLC
  hgimenez@lightfootlaw.com

- **James Fletcher Hughey, III**  Lightfoot Franklin & White LLC
  jhughey@lightfootlaw.com

- **Samuel Holley Franklin**  Lightfoot Franklin & White LLC
  sfranklin@lightfootlaw.com

- **Robert David Segall**  Copeland Franco Screws & Gill
  segall@copelandfranco.com

- **Edward Hamilton Wilson, Jr.**  Ball Ball Matthews & Novak PA
  hwilson@Ball-Ball.com

- **Tabor Robert Novak, Jr.**  Ball Ball Matthews & Novak PA
  tnovak@ball-ball.com

- **Alan Frederick Enslen**  Maynard, Cooper & Gale, P.C
  aenslen@maynardcooper.com

- **Armistead Inge Selden, III**  Maynard, Cooper & Gale, P.C
  iselden@maynardcooper.com

- **Carl Stanley Burkhalter**  Maynard, Cooper & Gale, P.C.
  cburkhalter@maynardcooper.com

- **Steven L. McPheeters**  Maynard, Cooper & Gale, P.C.
  smcpheeters@maynardcooper.com

- **Larry Brittain Childs**  Waller Lansden Dortch & Davis LLP
  larry.childs@wallerlaw.com

- **Elizabeth V. Tanis**  King & Spalding LLP
  etanis@kslaw.com

- **George Patrick Montgomery**  King & Spalding LLP
  pmontgomery@kslaw.com

- **Shelby S. Guilbert**  King & Spalding LLP
  sguilbert@kslaw.com

- **Walter Edgar McGowan** Gray Langford Sapp McGowan Gray, Gray & Nathanson PC  wem@glsmgn.com

- **Gerald Clark Brooks , Jr.**   Thomas, Means, Gillis & Seay, P.C.
  gcbrooks@tmgslaw.com

- **Henry Lewis Gillis**   Thomas Means Gillis & Seay PC
  hlgillis@tmgslaw.com

- **Ira M Levee**   Lowenstein Sandler PC
  ilevee@lowenstein.com

- **Kimberly A. Sanders**   Chimicles & Tikellis LLP
  kas@chimicles.com

- **Michael Stephen Dampier** Law Offices of M. Stephen Dampier P.C.
  stevedampier@bellsouth.net

- **Michael S Etkin**   Lowenstein Sandler PC
  metkin@lowenstein.com

- **Steven A. Schwartz**   Chimicles & Tikellis LLP
  sas@chimicles.com

- **Timothy N Mathews**   Chimicles & Tikellis LLP
  TNM@chimicles.com

- **Geoffrey Michael Ezgar**   King & Spalding, LLP
  gezgar@kslaw.com

- **Paul J Geller**   Robbins Geller Rudman & Dowd LLP
  pgeller@rgrdlaw.com

- **Jack Reise**   Robbins Geller Rudman & Dowd LLP
  Jreise@rgrdlaw.com

- **Douglas Scott Wilens**   Robbins Geller Rudman & Dowd LLP
  dwilens@rgrdlaw.com

- **Jeffrey A. Klafter**   Klafter, Olsen & Lesser LLP
  Jklafter@klafterolsen.com

- **Kathryn L. Dietrich** Maynard, Cooper & Gale, P.C
  kdietrich@maynardcooper.com

- **William C. Athanas**  Waller Lansden Dortch & Davis LLP
   bill.athanas@wallerlaw.com


                                        /s/Tyrone C. Means