**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| In re | ) | CIVIL ACTION NO. |
| COLONIAL BANCGROUP, INC. | ) | 2:09-CV-104-RDP-WC |
| SECURITIES LITIGATION | ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Pursuant to the Court's December 17, 2010 Order, Defendants Robert E. Lowder, Sarah H. Moore, T. Brent Hicks, Sheila Moody, the Outside Director Defendants,[1] the Underwriter Defendants,[2] and PricewaterhouseCoopers LLP (collectively, "Defendants") hereby submit their objections to and move for a protective order prohibiting service of the non-party subpoena that Plaintiffs propose to serve upon the Federal Deposit Insurance Corporation ("FDIC"). Specifically, Defendants (1) object to the scope of discovery sought by Plaintiffs from the FDIC, as it goes well-beyond the limited, particularized discovery on Plaintiffs' currently-pending claims that was outlined by the Court during the December 15, 2010 status conference, and (2) renew their objections to discovery at this time, as it is contrary to the Private Securities Litigation Reform Act ("PSLRA").

The parties have conferred in good faith over the past three weeks in an attempt to resolve Defendants' objections. Despite these discussions, and despite reaching agreement on a

---

[1] The "Outside Director Defendants" are: Lewis E. Beville; William Britton; Jerry J. Chesser; Augustus Clements III; Robert S. Craft; Patrick F. Dye; Hubert L. Harris, Jr.; Clinton O. Holdbrooks; Deborah L. Linden; John Ed Mathison; Milton E. McGregor; Joseph D. Mussafer; William E. Powell, III; James W. Rane; Simuel Sippial, Jr.; and Edward V. Welch.

[2] The "Underwriter Defendants" are: Banc of America Securities, LLC; Citigroup Global Markets, Inc.; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; Morgan Keegan & Company, Inc.; Morgan Stanley & Co., Inc.; RBC Dain Rauscher, Inc.; Stifel, Nicolaus & Company, Inc.; SunTrust Robinson Humphrey, Inc.; UBS Securities, LLC; and Wachovia Capital Markets, LLC.

number of issues with respect to the FDIC Subpoena, the parties have been unable to reach an agreement in several key respects, including reasonable limitations on the relevant time period and Plaintiffs' requests for documents on subjects that are well outside the scope of the currently-pending Complaint.

Therefore, Defendants respectfully request that this Court issue an order prohibiting Plaintiffs from serving any subpoena upon the FDIC at this time or, in the alternative, limiting the scope of the FDIC Subpoena to the form attached as Exhibit H.

## I.    BACKGROUND

Following the December 15, 2010 status conference, this Court issued an order permitting Plaintiffs, "subject to objections by Defendants and third parties, [to] seek third party discovery from the FDIC as discussed at the status conference. Lead Plaintiffs' counsel is to provide a draft of any subpoena to Defendants' counsel prior to service to allow Defendants an appropriate opportunity to object."  Doc. No. 408 at 2.

On January 11, 2011, Plaintiffs provided Defendants with a preliminary draft of their Subpoena to the FDIC.  *See* Exhibit A (Letter from J. Johnson to Defendants' counsel, Jan. 11, 2011, and attachment).[3]  Plaintiffs stated that they had provided "a portion" of the draft to the

---

[3] Plaintiffs also informed Defendants that they intended to seek permission from the Court to subpoena 10 additional non-parties, and provided drafts of those subpoenas to Defendants. Defendants oppose Plaintiffs' request.  The Court's December 17, 2010 Order plainly does not permit discovery from any non-party other than the FDIC, and there is no basis for the Court to reverse that decision.  In any event, although Plaintiffs and Defendants have not engaged in discussions regarding specific objections to these subpoenas, Defendants note that the draft subpoenas provided by Plaintiffs suffer from the same over breadth problems that plague their FDIC Subpoena.  The Court has scheduled a teleconference on this issue for February 9, 2011, and Defendants will be prepared to further discuss this issue then.

FDIC for its "review and consideration," and that the Subpoena "may be revised" based on comments from the FDIC.[4]  *Id.*

On January 14, Defendants requested that Plaintiffs provide them with a final draft of the FDIC Subpoena, incorporating whatever changes Plaintiffs made as a result of the discussions with the FDIC.  At that same time, Defendants informed Plaintiffs that even in its draft form, the FDIC Subpoena was significantly overbroad as to duration and scope, and provided specific examples of the problems with the FDIC Subpoena as drafted.  *See* Exhibit B (Letter from S. Franklin to J. Johnson, dated Jan. 14, 2011).

On January 20, 2011, Plaintiffs informed Defendants that they intended to serve their subpoena on the FDIC no later than January 25.  Defendants asked whether the discussions with the FDIC had resulted in any changes to the draft previously provided, and Plaintiffs stated that no changes had been made.  *See* Exhibit C (Emails between J. Johnson and S. Franklin, dated January 20-21, 2011).  Defendants reiterated their willingness to discuss the scope of the FDIC Subpoena, and thereafter counsel for Plaintiffs and Defendants discussed the FDIC subpoena in a conference call on January 24.

Following that call, Defendants provided Plaintiffs with a proposed draft of the FDIC Subpoena, incorporating revisions intended to limit the scope of documents sought to the limited, particularized discovery authorized by the Court.  *See* Exhibit D (Email from J. Hughey, III to J. Johnson, dated Jan. 25, 2011, and attachment).  Defendants' revisions were principally aimed at (1) providing reasonable time-period limitations; (2) revising certain requests to correspond to

---

[4] Defendants understand that the FDIC has informed Plaintiffs it intends to fight the enforcement of the subpoena Plaintiffs intend to serve.  Because Defendants were not privy to Plaintiffs' discussions with the FDIC, Defendants do not know the degree to which their objections may overlap with the FDIC's objections. To the extent that Defendants' interests and bases for objecting to the Subpoena coincide with those of the FDIC, Defendants will support and adopt the FDIC's objections.

3

the claims asserted in Plaintiffs' currently-pending Complaint; and (3) eliminating other requests that did not correspond to any pending claim, and which were therefore the type of "fishing" expedition not permitted by the Court. Defendants also reiterated their position that any discovery is improper at this time.

On January 28, 2011, Plaintiffs provided a further revised draft of the FDIC Subpoena. *See* Exhibit E (Email from M. Moehlman to J. Hughey, dated Jan. 28, 2011, and attachments). The revised draft failed to address the majority of Defendants' primary objections. The parties spoke by phone on February 1 in a final attempt to resolve Defendants' objections, and thereafter Defendants sent Plaintiffs a further revised version of the FDIC Subpoena. *See* Exhibit F (Email from J. Hughey to M. Moehlman, dated Feb. 1, 2011, and attachment). After reviewing the Defendants' February 1 revised version of the FDIC Subpoena, Plaintiffs responded that were unwilling to accept the Defendants' proposed time and subject matter limitations. *See* Exhibit G (Email from M. Moehlman to J. Hughey, dated Feb. 1, 2011). The parties now agree that further discussions are unlikely to prove fruitful in resolving Defendants' remaining objections. Therefore, as provided for by the Court in its December 17, 2010 Order, Defendants bring their objections before the Court and seek a protective order prohibiting the service of Plaintiffs' proposed subpoena to the FDIC or limiting the FDIC Subpoena to the form attached hereto as Exhibit H.

## II.     THE FDIC SUBPOENA IS OVERBROAD AND SEEKS DOCUMENTS THAT ARE WHOLLY UNRELATED TO THE CLAIMS AND ALLEGATIONS IN PLAINTIFFS' COMPLAINT

Plaintiffs' proposed FDIC Subpoena is significantly over-broad as to both time-period and substantive scope. Plaintiffs are essentially attempting to transform the limited non-party discovery authorized by this Court into a classic, pre-suit fishing expedition for documents that are not tethered to the only claims they have pending at the moment, but rather are squarely

4

aimed at expanding the scope of the claims they intend to press in their amended complaint due to be filed on April 20, 2011.

Defendants object to the FDIC Subpoena on three principal grounds.  First, certain of Plaintiffs' requests seek documents on specific topics that are *not* the subject of any of pending claims.[5]  For example, the FDIC Subpoena requests all documents related to "Colonial's mortgage warehouse lending division" (Exhibit E at ¶ 1(j)); all documents related to "communications with or concerning . . . Cathy [sic] Kissick or Teresa Kelly," who worked in Colonial's mortgage warehouse lending ("MWL") division (*id*. at ¶1(p)); and "any documents prepared by the OCC that identified issues or concerns with Colonial's mortgage warehouse lending division" (*id*. at ¶ 4).  Nowhere in Plaintiffs' 153-page consolidated class action Complaint are there *any* allegations of impropriety related to Colonial's MWL activities, and *none* of alleged misstatements upon which Plaintiffs base their claims relate to MWL.  *See generally* Doc. No. 134 (Plaintiffs' Consolidated Class Action Complaint).  Similarly, while Plaintiffs' Complaint identifies Taylor, Bean & Whitaker Mortgage Corp. ("TBW") as one of Colonial's MWL borrowers and a potential investor in Colonial, the Complaint does not allege any improprieties related to TBW and does not allege that any statements made by any Defendant relating to TBW were false.  *See id*. at ¶ 117.  Nevertheless, Plaintiffs seek any and all documents related to TBW.  Exh. E at ¶ 1(k).  Defendants proposed modifications to the FDIC subpoena intended to address this objection, but those modifications were rejected by Plaintiffs.  Therefore, Defendants object to the following requests on this ground:  Nos. 1(j), 1(k), 1(p), 4, and any other request intended by Plaintiffs to encompass MWL.

---

[5] Defendants have stated that they anticipate filing motions to dismiss the amended complaint that Plaintiffs will file on April 22, 2011.

Second, certain of Plaintiffs' requests seek documents without tying those requests to the misstatements alleged in their current Complaint. For example, Plaintiffs request any and all communications with or "concerning" any Officer Defendant, PwC, or Underwriter without *any* limitation on the subject matter of those communications, much less a limitation in time and content that would restrict that request to the claims that Judge Thompson ruled were sufficiently stated. *Id*. at ¶1(p). Plaintiffs seek all minutes of meetings of Colonial's Board of Directors and any committee thereof, again without any limitation on the matters discussed during those meetings or the particular committee. *Id*. at 1(q). Several other requests suffer from this problem. Defendants proposed modifications to the FDIC subpoena intended to address this objection, but those modifications were rejected by Plaintiffs. Therefore, Defendants object to the following requests on this ground: Nos. 1(l), 1(m), 1(n), 1(o), 1(p), and 1(q).[6]

Third, Defendants object to Plaintiffs' attempt to obtain documents from a patently over-broad period of time. The purported class period in the pending Complaint is approximately 21 months long. Of the four requests in the FDIC Subpoena, one contains *no* time limitation (Exhibit E at ¶ 4); two seek documents for a nine-year period going back to 2002, more than five years prior to the commencement of the purported class period (*id*. at ¶¶ 2, 3); and one seeks documents for a period extending nearly two years *after* the end of the purported class period on January 27, 2009, the date on which the Complaint asserts the truth was "fully revealed" (*id*. at ¶ 1). Doc. No. 134 at ¶ 102. Defendants contend that the appropriate time period for the FDIC Subpoena is the class period: April 18, 2007 through January 27, 2009. Defendants proposed

---

[6] In addition, there are privilege and confidentiality issues which have not yet been addressed. If the Court permits the Plaintiffs to serve the FDIC Subpoena on the FDIC, Defendants respectfully request the opportunity to take all necessary steps to preserve the confidentiality of any documents produced by the FDIC, including seeking the entry of an appropriate protective order.

6

modifications to the FDIC Subpoena intended to address this objection, but those modifications were rejected by Plaintiffs. Therefore, Defendants object to the time period in all four of the FDIC Subpoena requests on this ground.

It is one thing to permit Plaintiffs to conduct limited, particularized discovery of documents from non-parties relating to claims that Judge Thompson ruled were sufficiently stated. It is quite another thing, however, to permit wholesale discovery on a broad range of topics as to which Plaintiffs have yet to even assert a claim, much less a claim that has been the subject of properly-considered motions to dismiss. For these reasons, Defendants respectfully request that the Court either prohibit Plaintiffs from serving the FDIC Subpoena or limit the FDIC Subpoena to the form attached hereto as Exhibit H.

### III.     ANY DISCOVERY IS IMPROPER AT THIS TIME

As Defendants argued during the December 15, 2010 status conference, any discovery is improper at this time in light of the PLSRA. The myriad problems with the FDIC subpoena the Plaintiffs propose to serve demonstrate why what is essentially pre-suit discovery should not be permitted.

In situations such as this, where a securities class action plaintiff has survived a motion to dismiss but has stated an intention to file an amended complaint which will be subject to motions to dismiss by defendants, federal courts have imposed the discovery stay provided for in the PSLRA. For example, in *Sedona Corp. v. Ladenburg Thalmann*, the court granted in part and denied in part the defendants' motion to dismiss plaintiff's claims for violations of state and federal securities laws such that "substantial portions of the Complaint [had] been determined to be legally sufficient." No. 03 Civ. 3120 LTSTHK, 2005 WL 2647945, at *1, *4 n.2 (S.D.N.Y. Oct. 14, 2005). However, because the "[p]laintiff . . . expressed its intention to file a Second

7

Amended Complaint and Defendants' [sic] expect to move again to dismiss," the court "confirm[ed] that discovery [was] stayed [pursuant to the PSLRA] until all motions to dismiss the Second Amended Complaint ha[d] been decided." *Id*. at *1.   Similarly, in *Selbst v. McDonald's Corp.*, the court denied defendants' motion to dismiss, but instructed plaintiffs to file an amended complaint to include factual allegations that had been missing from the original complaint, and did not lift the discovery stay while plaintiffs' prepared their amended complaint and defendants moved to dismiss that amended complaint.  No. 04 C 2422, 2006 WL 566450 at *1 (N.D. Ill. March 1, 2006).

It is inconsistent with the dictates of the PSLRA to permit Plaintiffs to seek costly, burdensome discovery from any non-parties in advance of filing an amended complaint, when Defendants have made clear that they will move to dismiss that complaint and thus the PSLRA's discovery stay will be in effect.  Indeed, this fact alone would be grounds for the court to quash any non-party subpoenas.  *See In re Carnegie Int'l Corp. Sec. Litig.*, 107 F.Supp.2d 676, 679 (D. Md. 2000) (applying PSLRA's discovery stay to quash non-party subpoena served after complaint was filed but before motions to dismiss had been filed, since defendants' assertion that they would "probably" file motions to dismiss was sufficient to trigger the discovery stay, which extends to discovery sought from non-parties).

Congress enacted the PSRLA discovery stay to prevent plaintiffs from engaging in discovery "'in the hopes of finding a sustainable claim not alleged in the complaint.'" *In re Vivendi Universal, S.A. Securities Litigation*, 381 F. Supp. 2d 129, 129-30 (S.D.N.Y. 2003) (quoting S. Rep. No. 104-98, at 14 (1995)); *see also Medhekar v. U.S. Dist. Ct.*, 99 F.3d 325, 328 (9th Cir. 1996) ("Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by

the defendants after the action has been filed."); *Sedona Corp. v. Ladenburg Thalmann*, No. 03 Civ. 3120 LTSTHK, 2005 WL 2647945, at *3 (S.D.N.Y. Oct. 14, 2005) ("[O]ne purpose of the [PSLRA] stay provision is to prevent a plaintiff from utilizing discovery to formulate a claim."). Plaintiffs' proposed subpoenas run afoul of the clear Congressional intent behind the PSLRA's discovery stay.

While there are two exceptions to the PSLRA which permit *particularized* discovery when necessary to preserve evidence and "to prevent undue prejudice," 15 U.S.C. § 78u-4(b)(3)(B), Plaintiffs have not met, and cannot meet, their heavy burden of showing that either exception applies. As Judge Thompson previously concluded, "[T]he mere imposition of a delay in the discovery process is not sufficient to establish undue prejudice." Doc. No. 269 at 4 (citing *In re Smith Barney Transfer Agent Litigation*, 2006 WL 1738078 at *2 (S.D.N.Y. 2006) ("Undue prejudice does not arise from a delay in the gathering of evidence or the development of settlement or litigation postures. This is because delay is an inherent part of every stay of discovery required by the PSLRA.") (internal citations and quotations omitted)).

## CONCLUSION

For the reasons stated herein, Defendants respectfully request that this Court issue a protective order prohibiting Plaintiffs from serving any subpoena upon the FDIC until the Court has ruled upon the sufficiency of the claims in Plaintiffs' forthcoming amended complaint. Alternatively, Defendants move for a protective order limiting the scope and duration of the Subpoena to address Defendants' objections.

Respectfully submitted this 8th day of February 2011.

KING & SPALDING LLP

By: *s/ Elizabeth V. Tanis*
    Elizabeth V. Tanis (Ga. Bar No. 697415)

Geoffrey M. Ezgar (Cal. Bar No. 184243)
1180 Peachtree Street, NE
Atlanta, Georgia 30309-3521
(404) 572-4600
(404) 572-5140 (fax)

*Counsel for Defendant PricewaterhouseCoopers LLP*

WALLER LANSDEN DORTCH & DAVIS LLP

By: *s/ Larry B. Childs*
    Larry B. Childs

Sheila W. Sawyer
William C. Athanas
1901 Sixth Avenue North, Suite 1400
Birmingham, AL 35203
(205) 226-5701
(205) 214-8787 (fax)

*Counsel for Defendants Beville, Clements, Craft, Dye, Harris, Holdbrooks, Linden, Mathison, McGregor, Mussafer, Powell, Rane, Sippial and Welch*

LIGHTFOOT, FRANKLIN & WHITE, L.L.C.

By: *s/ James F. Hughey III*
    James F. Hughey III (HUG044)

Samuel H. Franklin (FRA006)
Enrique "Henry" J. Gimenez (GIM001)
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

*Counsel for Defendants Robert H. Lowder, Sarah H. Moore, T. Brent Hicks and Sheila Moody*

MAYNARD COOPER & GALE P.C.

By: *s/ Carl S. Burkhalter*
    Carl S. Burkhalter (BUR086)

Richard J. Davis
Armstead Inge Selden, III
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
(205) 254-1000
(205) 254-1999 (fax)

*Counsel for the Underwriter Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic filing system which will send notification of such filing to the following:

| | |
|---|---|
| LABATON SUCHAROW LLP<br>Thomas A. Dubbs, tdubbs@labaton.com<br>James W. Johnson, jjohnson@labaton.com<br>Angelina Nguyen, anguyen@labaton.com<br>Alan I. Ellman, aellman@labaton.com<br>Christopher J. Keller, ckeller@labaton.com<br>Stefanie J. Sundel, ssundel@labaton.com<br>Thomas G. Hoffman, Jr., thoffman@labaton.com<br>Matthew C. Moehlman, mmoehlman@labaton.com | LOWENSTEIN SANDLER PC<br>Ira M. Levee, ilevee@lowenstein.com<br>Michael S. Etkin, metkin@lowenstein.com<br><br>ROBBINS GELLER RUDMAN DOWD LLP<br>Douglas S. Wilens, dwilens@rgrdlaw.com<br>Jack Reise, jreise@rgrdlaw.com |

*Attorneys for Lead Plaintiffs Arkansas Teacher Retirement System, The State-Boston Retirement System, The Norfolk County Retirement System and City of Brockton Retirement System and Lead Counsel for the Class*

| | |
|---|---|
| THOMAS, MEANS, GILLIS & SEAY, PC<br>Tyrone C. Means, tcmeans@tmgslaw.com<br>H. Lewis Gillis, hlgillis@tmgslaw.com<br>Gerald C. Brooks, gcbrooks@tmgslaw.com<br><br>*Liaison Counsel for the Class* | KLAFTER, OLSEN & LESSER LLP<br>Jeffrey A. Klafter, jak@klafterolsen.com<br><br>*Counsel for Plaintiff The Horace F. Moyer and Joan M. Moyer Living Trust* |

| | |
|---|---|
| LAW OFFICE OF M. STEPHEN DAMPIER, P.C.<br>M. Stephen Dampier, stevedampier@bellsouth.net<br><br>COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP<br>Paul J. Geller, pgeller@csgrr.com<br><br>*Counsel for the Class* | CHIMICLES & TIKELLIS LLP<br>Kimberly A. Sanders, kas@chimicles.com<br>Steven A. Schwart, sas@chimicles.com<br>Timothy N. Mathews, tnm@chimicles.com<br><br>*Counsel for the Class* |

LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
Samuel H. Franklin, sfranklin@lightfootlaw.com
James F. Hughey III, jhughey@lightfootlaw.com
Enrique "Henry" J. Gimenez, hgimenez@lightfootlaw.com

COPELAND FRANCO SCREWS & GILL
Robert David Segall, segall@copelandfranco.com

*Attorneys for the Colonial BancGroup Defendants of Robert E. Lowder, Sarah H. Moore, T. Brent Hicks, Sheila P. Moody, and John C.H. Miller, Jr.*


MAYNARD COOPER & GALE PC
Carl S. Burkhalter, cburkhalter@maynardcooper.com
Armstead Inge Selden, III, iselden@maynardcooper.com
Richard J. Davis, rdavis@maynardcooper.com
Steven L. McPheeters, smcpheeters@maynardcooper.com
Alan F. Enslen, aenslen@maynardcooper.com
Kathryn L. Dietrich, kdietrich@maynardcooper.com

*Attorneys for the Note Underwriter Defendants and the Stock Underwriter Defendants*


WALLER LANSDEN DORTCH & DAVIS LLP
Larry B. Childs, larry.childs@wallerlaw.com
William C. Athanas, bill.athanas@wallerlaw.com
Sheila Watters Sawyer, sheila.sawyer@wallerlaw.com

GRAY LANGFORD SAPP McGOWAN GRAY, GRAY & NATHANSON, P.C.
Walter Edgar McGowan, wem@glsmgn.com

*Attorneys for Lewis E. Beville, William Britton, Jerry J. Chesser, Augustus K. Clements, III, Robert S. Craft, Patrick F. Dye, Hubert L. Harris, Jr., Clinton O. Holdbrooks, Deborah L. Linden, John Ed Mathison, Milton E. McGregor, Joseph D. Mussafer, William E. Powell, III, James W. Rane, Simuel Sippial, Jr., and Edward V. Welch*

                                        WALLER LANSDEN DORTCH & DAVIS LLP

1901 Sixth Avenue North          */s/ William C. Athanas*
Suite 1400                       William C. Athanas
Birmingham, AL 35203             bill.athanas@wallerlaw.com