IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |
|---|---|
| In re COLONIAL BANCGROUP, INC. SECURITIES LITIGATION } } } } } } } } } } | Case No.: 2:09-CV-00104-RDP-WC |

### MEMORANDUM OPINION

There is an old adage: "measure twice, cut once." Although it is generally accepted that this maxim originated in the carpentry vocation, it nonetheless has a number of applications in other areas. For example, it can serve as sound advice in the legal profession. Lawyers must train themselves to think carefully about the consequences (both intended and unintended) of their tactical decisions. As it turns out, this age old admonition would have been instructive in this case because here, rather than "measur[ing] twice [and] cut[ting] once," Lead Plaintiffs have measured once and attempted to cut thrice. But, for the reasons explained in this opinion, they cannot avail themselves of the third try.

This matter is before the court on Plaintiff Public Pension Funds' Motion for Leave to Amend the Complaint (Doc. # 505). The Motion has been fully briefed. (Docs. # 506, 510, 511, 512, and 513). The crux of the issue here is whether Lead Plaintiffs' should be allowed another opportunity to amend their complaint to, among other things, "add allegations supporting the subjective and objective falsity of Defendants' alleged misstatements ... ." (Doc. # 506 at 5).

I.      PROCEDURAL HISTORY

The original Class Action Complaint in this case was filed over four years ago, in February 2009. (Doc. # 1). A Motion to Consolidate was filed and granted in March 2009. (Docs. # 14 and 22). A Consolidated Class Action Complaint was filed on June 22, 2009. (Doc. # 134). In August 28, 2009, Defendant Colonial BancGroup, Inc. filed a Notice of Suggestion of Bankruptcy. (Doc. # 210). On December 2, 2009, the Honorable Myron H. Thompson dismissed all claims against Colonial BancGroup, Inc. (Doc. # 271).

In September 2009, Defendants (the Officers[1] and Directors,[2] PricewaterhouseCoopers LLP ("PwC"), and Underwriters[3]) filed Motions to Dismiss. (Docs. # 232, 234, 236, and 246). On May 14, 2010, Judge Thompson summarily denied all of the Motions to Dismiss. (Doc. # 314 - 318). In May and June 2010, Defendants asked the court to reconsider the orders denying the Motions to Dismiss. (Docs. # 360, 365, 368, 373). Around this time, the case was reassigned to the undersigned. (Doc. # 399).

Upon reassignment, the court conducted a status conference on December 15, 2010. At the status conference, despite the pending motions to reconsider, Lead Plaintiffs sought leave to amend their Consolidated Class Action Complaint based on newly discovered information they wished to incorporate into the Complaint. (Doc. # 409 at 12:3-10; 27:1-8). The court granted Lead Plaintiffs leave to amend, but required the parties to confer regarding the contents of the proposed amended

---

[1] Robert E. Lowder, Sarah H. Moore, and T. Brent Hicks.

[2] Lewis E. Beville, Augustus K. Clements III, Robert S. Craft, Patrick F. Dye, Hubert L. Harris, Jr., Clinton O. Holdbrooks, Deborah L. Linden, John Ed Mathison, Milton E. McGregor, Joseph D. Mussafer, William E. Powell, III, James W. Rane, Simuel Sippial, Jr., and Edward V. Welch.

[3] Banc of America Securities LLC, Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., Morgan Keegan & Company, Inc., Morgan Stanley & Co., Inc., RBC Dain Rauscher Inc., Stifel, Nicolaus & Company, Inc., Stone & Youngberg LLC, SunTrust Robinson Humphrey, Inc., UBS Securities LLC, and Wachovia Capital Markets, LLC.

complaint in order to minimize the time, delay, and expense which would result from yet another round of motion practice. (Doc. # 408). Specifically, the court ordered the parties to:

> meet, face to face, and confer regarding an amended consolidated class action complaint to be filed by Lead Plaintiffs. At this meeting, counsel shall use their best efforts to reach an agreement regarding the contents of the proposed amended consolidated class action complaint, develop a more streamlined complaint, and, possibly, resolve by agreement certain issues which will inevitably be the subject of vigorous motions practice.

(Doc. # 408 at 1). The court was very clear. Both parties were to be completely "cards up" in their discussions. Indeed, the court warned both sides that it "would be very upset if [it] were to learn in a case of mine that ... someone held an ace in their pocket and didn't play it in the meeting and played it in front of [the court]. That would not be something [the court] would reward." (Doc. # 409 at 28). These warnings were not for show. As the court made clear, the purpose of the meet and confer was "to make sure that if there is a valid complaint to go forward, if they can allege these things properly, that the two sides communicate some before that process takes place so that we can, quite frankly, avoid another year and a half delay." (Doc. # 409 at 21).

In the first round of briefing, prior to the required face to face meetings, Defendants had argued that Plaintiffs' Section 11 and 12 claims were due to be dismissed due to Plaintiffs' failure to allege subjective falsity. (*See* Docs. # 361, 394-1, and 401). In support of that argument, PwC submitted authority for its position in the form of an opinion from the Southern District of New York, *Fait v. Regions Financial Corp.*, 712 F.Supp.2d. 117 (S.D. N.Y. May 10, 2010). (Doc. # 361-2). To be clear, this briefing occurred over a year before the First Amended Consolidated Class Action Complaint was filed. In the parties' face to face meetings prior to the filing of the First

Amended Consolidated Class Action Complaint, Defendants reiterated their arguments regarding the need for Plaintiffs to allege subjective falsity in their Section 11 and 12 claims.

After conducting the face to face meetings with each Defendant group, on April 29, 2011, Lead Plaintiffs filed their First Amended Consolidated Class Action Complaint. (Doc. # 424). In the First Amended Consolidated Class Action Complaint, with regard to the Section 11 and 12 claims, Plaintiffs not only did not allege subjective falsity, they expressly disavowed that factual assertion. Indeed, as to their Section 11 claims, Plaintiffs stated that they did "not intend to allege, and have not alleged, fraud on the part of any § 11 Note Offering Defendant." (Doc. # 424 at ¶¶ 1025, 1048). With regard to their Section 12 claims, Plaintiffs stated, "[t]his claim does not sound in fraud and should be read to exclude any reference in the preceding paragraphs to recklessness, fraud, or any intentional acts by the § 12 Note Offering Defendants." (Doc. # 424 at ¶¶ 1036, 1058). By all indications, the choice not to plead subjective falsity was a tactical one; Plaintiffs wished to avoid the more demanding Rule 9(b) pleading standards by limiting their Section 11 claim to innocent or negligent conduct.

On August 1, 2011, PwC and the Underwriter Defendants moved to dismiss Plaintiffs' First Amended Consolidated Class Action Complaint. (Docs. # 434 and 436). On that same date, Plaintiffs and the Officer and Director Defendants filed a Joint Notice of Lead Plaintiffs' Entry into Stipulation and Agreement of Settlement with Officer and Director Defendants. (Doc. # 433). Thereafter, Plaintiffs filed a Motion for Preliminary Approval of Partial Settlement and Certification of Class for Settlement Purposes. (Doc. # 444).

Plaintiffs stuck to their guns, even as more authority from other courts mounted against them. Shortly before they filed their Amended Complaint, a Florida district court recognized the subjective

4

falsity requirement. *Belmont Holdings Corp. v. Sun Trust Banks, Inc.*, 2010 WL 3545389 * 6 (N.D. Ga. 2010). By mid-2011, an Alabama district court and the Second Circuit (which affirmed the district court's decision in *Fait*) followed suit. *Local 703, I B of T Grocery and Food Employees Welfare Fund v. Regions Financial Corporation et al*, Case No. 2:10-CV-02847-IPJ, Doc. # 52 (N.D. Ala., June 7, 2011); *Fait v. Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2012). At no point during the process leading to the approval of the settlement with the Officer and Director Defendants had Plaintiffs indicated that they planned to amend their pleadings again. Rather, while the process of evaluating the settlement was ongoing, the parties developed a briefing schedule on Defendants' Motions to Dismiss Plaintiffs' First Amended Consolidated Class Action Complaint. (Docs. # 450 and 452). Thereafter, the parties prepared and filed briefs in support of and in opposition to the Motions. (Docs. # 461 - 469). In this briefing, Defendants continued to press their position that Lead Plaintiffs had failed to plead the requisite subjective falsity in the First Amended Class Action Complaint to support their Section 11 and 12 claims. (Docs. # 461 - 469). In turn, Plaintiffs argued that PwC's reliance on the Second Circuit's recent *Fait* decision was misplaced, and they further maintained their assertion that PwC's audit opinion, which begins "[i]n our opinion," was not, in fact, an opinion.

  During this period of time, the court preliminarily approved the settlement with the Officer and Director Defendants, certified the action as a class action for purposes of the settlement, and provided for notice to the class of the proposed settlement. (Doc. # 457). The court also approved of a notice regarding the settlement to be provided to the class and approved the retention of a Claims Administrator to facilitate notice and processing of claims. (Doc. # 457). Notice was sent to class members regarding the claims made in the case, the terms and effect of the proposed

settlement, and the date of a fairness hearing. Thereafter, Lead Plaintiffs filed a motion for final approval of the settlement. In connection with that motion, the parties briefed the fairness of the proposed settlement based on the claims made in the First Amended Consolidated Class Action Complaint. Certain class members filed objections to the proposed settlement, and, on January 25, 2012, the court conducted a hearing to evaluate the fairness of the proposed settlement and the objections thereto. (Docs. # 470 - 481). On April 18, 2012, the court approved the pro tanto settlement of the claims asserted in the First Amended Consolidated Class Action Complaint against the Officer and Director Defendants. That order also approved the plan of allocation, and the court awarded attorneys fees and expenses to Lead Plaintiffs' counsel. (Docs. # 482 and 483). In the Order Approving Proposed Partial Class Settlement and Plan of Allocation, the court ordered that all claims against the Officers and Directors were dismissed with prejudice:

> The First Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint"), filed April 29, 2011, is hereby dismissed in its entirety as to the Settling Defendants, with prejudice, ...

(Doc. # 482 at 17).

After approval of the settlement and the dismissal of the Officer and Director Defendants, the remaining parties submitted supplemental authority on the still pending Motions to Dismiss the First Amended Class Action Complaint and, on November 29, 2012, the court conducted a hearing on those Motions. (Docs. # 484 - 494). As they had consistently argued since at least 2010, Defendants asserted that Plaintiffs' claims were due to be dismissed because of their failure to allege subjective falsity. Lead Plaintiffs acknowledged that they had not pleaded subjective falsity with respect to the Section 11 and 12 claims, and suggested that a further amendment might be needed

if the court were to apply the rationale of *Fait v. Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2012). (*See* Docs. # 361, 498 at 137-38).

On December 18, 2012, the Court ordered the parties to confer and submit a joint report "regarding whether the court should rule on the outstanding motions based on the current pleadings, taking into account the pleadings summary, or whether further pleading of the complaint will be necessary in light of *Fait v. Regions Financial Corp.*, 655 F.3d 105, 109 (2d Cir. 2011) and its progeny." (Doc. # 497). In their February 1, 2013 Joint Report, the parties reported a disagreement as to how to proceed and that "Lead Plaintiffs have elected to move for leave to amend the current complaint as to the Section 11 and 12 claim only to address *Fait*, ... ." (Doc. # 499 at 1).

On March 15, 2013, Lead Plaintiffs filed their Motion for Leave to Amend the Complaint. (Doc. # 505). Plaintiffs argue that they should again be allowed to amend the complaint, this time to add allegations of subjective falsity with regard to their Section 11 and 12 claims. (Doc. # 506). Lead Plaintiffs argue that there has been no undue delay in making this request because there is no controlling Eleventh Circuit law requiring that Plaintiffs plead subjective falsity with regard to their Section 11 and 12 claims, and because the Second Circuit's decision in *Fait* had not been issued at the time the First Amended Complaint was drafted. (Doc. # 506 at 5).

## II.   ANALYSIS

Pursuant to Federal Rule of Civil Procedure 15(a)(2), because Defendants do not consent to the proposed amendment, Lead Plaintiffs cannot amend the complaint without leave of court. Rule 15 instructs that the "court should freely give leave when justice so requires." In light of Rule 15(a)'s liberal approach to granting leave to amend, the Eleventh Circuit has generally required a substantial reason to justify denial of leave to amend. *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th

Cir. 2008); *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989). For example, a court may deny leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

A district court may, in the exercise of its inherent power to manage the conduct of litigation before it, deny leave to amend a complaint, "so long as it does not outright refuse to grant the leave without any justifying reason." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Reese*, 527 F.3d at 1263. "[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Metzler Invest. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008). After careful consideration, the court finds that the proposed amendment is due to be denied for two related reasons. First, there has been an undue delay in seeking leave to amend. Second, an amendment at this late date would unduly prejudice the remaining defendants.

**1.    Undue Delay**

Although Lead Plaintiffs are correct that there is no binding precedent in the Eleventh Circuit requiring them to plead subjective falsity with regard to their Section 11 and 12 claims, they were aware that this was an issue being pressed by Defendants beginning in May 2010. The issue was raised during the briefing on the motions to reconsider the denial of the motions to dismiss the original Consolidated Class Action Complaint. In fact, after two rounds of briefing on the original Consolidated Class Action Complaint, this court allowed Lead Plaintiffs an opportunity to amend.

However, bearing in mind the prior motions practice, the court ordered the parties to confer and discuss the issues that would be raised during the anticipated third round of motions practice directed to the forthcoming First Amended Consolidated Class Action Complaint. The court's goal was for the parties to avoid unnecessary duplicative briefing on issues which the parties should be able to address on their own, having had the benefit of the first two rounds of briefing. The issue of a requirement of subjective falsity was squarely on the table during those discussions. Nevertheless, Lead Plaintiffs made an informed and deliberate decision to maintain their disclaimer of any subjective falsity allegation with regard to their Section 11 and 12 claims. To be clear, Lead Plaintiffs did not merely fail to include allegations of subjective falsity; rather, they again *specifically disclaimed* that they were making any such allegation. Interestingly, when Lead Plaintiffs made this decision, the Southern District of New York's decision in *Fait* was almost a year old.

After reasserting their disclaimer as to any allegation of subjective falsity in connection with the Section 11 and 12 claims, Lead Plaintiffs (1) settled all claims against the Director and Officer Defendants and pressed the court to approve the settlement after notice to the class, and (2) allowed briefing to again go forward on the validity of the Section 11 and 12 claims. After all of this had transpired, it was only during the November 2012 oral argument on the Motions to Dismiss the First Amended Consolidated Class Action Complaint when, apparently detecting that the court was inclined to follow the line of cases requiring allegations of subjective falsity to support Section 11 and 12 claims, that Lead Plaintiffs first made their eleventh hour request to again be allowed to amend their pleadings. The court's previous directive to meet and confer prior to the drafting of the First Amended Consolidated Class Action Complaint was designed to avoid this litigation returning to this point.

Lead Plaintiffs argue that their amendment should be allowed because there still is no binding precedent in the Eleventh Circuit requiring them to allege subjective falsity on their Section 11 and 12 claims. However, this argument is off the mark. Lead Plaintiffs are represented by respected counsel who regularly practice securities litigation in New York. The federal district courts in New York (as well as the Second Circuit) tend to be on the forefront of developing trends in securities law. As of August 2010, it was the prevailing conclusion in the district courts in the Second Circuit that allegations of recklessness could not satisfy the subjective falsity pleading requirement of Section 11 and 12 claims, and that to state an actionable claim, "a plaintiff must allege that the defendant did not actually believe the stated opinion." *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Sec. Act (ERISA) Litigation*, 757 F.Supp.2d 260, 310-11 (S.D. N.Y. 2010) (citing *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1162 (9th Cir. 2009)); *see also Fisher v. Kanas*, 467 F.Supp.2d 275, 282 (E.D. N.Y. 2006) (plaintiffs must show that the defendant did not actually hold the stated opinion); *In re Salomon Analyst AT & T Litig.*, 350 F.Supp.2d 455, 466 (S.D. N.Y. 2004) ("It is not sufficient ... to allege that an opinion was unreasonable, irrational, excessively optimistic, not borne out by subsequent events, or any other characterization that relies on hindsight or falls short of an identifiable gap between the opinion publicly expressed and the opinion truly held."); *In re CIT Group, Inc. Securities Litigation*, 349 F.Supp.2d 685, 689 (S.D. N.Y. 2004) ("[S]tatements about defendants' belief in the adequacy of loan loss reserves could be actionable if it is alleged that defendants did not actually believe the loan loss reserves were adequate, or if defendants had no reasonable factual basis for their belief."(citing *Virginia Bankshares, Inc. v. Sanberg*, 501 U.S. 1083, 1092–93(1991)); *Bond Opportunity Fund v. Unilab Corp.*, 2003 WL 21058251, at *5 (S.D. N.Y. May 9, 2003) ("the plaintiff must show both

that the directors did not actually hold the belief or opinion stated, and that the opinion stated was in fact incorrect") *aff'd*, 87 Fed.Appx. 772 (2d Cir. 2004).

Moreover, although there may not have been binding precedent in the Eleventh Circuit requiring allegations of subjective falsity at the time the First Amended Class Action Complaint was drafted, there existed at least one persuasive decision from another court in this circuit suggesting that the Eleventh Circuit would apply the rule developed in the Southern District of New York. In *Belmont Holdings Corp. v. Sun Trust Banks, Inc.*, 2010 WL 3545389 * 6 (N.D. Ga. 2010), Judge Duffy cited Southern District of New York cases and the Supreme Court's decision in *Virginia Bankshares* for the following plainly stated conclusion:

> Absent an allegation that Defendants did not believe the statements incorporated into the RS/P, Plaintiff has not stated a claim for misstatements relating to SunTrust's opinion regarding the adequacy of its loan reserves. ... Plaintiff's complaint, therefore, does not state a claim under Sections 11 or 12, and SunTrust's motion to dismiss is required to be granted.

*Belmont Holdings Corp.*, 2010 WL 3545389 at * 6.

Thus, the court concludes that there has not actually been a "change in the law," and that Lead Plaintiffs were well aware, based on the then-current state of the law, that they should have included the subjective falsity allegations in the April 29, 2011 First Amended Class Action Complaint in support of their Section 11 and 12 claims.

Lead Plaintiffs next argue that they should be allowed to amend because there has been no undue delay or prejudice. But this argument lacks merit, also. The central premise of their argument is that all that has taken place is the mere passage of time. They argue that no "new" claims are sought to be added, and that the proposed amended complaint would not add any new facts not

already alleged in the other claims. (Doc. # 506 at 16). However, this is more than a simple case of a belated amendment to the pleadings.

Here, there has plainly been undue delay in seeking leave to amend the pleadings. See *Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236-37 (11th Cir. 2005). In *Andrx Pharmaceuticals*, like here, the plaintiff was motivated to amend its complaint to avoid the court's grant of a pending dispositive motion. *Andrx Pharmaceuticals, Inc.,* 421 F.3d at 1236-37. The Eleventh Circuit affirmed the district court's denial of leave to amend based in large measure on the delay between the time the plaintiff was on notice of the need to amend and the time when leave to amend was actually requested. *Id.* (citing *Smith v. Duff & Phelps, Inc.*, 5 F.3d 488, 493 (11th Cir. 1993) (finding no abuse of discretion where litigant waited more than a year to seek leave to amend after it was put on notice that its claim was defective)). "The liberal amendment policy of Rule 15(a) does not countenance 'the old sporting theory of justice' or the use of the federal courts as a forum for testing alternate legal theories seriatim." *Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1042 (11th Cir. 2006) (citing *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469-70 (5th Cir. 1967); 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1489 (2d ed.1987)).

Thus, the court concludes that there was undue delay in the bringing of Lead Plaintiffs' Motion for Leave to Amend.

**2.    Undue Prejudice**

Although for the reasons already explained the court cannot sanction Lead Plaintiffs' delay in seeking an amendment to their pleadings, to be sure, this is not merely a case of undue delay. It is also a case of unfair prejudice. To be sure, events which occurred after Lead Plaintiffs were on

12

notice of the need to plead subjective falsity, but before they sought this leave to amend, establish that allowing the amendment would result in undue prejudice.

In August 2011, after the parties met and conferred, after the First Amended Consolidated Class Action Complaint was filed, and at the same time the motions to dismiss were filed, Lead Plaintiffs and the Officer and Director Defendants notified the court and the other defendants that they had reached a settlement on behalf of the class. On January 25, 2012, the court conducted a hearing to evaluate the fairness of the proposed settlement. On April 18, 2012, the court approved the partial settlement and plan of allocation and awarded attorneys' fees and expenses to Lead Plaintiffs' counsel. (Docs. # 482 and 483). That settlement, by its very terms, barred all contribution claims asserted against those settling Defendants. At the time of the settlement, the only allegations against the non-settling Defendants under the Section 11 and 12 claims were based upon theories of strict liability. There simply was no allegation, at all, made pursuant to their Section 11 or 12 claims that Defendants, including the Officer and Director Defendants, had made any knowingly false statements.

Lead Plaintiffs' admit that the allegations they seek to add with their proposed amendment were known to them (and made public) in April 2010. "[T]he only proposed additional allegations concerning the Officer Defendants are lifted directly from the [Office of Inspector General("OIG")] Report, which was discussed and incorporated into the [First Amended Complaint]. The Underwriter Defendants have been well aware of the OIG Report since it was made public in April 2010." (Doc. # 513 at 7). This raises the poignant question: why, then, did Lead Plaintiffs allow the settlement with the Director and Officers to be evaluated by the court, other parties, and potential class members on less than all the "facts" known to Lead Plaintiffs?

This court cannot sanction the fact that Lead Plaintiffs seek to amend their pleadings based on information they already had in their possession *before* this court, the parties and potential class members were called upon to evaluate the settlement with the Officer and Director Defendants, but which were not alleged in any pleading at that time. None of the remaining Defendants objected to the settlement based on the allegations of the *First* Amended Class Action Complaint. Class members evaluated the settlement based on the allegations of the *First* Amended Class Action Complaint. And the court determined that the settlement was fair and reasonable based on the allegations of the *First* Amended Class Action Complaint.

Lead Plaintiffs argue that the proposed new facts are really nothing new. However, the court cannot make a determination that no other objections to the settlement would or would not have been made had Lead Plaintiffs included subjective falsity allegations in support of their Section 11 and 12 claims in the First Amended Class Action Complaint. The crux of the proposed amendment is to add allegations that the now-dismissed Officer and Director Defendants made statements that they did not actually believe at the time they made them in support of the Section 11 and 12 claims. The proposed amendment is a game-changer on the Section 11 and 12 claims against the remaining Defendants. At the time the remaining Defendants evaluated and decided not to oppose the Officer and Director Defendants' settlement with Lead Plaintiffs, they already had pending Motions to Dismiss the Section 11 and 12 claims against them based on what they perceived to be well established law. Thus, at the time the settlement was approved, the remaining Defendants were confident that the Section 11 and 12 claims against them[4] would be dismissed. To allow Lead

---

[4] To be clear, this portion of the court's analysis relates to the Section 11 and 12 claims based on matters of opinion, other than as to Colonial's Mortgage Warehouse Lending Department ("MWLD"). Defendants concede that the Section 11 and 12 claims in the First Amended Consolidated Class Action Complaint state a claim as to the MWLD issue.

Plaintiffs to materially alter the nature of the claims against these Defendants after the alleged wrongdoers have been dismissed from the case, and there is no right to seek contribution, is exactly the type of prejudice which justifies denial of leave to amend.

Moreover, after approval of the settlement, twenty-eight (28) requests for exclusion were received. (Doc. # 482 at 22). All other class members did not request to be excluded based upon the allegations set forth in the *First* Amended Class Action Complaint. It is impossible for this court to evaluate whether additional requests for exclusion might have been made had class members had the proposed second amended complaint before them. There is no practical way at this juncture to reassess whether any class member would have evaluated the proposed settlement differently under the proposed amended complaint.

On August 22, 2013, Lead Plaintiffs filed a Notice of Supplemental Authority notifying this court of the Second Circuit's decision in *Freidus v. Barclays Bank PLC*, 2013 WL 4405291 (2nd Cir. 2013). In *Freidus*, the Second Circuit held that the Southern District of New York had erred in failing to allow the plaintiffs in that case to file an amended complaint to allow them to add allegations of subjective falsity in light of the intervening decision in *Fait*. However, the facts of this case are readily distinguishable from those in *Freidus*. The district court in *Freidus* denied leave to amend because it determined that the amendment would be futile; however, that case did not involve the undue delay and unfair prejudice present in this case. Rather, the Second Circuit reversed the district court's finding of futility. *Freidus*, 2013 WL 4405291 at * 6. Thus, the court finds *Freidus* inapposite.

The interim settlement alone is a substantial reason to deny leave to amend. *See Reese*, 527 F.3d at 1263. But there is an additional, more obvious, reason that the proposed second amended

15

complaint should not be allowed: each of the eight counts in the proposed second amended complaint purport to assert claims against parties who previously settled all claims against them and who were dismissed with prejudice. (Doc. # 505-2 at 244, 246, 323, 325-31).

### III.  CONCLUSION

For the foregoing reasons, the court concludes that Lead Plaintiffs' Motion for Leave to Amend the Complaint (Doc. # 505) is due to be denied because of undue delay in bringing the Motion and the undue prejudice which would be caused by allowing the amendment after the court has already approved a pro tanto settlement on behalf of the conditionally certified class. A separate order will be entered.

**DONE** and **ORDERED** this ____9th____ day of September, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE