## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| In re COLONIAL BANCGROUP, INC. SECURITIES LITIGATION | Case No.: 2:09-CV-00104-RDP-WC |

### ORDER

This matter is before the court PwC's and the Underwriter Defendants' Motions to Dismiss Plaintiffs' First Amended Consolidated Class Action Complaint. (Docs. # 434 and 436). On September 9, 2013, the court entered a Memorandum Opinion (Doc. #520) and Order (Doc. #521) denying Lead Plaintiffs' Motion for Leave to Amend. (Doc. #505). In light of the court's decision, the operative Complaint in this matter remains Lead Plaintiffs' First Amended Class Action Complaint ("FAC") (Doc. # 424). The FAC contains the following claims:

    1.    Count I under Section 10(b) of the Exchange Act and Rule 10b-5(b) Promulgated Thereunder, against Defendants Lowder, Moore, Hicks and PwC;[1]

    2.    Count II under Section 20(a) of the Exchange Act against Defendants Lowder, Moore and Hicks;

    3.    Count III under Section 11 of the Securities Act against Lowder, Moore, Hicks, the Director Defendants, PwC and the Note Underwriter Defendants in connection with the March 3, 2008 Note Offering;

---

[1] Defendants Lowder, Moore and Hicks are the Officer Defendants.

      4.      Count IV under Section 12(a)(2) of the Securities Act against Lowder, Moore, Hicks and the Note Underwriter Defendants in connection with the March 3, 2008 Note Offering;

      5.      Count V under Section 15 of the Securities Act against Defendants Lowder, Moore and Hicks in connection with the March 3, 2008 Note Offering;

      6.      Count VI under Section 11 of the Securities Act against Lowder, Moore, Hicks, the Director Defendants, PwC and the Stock Underwriter Defendants in connection with the April 21, 2008 Stock Offering;

      7.      Count VII under Section 12(a)(2) of the Securities Act against Lowder, Moore, Hicks and the Stock Underwriter Defendants in connection with the April 21, 2008 Stock Offering; and

      8.      Count VIII under Section 15 of the Securities Act against Lowder, Moore and Hicks in connection with the April 21, 2008 Stock Offering.  (Doc. # 424).

On April 18, 2012, the court approved a partial settlement of the claims asserted in the First Amended Consolidated Class Action Complaint against the Officer and Director Defendants. (Doc. # 482).  In the Order Approving Proposed Partial Class Settlement and Plan of Allocation, the court ordered that all claims against the Officers and Directors were dismissed with prejudice.  (Doc. # 482 at 17).  Thus, Counts II, V and VIII were dismissed in their entirety, with prejudice, because the only Defendants named in those claims were the Officer and Director Defendants.  The portions of the other Counts stated against the Officer and Director Defendants were also dismissed.  (Doc. # 482).

At oral argument on the Motions to Dismiss on November 29, 2012, Lead Plaintiffs' counsel conceded that, under the rationale of *Fait v. Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2012)

and *Belmont Holdings Corp. v. Sun Trust Banks, Inc.*, 2010 WL 3545389 * 6 (N.D. Ga. 2010)[2], Lead Plaintiffs had not alleged the requisite subjective falsity to state actionable claims on any of the non-fact based issues addressed in Lead Plaintiffs' Section 11 and 12 claims. (Doc. # 498 at 136-138). Such a concession was hardly avoidable in light of the specific disclaimer of subjective falsity contained within those counts. (Doc. # 424 at ¶¶ 1025, 1036, 1048, and 1058). In turn, the remaining Defendants conceded that Lead Plaintiffs had sufficiently pled Section 11 and 12 claims as to the factual issue of Colonial's Mortgage Warehouse Lending Department ("MLWD"). (Doc. # 498 at 23). In light of these concessions, Defendants' Motions to Dismiss (Docs. # 434 and 436) is **GRANTED IN PART** and **DENIED IN PART**. Counts III, IV, VI, and VII are **DISMISSED** as to all issues other than relating to Colonial's MWLD. As to Colonial's MWLD, Counts III, IV, VI, and VII remain pending. Thus, for clarity's sake, the following claims currently remain pending in the case:

| Count | Applicable Law | Defendants | Offering at Issue |
| --- | --- | --- | --- |
| I | § 10(b) Exchange Act | PwC | '07 and '08 Audit Opinions |
| III | § 11 Securities Act | PwC, Underwriters | MWLD issue - Note Offering |
| IV | § 12 Securities Act | Underwriters | MWLD issue - Note Offering |

---

[2] *See also In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Sec. Act (ERISA) Litigation*, 757 F.Supp.2d 260, 310-11 (S.D. N.Y. 2010) (to state an actionable Section 11 or 12 claim, "a plaintiff must allege that the defendant did not actually believe the stated opinion." (citing *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1162 (9th Cir.2009)); *see also Fisher v. Kanas*, 467 F.Supp.2d 275, 282 (E.D. N.Y. 2006) (plaintiffs must show that the defendant did not actually hold the stated opinion); *In re Salomon Analyst AT & T Litig.*, 350 F.Supp.2d 455, 466 (S.D. N.Y. 2004) ("It is not sufficient ... to allege that an opinion was unreasonable, irrational, excessively optimistic, not borne out by subsequent events, or any other characterization that relies on hindsight or falls short of an identifiable gap between the opinion publicly expressed and the opinion truly held."); *In re CIT Group, Inc. Securities Litigation*, 349 F.Supp.2d 685, 689 (S.D. N.Y. 2004) ("[S]tatements about defendants' belief in the adequacy of loan loss reserves could be actionable if it is alleged that defendants did not actually believe the loan loss reserves were adequate, or if defendants had no reasonable factual basis for their belief."(citing *Virginia Bankshares, Inc. v. Sanberg*, 501 U.S. 1083, 1092–93(1991)); *Bond Opportunity Fund v. Unilab Corp.*, 2003 WL 21058251, at *5 (S.D. N.Y. May 9, 2003) ("the plaintiff must show both that the directors did not actually hold the belief or opinion stated, and that the opinion stated was in fact incorrect") (emphasis in original), aff'd, 87 Fed.Appx. 772 (2d Cir. 2004).

| VI  | § 11 Securities Act | PwC, Underwriters | MWLD issue - Stock Offering |
| --- | --- | --- | --- |
| VII | § 12 Securities Act | Underwriters | MWLD issue - Stock Offering |

The court continues to take the Motions to Dismiss as to Count I, the Exchange Act Section 10(b) claim against PwC, under submission.  That claim will be addressed by separate order.

**DONE** and **ORDERED** this      9th      day of September, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE