IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re | ) | CIVIL ACTION NO. |
| COLONIAL BANCGROUP, INC. | ) | 2:09-CV-104-RDP-WC |
| SECURITIES LITIGATION | ) | |
| | ) | |

**DEFENDANT PRICEWATERHOUSECOOPERS LLP'S RESPONSE TO PUBLIC PENSION GROUP'S REQUEST FOR JUDICIAL NOTICE IN FURTHER OPPOSITION TO DEFENDANT PRICEWATERHOUSECOOPERS LLP'S MOTION TO DISMISS**

Defendant PricewaterhouseCoopers LLP ("PwC") submits this response to Public Pension Group's ("Plaintiffs") Request for Judicial Notice in Further Opposition to Defendant PricewaterhouseCoopers LLP's Motion to Dismiss [DKT 525].

On September 9, 2013, the Court granted in part and denied in part PwC's Motion to Dismiss Plaintiffs' claims under Section 11 of the Securities Act of 1933. *See* Order [DKT 522] at 3. As a result, the only portion of PwC's Motion to Dismiss that remains pending relates to Plaintiffs' securities fraud claim under Section 10(b) of the Securities Exchange Act of 1934. *Id.*

In connection with that Motion, Plaintiffs now submit two documents for the Court's consideration—a Florida state court complaint against PwC and an order entered in an action brought by the Federal Deposit Insurance Corporation (as receiver for Colonial Bank) against PwC. Neither document supports Plaintiffs' cause. On the contrary, as PwC explains below, the state court complaint bolsters PwC's Motion to Dismiss in two important respects, while the order in the FDIC action has no bearing whatsoever on the issues presented in PwC's Motion.

**First**, the Florida state court complaint filed by the TBW Plan Trust does not contain any allegations of fraud or intentional misconduct by PwC. Therefore, instead of buoying Plaintiffs' position, the Florida state court complaint further underscores Plaintiffs' inability to plead in this case that PwC committed securities fraud.

1

To plead a Section 10(b) securities fraud claim against PwC, Plaintiffs must allege "with particularity facts giving rise to a strong inference that [PwC] acted with the required state of mind."  15 U.S.C. § 78u-4(b)(2)(A).  A complaint alleges the requisite "strong inference" of scienter, according to the Supreme Court, "only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323-24 (2007).

The TBW Plan Trust's complaint against PwC does not give rise to any inference—strong or otherwise—that PwC acted with scienter.  Rather, the TBW Plan Trust's complaint gives rise to an inference that PwC did ***not*** act with scienter:  It does not assert any fraud-based claim against PwC or include any allegations of fraud or intentional misconduct by PwC, but instead rests entirely on a single count of negligent misrepresentation.  *See* TBW Compl. [DKT 525-1] ¶¶ 66-74.  Far from alleging fraud by PwC, the TBW Plan Trust's complaint actually alleges that the fraud being perpetrated by individuals within Colonial Bank's Mortgage Warehouse Lending Division was actively concealed from PwC—allegations that are wholly inconsistent with the notion that PwC was acting with scienter.  *See id.* ¶¶ 26, 27, 34, 53; *see also* PwC MTD Brief [DKT 439-1] at 14-15 (citing cases); PwC MTD Reply [DKT 468] at 6-7.

Plaintiffs have now called this Court's attention to three different lawsuits relating to PwC's audits of the financial statements of Colonial BancGroup, Inc. ("BancGroup"), but not one of those complaints alleges fraud by PwC.  BancGroup's bankruptcy trustee has not alleged it.  *See* BancGroup Trustee Compl. [DKT 461-1].  The FDIC, as receiver for Colonial Bank, has not alleged it.  *See* FDIC Compl. [DKT 488-1].  And now the TBW Plan Trust has not alleged it.  *See* TBW Plan Trust Compl. [DKT 525-1].  Viewed individually and together, the only inference to be drawn from these complaints is that PwC did not act with scienter.  *See also* PwC MTD

2

Reply [DKT 468] at 6 n.3; PwC Resp. to Req. for Jud. Not. [DKT 492] at 4.  Because the inference that PwC acted with scienter is not "cogent and at least as compelling" as the inference that PwC did not do so, Plaintiffs' Section 10(b) securities fraud claim against PwC should be dismissed in its entirety.

**Second**, the TBW Plan Trust's complaint does not allege that BancGroup's allowance for loan losses, goodwill, or mortgage-backed securities were materially misstated.  In this regard, too, the TBW Plan Trust's complaint mirrors the complaints previously filed by BancGroup's bankruptcy trustee and by the FDIC:  None of them includes a single allegation regarding these three topics.  *See* BancGroup Trustee Compl. [DKT 461-1]; FDIC Compl. [DKT 488-1]; TBW Plan Trust Compl. [DKT 525-1].  These complaints further demonstrate that Plaintiffs' Section 10(b) claim—like Plaintiffs' Section 11 claims—should be dismissed to the extent it is based on allegations that BancGroup's allowance for loan losses, goodwill, and mortgage-backed securities were materially misstated.

**Third**, the order entered in the FDIC's action against PwC is irrelevant here because that order addressed Alabama law regarding proximate causation in tort and contract claims, not federal law regarding loss causation in Section 10(b) fraud actions.

The loss causation requirement for a Section 10(b) claim is well-defined. In *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), the Supreme Court instructed that a Section 10(b) plaintiff must have purchased stock at a price that was inflated by a misrepresentation ***and*** must still own the stock when the relevant truth was revealed through a corrective disclosure that caused the stock price to drop.  *See id.* at 342 (observing that "if . . . the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss").

3

The allegations of Plaintiffs' First Amended Complaint do not satisfy the loss causation standard established by the Supreme Court in *Dura Pharmaceuticals*, as PwC explains in its Motion to Dismiss.  *See, e.g.*, PwC MTD Brief [DKT 439-1] at 28-35; PwC MTD Reply [DKT 468] at 17-21.  Whether the FDIC sufficiently alleged proximate causation under Alabama law with respect to tort and contract claims against PwC in another case has no bearing on whether Plaintiffs' First Amended Complaint in this case sufficiently alleges Section 10(b) loss causation in accordance with *Dura Pharmaceuticals*.

For the foregoing reasons, PwC requests that the Court grant PwC's Motion to Dismiss Plaintiffs' Section 10(b) claim.

Respectfully submitted this 26th day of November, 2013.

| | |
|---|---|
| BALL, BALL, MATTHEWS & NOVAK, P.A. | KING & SPALDING LLP |
| Tabor R. Novak, Jr. (NOV001)<br>200 Interstate Park Drive<br>Suite 204<br>Montgomery, Alabama 36109<br>Telephone: (334) 387-7680<br>Facsimile: (334) 387-3222<br>tnovak@ball-ball.com | By:  /s/ *Elizabeth V. Tanis*<br>         Elizabeth V. Tanis<br>GA Bar No. 697415<br>admitted *pro hac vice*<br>Drew D. Dropkin (GA Bar No. 231031),<br>admitted *pro hac vice*<br>1180 Peachtree Street, NE<br>Atlanta, Georgia 30309-3521 |
| JOHNSTON BARTON PROCTOR & ROSE LLP<br>Thomas E. Walker, Esq. (WAL017)<br>Colonial Brookwood Center<br>569 Brookwood Village, Suite 901<br>Birmingham, Alabama 35209<br>Telephone:  (205) 458-9400<br>Facsimile:   (205) 458-9500<br>twalker@johnstonbarton.com | Telephone: (404) 572-4600<br>Facsimile: (404) 572-5140<br>etanis@kslaw.com<br><br>Geoffrey M. Ezgar (CA Bar No. 184243),<br>admitted *pro hac vice*<br>101 Second Street, Suite 2300<br>San Francisco, CA 94015<br>Telephone: (415) 318-1324<br>Facsimile: (415) 318-1300<br>gezgar@kslaw.com |
| *Co-Counsel for Defendant*<br> *PricewaterhouseCoopers LLP* | *Counsel for Defendant*<br>*PricewaterhouseCoopers LLP* |

4

DMSLIBRARY01:22134956.2

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of November, 2013, I electronically filed the foregoing DEFENDANT PRICEWATERHOUSECOOPERS LLP'S RESPONSE TO PUBLIC PENSION GROUP'S REQUEST FOR JUDICIAL NOTICE IN FURTHER OPPOSITION TO DEFENDANT PRICEWATERHOUSECOOPERS LLP'S MOTION TO DISMISS with the Clerk of the Court using the CM/ECF electronic filing system, which will send notification of the filing to the following:

Thomas A. Dubbs (NY TD 9868), tdubbs@labaton.com
James W. Johnson (NY JJ 0123), jjohnson@labaton.com
Angelina Nguyen (NY AN 8929), anguyen@labaton.com
Alan I. Ellman, aellman@labaton.com
Christopher J. Keller, ckeller@labaton.com
Stefanie J. Sundel, ssundel@labaton.com
Thomas G. Hoffman, Jr., thoffman@labaton.com
Matthew C. Moehlman, mmoehlman@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005

Ira M. Levee, ilevee@lowenstein.com
Michael S. Etkin, metkin@lowenstein.com
LOWENSTEIN SANDLER PC
65 Livingston Ave.
Roseland, NJ 70680

Douglas Scott Wilens, dwilens@rgrdlaw.com
Jack Reise, jreise@rgrdlaw.com
ROBBINS GELLER RUDMAN DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432

*Attorneys for Lead Plaintiffs Arkansas Teacher Retirement System, The State-Boston Retirement System, The Norfolk County Retirement System and City of Brockton Retirement System and Lead Counsel for the Class*

Tyrone C. Means (MEA003), tcmeans@tmgslaw.com
H. Lewis Gillis (GIL011), hlgillis@tmgslaw.com
Gerald C. Brooks (BRO212), gcbrooks@tmgslaw.com

5

THOMAS, MEANS, GILLIS & SEAY, PC
3121 Zelda Court
Montgomery, Alabama 36106
*Liaison Counsel for the Class*

Jeffrey A. Klafter, jak@klafterolsen.com
KLAFTER, OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
*Counsel for Plaintiff The Horace F. Moyer and Joan M. Moyer Living Trust*

Kimberly A. Sanders, kas@chimicles.com
Steven A. Schwart, sas@chimicles.com
Timothy N. Mathews, tnm@chimicles.com
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 W. Lancaster Avenue
Haverford, PA 19041
*Counsel for the Class*

M. Stephen Dampier, stevedampier@bellsouth.net
LAW OFFICE OF M. STEPHEN DAMPIER, P.C.
55 North Section Street
Fairhope, AL 36532
*Counsel for the Class*

Samuel H. Franklin (FRA006), sfranklin@lightfootlaw.com
James F. Hughey III (HUG044), jhughey@lightfootlaw.com
Enrique "Henry" J. Gimenez (GIM001), hgimenez@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200

Robert David Segall, segall@copelandfranco.com
COPELAND FRANCO SCREWS & GILL
P.O. Box 347
Montgomery, AL 36101-0347

*Attorneys for the Colonial BancGroup Defendants of Robert E. Lowder, Sarah H. Moore, T. Brent Hicks, Sheila P. Moody, and John C.H. Miller, Jr.*

Armstead Inge Selden, III, iselden@maynardcooper.com
Carl S. Burkhalter, cburkhalter@maynardcooper.com
Richard J. Davis, rdavis@maynardcooper.com
Steven L. McPheeters, smcpheeters@maynardcooper.com

Alan F. Enslen, aenslen@maynardcooper.com
Kathryn L. Dietrich, kdietrich@maynardcooper.com
MAYNARD COOPER & GALE PC
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, Alabama  35203
*Attorneys for the Note Underwriter Defendants and the Stock Underwriter Defendants*

Larry B. Childs, larry.childs@wallerlaw.com
William C. Athanas, bill.athanas@wallerlaw.com
WALLER LANSDEN DORTCH & DAVIS LLP
1901 Sixth Avenue North, Suite 1400
Birmingham, Alabama  35203

Walter Edgar McGowan, wem@glsmgn.com
GRAY LANGFORD SAPP McGOWAN GRAY, GRAY & NATHANSON, P.C.
P.O. Box 830239
Tuskegee, AL  36083-0239

Sheila Watters Sawyer, sheila.sawyer@wallerlaw.com
WALLER LANSDEN DORTCH & DAVIS LLP
511 Union Street
Suite 2700
Nashville, TN  37219

*Attorneys for Lewis E. Beville, William Britton, Jerry J. Chesser, Augustus K. Clements, III, Robert S. Craft, Patrick F. Dye, Hubert L. Harris, Jr., Clinton O. Holdbrooks, Deborah L. Linden, John Ed Mathison, Milton E. McGregor, Joseph D. Mussafer, William E. Powell, III, James W. Rane, Simuel Sippial, Jr., and Edward V. Welch*

                                KING & SPALDING LLP

| | |
|---|---|
| 1180 Peachtree Street, N.E. | */s/ Elizabeth V. Tanis* |
| Atlanta, Georgia 30309-3521 | Elizabeth V. Tanis  (Ga. Bar No. 697415) |
| Telephone:  (404) 572-4600 | etanis@kslaw.com; admitted *pro hac vice* |
| Facsimile: (404) 572-5140 | *Counsel for PricewaterhouseCoopers LLP* |

7